COOLEY GODWARD KRONISH LLP
WILLIAM S. FREEMAN (82002) (wfreeman@cooley.com)
NEAL J. STEPHENS (152071) (nstephens@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:      (650) 857-0663

Attorneys for Defendant
L. John Kern

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>     v.<br><br>ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. McFARLAND, LORI H. CORNMESSER,<br><br>               Defendants. | Case No. 3-06-CV-06384 (CRB)<br><br>**ANSWER OF L. JOHN KERN** |

## ANSWER

Defendant L. John Kern ("Kern") hereby answers the complaint ("Complaint") filed by plaintiff Securities and Exchange Commission (the "SEC") as set forth below.

    **1.**      Answering paragraphs 1 through 4, inclusive, of the Complaint, Kern denies the allegations therein.

    **2.**      Answering paragraph 5 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

    **3.**      Answering paragraphs 6 through 8, inclusive, of the Complaint, Kern denies the allegations therein.

/ / /

**4.**    Answering paragraph 9 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**5.**    Answering paragraph 10 of the Complaint, Kern admits the allegations therein.

**6.**    Answering paragraph 11 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**7.**    Answering paragraph 12 of the Complaint, Kern admits the allegations therein.

**8.**    Answering paragraph 13 of the Complaint, Kern denies the allegations therein.

**9.**    Answering paragraph 14 of the Complaint, Kern admits for purposes of this action that this Court has jurisdiction over this action.  Except as expressly admitted, Kern denies the allegations in paragraph 14.

**10.**    Answering paragraph 15 of the Complaint, Kern denies the allegations therein.

**11.**    Answering paragraph 16 of the Complaint, Kern admits for purposes of this action that venue is proper in this district, that he at one time worked in the Santa Clara, California office of Riverstone Networks, Inc. ("Riverstone"), and that he currently resides in San Mateo county.  Except as expressly admitted, Kern denies the allegations in paragraph 16.

**12.**    Answering paragraph 17 of the Complaint, Kern admits for purposes of this action that assignment to the San Jose Division is appropriate.  Except as expressly admitted, Kern denies the allegations in paragraph 17.

**13.**    Answering paragraphs 18 and 19 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**14.**    Answering paragraph 20 of the Complaint, Kern denies that he is a resident of Hillsborough, California and admits the remaining allegations in paragraph 20.

**15.**    Answering paragraphs 21 through 24, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**16.**    Answering paragraph 25 of the Complaint, Kern admits the allegations therein.

/ / /

/ / /

**CASE NO. 3-06-CV-06384 (CRB)**
**ANSWER OF L. JOHN KERN**

**17.**     Answering paragraphs 26 through 28, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**18.**     Answering paragraphs 29 through 32, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern.  As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**19.**     Answering paragraph 33 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**20.**     Answering paragraphs 34 through 36, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern.  As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**21.**     Answering paragraphs 37 through 46, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**22.**     Answering paragraph 47 of the Complaint, Kern denies all allegations pertaining to Kern.  As to all other allegations in paragraph 47, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**23.**     Answering paragraphs 48 through 56, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**24.**     Answering paragraphs 57 and 58 of the Complaint, Kern denies all allegations pertaining to Kern.  As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**25.**     Answering paragraphs 59 through 65, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

/ / /

/ / /

**26.** Answering paragraphs 66 through 70, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**27.** Answering paragraphs 71 through 73, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**28.** Answering paragraph 74 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in paragraph 74, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**29.** Answering paragraph 75 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**30.** Answering paragraphs 76 through 78, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**31.** Answering paragraph 79 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**32.** Answering paragraph 80 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in paragraph 80, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**33.** Answering paragraphs 81 and 82 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**34.** Answering paragraph 83 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in paragraph 83, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**35.** Answering paragraphs 84 through 86, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

/ / /

**36.** Answering paragraph 87 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in paragraph 87, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**37.** Answering paragraph 88 of the Complaint, Kern denies the allegations therein.

**38.** Answering paragraph 89 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**39.** Answering paragraph 90 of the Complaint, Kern denies the allegations therein.

**40.** Answering paragraph 91 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in paragraph 91, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**41.** Answering paragraph 92 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**42.** Answering paragraph 93 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in paragraph 93, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**43.** Answering paragraph 94 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**44.** Answering paragraphs 95 and 96 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**45.** Answering paragraph 97 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**46.** Answering paragraph 98 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in paragraph 98, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**47.** Answering paragraphs 99 and 100 of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

/ / /

**48.** Answering paragraph 101 of the Complaint, Kern reincorporates by reference herein his responses to paragraphs 1 through 100, inclusive, of the Complaint as set forth herein.

**49.** Answering paragraphs 102 through 106, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**50.** Answering paragraph 107 of the Complaint, Kern reincorporates by reference herein his responses to paragraphs 1 through 100, inclusive, of the Complaint as set forth herein.

**51.** Answering paragraphs 108 through 110, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**52.** Answering paragraph 111 of the Complaint, Kern reincorporates by reference herein his responses to paragraphs 1 through 100, inclusive, of the Complaint as set forth herein.

**53.** Answering paragraphs 112 and 113 of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**54.** Answering paragraph 114 of the Complaint, Kern reincorporates by reference herein his responses to paragraphs 1 through 100, inclusive, of the Complaint as set forth herein.

**55.** Answering paragraphs 115 through 117, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern. As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

**56.** Answering paragraph 118 of the Complaint, Kern reincorporates by reference herein his responses to paragraphs 1 through 100, inclusive, of the Complaint as set forth herein.

**57.** Answering paragraphs 119 through 121, inclusive, of the Complaint, Kern lacks information sufficient to form a belief as to the allegations therein, and, on that basis, denies those allegations.

**58.** Answering paragraph 122 of the Complaint, Kern reincorporates by reference herein his responses to paragraphs 1 through 100, inclusive, of the Complaint as set forth herein.

/ / /

6.

59.    Answering paragraphs 123 through 126, inclusive, of the Complaint, Kern denies all allegations pertaining to Kern.  As to all other allegations in those paragraphs, Kern lacks information sufficient to form a belief, and, on that basis, denies those allegations.

60.    Answering the paragraphs of the Complaint under the heading "PRAYER FOR RELIEF," Kern admits that the SEC purports to seek remedies in this action, but denies that the SEC is entitled to any relief against Kern whatsoever and therefore denies all of the allegations in the SEC's "PRAYER FOR RELIEF."

## AFFIRMATIVE DEFENSES

As and for his separate and affirmative defenses, Kern alleges as follows:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1.    The Complaint, and each and every allegation contained therein, fails to state any claim upon which relief may be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    The SEC is barred from obtaining any relief sought against Kern in the Complaint because each and every claim asserted against Kern is time-barred under the applicable statutes of limitations.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Privilege and Justification)

3.    The SEC is barred from obtaining any relief sought against Kern in the Complaint because the activities of Kern alleged in the Complaint were reasonable, privileged and justified.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Fault of Others)

4.    The SEC is barred from obtaining any relief sought in the Complaint because, to the extent that the SEC, Riverstone or any of its shareholders suffered any damage or injury as a result of the allegations in the Complaint, such damage or injury was not caused by Kern, but was caused by the intentional or negligent acts, omissions or misconduct of others.

7.    CASE NO. 3-06-CV-06384 (CRB)
ANSWER OF L. JOHN KERN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Acts of Third Parties)**

**5.**    The SEC is barred from obtaining any relief sought in the Complaint because, to the extent that the SEC, Riverstone or any of its shareholders suffered any damage or injury as a result of the allegations in the Complaint, such damage or injury was not caused by Kern, but was caused by the subsequent and intervening acts of third parties.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Good Faith)**

**6.**    The SEC is barred from obtaining any relief sought against Kern in the Complaint because, to the extent that any of the activities of Kern alleged in the Complaint occurred, such activities were undertaken in good faith.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Duress)**

**7.**    The SEC is barred from obtaining any relief sought against Kern in the Complaint because, to the extent that any of the activities of Kern alleged in the Complaint occurred, such activities were undertaken under duress.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(No Entitlement to Requested Relief)**

**8.**    The SEC's requests for civil penalties and for an order prohibiting Kern from serving as an officer or director of a public company are not authorized by law, and are therefore improper.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Defenses)**

**9.**    Kern is unable to ascertain at this time whether additional, but as-yet-unstated, affirmative defenses may be available.  Accordingly, Kern hereby reserves the right to assert additional affirmative defenses in the event that it becomes apparent after conducting discovery that such defenses are appropriate.

1
## **PRAYER FOR RELIEF**

2       **WHEREFORE,** Kern prays for judgment as follows:

3              **(a)**    That the Complaint be dismissed with prejudice and that judgment be

4    entered against the SEC and in favor of Kern with respect to each and every purported cause of

5    action, claim for relief or other demand or request for any relief set forth in the Complaint;

6              **(b)**    That Kern be awarded his costs of suit herein; and

7              **(c)**    For such other and further relief as may be just and proper.

8

9    Dated: December 11, 2006                    COOLEY GODWARD KRONISH LLP
                                                 WILLIAM S. FREEMAN (82002)
10                                               NEAL J. STEPHENS (152071)
                                                 ANGELA L. DUNNING (212047)
11

12
                                                              /s/
13                                               _____
                                                 Neal J. Stephens (152071)
14                                               Attorneys for Defendant
                                                 L. John Kern

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**PROOF OF SERVICE**
**(FRCP 5)**

3

    I am a citizen of the United States and a resident of the State of California.  I am

4

employed in Santa Clara County, State of California, in the office of a member of the bar of this

5

Court, at whose direction the service was made.  I am over the age of eighteen years, and not a

6

party to the within action.  My business address is Cooley Godward Kronish LLP, Five Palo Alto

7

Square, 3000 El Camino Real, Palo Alto, California  94306-2155.  On the date set forth below I

8

served the documents described below in the manner described below:

9

**ANSWER OF L. JOHN KERN**

10
11
12

☒    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

13
14
15

☐    (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

16
17
18

☐    (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

19
20
21

☐    (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

22

on the following part(ies) in this action:

23
24
25

Elliot R. Peters
Keker & Van Nest LLP
710 Sansome Street
San Francisco, California  94111

Frank R. Ubhaus
Berliner Cohen
Ten Almaden Boulevard, Suite 1100
San Jose, CA 95113-2233

Executed on December 11, 2006, at Palo Alto, California.

26
27
28

             /s/
          Catherine R. Galan