1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS (State Bar No. 158708)
2  RACHAEL E. MENY (State Bar No. 178514)
   SHANA N. STANTON (State Bar No. 217689)
3  QUYEN L. TA (State Bar No. 229956)
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendants
   ROMULUS S. PEREIRA
7  ROBERT B. STANTON

8

9

10

11            UNITED STATES DISTRICT COURT

12      NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

13

| 14 | SECURITIES AND EXCHANGE COMMISSION, | Case No. 06-CV-06384-CRB |
|---|---|---|
| 15 | Plaintiff, | **DEFENDANTS ROMULUS S. PEREIRA'S AND ROBERT B. STANTON'S NOTICE** |
| 16 | | **OF MOTIONS, MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND** |
| 17 | v. | **MOTION TO STRIKE CERTAIN ALLEGATIONS FROM PLAINTIFF'S** |
| 18 | ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. MCFARLAND, | **COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND** |
| 19 | LORI H. CORNMESSER, | **AUTHORITIES** |
| 20 | Defendant. | Date:  January 19, 2007 |
| 21 | | Time:  10:00 a.m. |
| 22 | | Courtroom: 8 |
| | | Judge: The Honorable Charles R. Breyer |

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF ISSUES TO BE DECIDED (Local Rule 7-4(a)(3))............................1

II.   INTRODUCTION ......................................................................................................1

III.  STATEMENT OF FACTS .........................................................................................2

IV.   ARGUMENT ............................................................................................................4

    A.    Each Cause of Action Should Be Dismissed Under Rules 12(b)(6) and
          9(b) Because The SEC Has Not Pled The Required High Degree of
          Specificity as to the Circumstances Surrounding *Each* Misstatement or
          Omission as to *Each* Defendant.............................................................................4

        1.    The First Cause of Action Fails Because Plaintiff Has Not Pled
              the Alleged Misrepresentations with Sufficient Particularity....................5

            a.    No Specific Facts are Alleged about Mr. Pereira or Mr.
                  Stanton in Sixteen of the Transactions.............................................6

                (i)    The Allegations Regarding Almost All
                       Transactions Do Not Even Mention Mr. Pereira ................6

                (ii)   The SEC Does Not Allege Any Specific Facts
                       as to Mr. Stanton Regarding Most Transactions.................7

                (iii)  The Vnetek Transaction Contains Vague,
                       Conclusory Allegations against Mr. Pereira and
                       Mr. Stanton ........................................................................8

            b.    The Allegations Characterizing the World Wide
                  Technology Transaction Have Not Been Pled with the
                  Requisite Particularity.......................................................................8

        2.    The Second, Fourth & Fifth Causes of Action Fail Because The
              SEC Has Not Specifically Alleged That Mr. Pereira or Mr.
              Stanton Aided or Abetted Anyone............................................................10

        3.    The Third Cause of Action Fails Because The SEC Has Not
              Adequately Alleged That Mr. Pereira or Mr. Stanton
              Knowingly Circumvented Riverstone's Internal Accounting
              Controls or Knowingly Falsified Its Books and Records ........................11

        4.    The Sixth Cause of Action Fails Because The SEC Has Not
              Adequately Pled that Mr. Pereira or Mr. Stanton Made
              Misstatements or Omissions to Accountants ...........................................13

    B.    If Each Cause of Action Is Not Dismissed, The Allegations
          Impertinent to Mr. Pereira and Mr. Stanton Should Be Stricken..........................15

V.    CONCLUSION.........................................................................................................15

i

385724.03

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Assoc. Gen. Contractors v. California State Council*,
459 U.S. 519 (1983)................................................................................9

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)................................................................................6

*Binder v. Gillespie*,
184 F.3d 1059 (9th Cir. 1999) ...............................................................5

*In re Daou Systems, Inc.*,
411 F.3d 1006 (9th Cir. 2005) .......................................................12, 14

*Fecht v. Price Co.*,
70 F.3d 1078 (9th Cir. 1995) ..............................................................6, 7

*In re GlenFed, Inc. Sec. Litig.*,
42 F.3d 1541 (9th Cir. 1994) ........................................................4, 5, 9

*Gordon v. Diagnostek, Inc.*,
812 F. Supp. 57 (E.D. Pa. 1993) ..........................................................10

*Gray v. First Winthrop Corp.*,
82 F.3d 877 (9th Cir. 1996) ...................................................................5

*Livid Holdings LTD v. Saloman Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) ..............................................................5, 6

*Lubin v. Sybedon Corp.*,
688 F. Supp. 1425 (N.D. Cal. 1988) ..........................................5, 11, 12

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989) ..........................................................6, 7, 8

*Neilson v. Union Bank of California, N.A.*,
290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...............................................10

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) .....................................................................4

*Parnes v. Gateway 2000, Inc.*,
122 F.3d 539 (8th Cir. 1997) .................................................................6

*Ponce v. SEC*,
345 F.3d 722 (9th Cir. 2003) ...............................................................10

*SEC v. Autocorp Equities, Inc.*,
292 F. Supp. 2d 1310 (D.Utah 2003) ...................................................13

ii

385724.03

1

**TABLE OF AUTHORITIES**
(cont'd)

2

**Page(s)**

3

*SEC v. Autocorp Equities, Inc.*,
   2004 WL. 1771608 (D.Utah Aug. 4, 2004) ..............................................13

4

*SEC v. Dauplaise*,
   2006 WL. 449175 (M.D. Fla. Feb. 22, 2006) ........................................12, 14

5

6

*SEC v. Falstaff Brewing Corp.*,
   629 F.2d 62 (D.C. Cir. 1980) ..............................................................10

7

*SEC v. Fehn*,
   97 F.3d 1276 (9th Cir. 1996) ..............................................................10

8

9

*SEC v. Morris*,
   2005 WL. 2000665 (S.D. Tex. Aug. 18, 2005) ......................................11

10

*SEC v. Savoy Industrial Inc.*,
   587 F.2d 1149 (D.C. Cir. 1978) ..........................................................10

11

12

*In re Silicon Graphics, Inc. Sec. Litigation*,
   970 F. Supp. 746 (N.D. Cal. 1997) ..............................................4, 5, 8

13

*Simpson v. AOL Time Warner, Inc.*,
   452 F.3d 1040 (9th Cir. 2006) ........................................................12, 14

14

15

*In re Storage Tech. Corp. Sec. Litigation*,
   147 F.R.D. 232 (D. Colo. 1993) ........................................................11

16

*Wright v. Schock*,
   517 F. Supp. 642 (N.D. Cal. 1983) ....................................................11

17

18

**OTHER AUTHORITY**

19

*In re Weeks, et al.*,
   Release No. 1999, 2002 WL. 169185 (Feb. 4, 2002) ..............................12

20

**FEDERAL STATUTES**

21

15 U.S.C. § 78j(b) ..............................................................................5

22

15 U.S.C. § 78m(b)(2) ........................................................................10

23

15 U.S.C. § 78m(b)(2)(B) ....................................................................10

24

15 U.S.C. § 78m(b)(5) ........................................................................12

25

15 U.S.C. § 78t(e) ........................................................................10, 12

26

17 C.F.R. § 240.10b-5 ..........................................................................5

27

17 C.F.R. § 240.13b2-1 ........................................................................12

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

1

**TABLE OF AUTHORITIES**
(cont'd)

2

<u>Page(s)</u>

3

17 C.F.R. § 240.13b2-2..................................................................................13, 14

4

Fed. R. Civ. P. 9(b) ..........................................................1, 2, 4-5, 10-12, 14

5

Fed. R. Civ. P. 12(b)(6)...........................................................................1, 2, 4

6

Fed. R. Civ. P. 12(f) ...............................................................................1, 2, 15

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

385724.03

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3           PLEASE TAKE NOTICE that on January 19, 2007 at 10:00 a.m., or as soon thereafter as

4  the matter may be heard, before the Honorable Charles R. Breyer, United States District Judge,

5  in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants

6  Romulus S. Pereira and Robert B. Stanton will move and hereby do move for an Order

7  dismissing the First through Sixth Claims for Relief in Plaintiff Securities and Exchange

8  Commission's Complaint for failure to state a claim upon which relief can be granted.

9  Defendants Pereira's and Stanton's Motion is made on the ground that the SEC's Complaint does

10  not state a claim against either of them under Fed. R. Civ. P. 12(b)(6), especially in light of the

11  heightened pleading standard established by Rule 9(b).  In the event that all claims are not

12  dismissed, Defendants also will, and hereby do, move to strike certain non-pertinent allegations

13  pursuant to Fed. R. Civ. P. 12(f).  This Motion is based on this Notice of Motion and Motion, the

14  Memorandum of Points and Authorities that follows, all pleadings and records on file in this

15  action, and any other arguments and evidence presented to this Court at or before the hearing on

16  this Motion.  By this Motion, Messrs. Pereira and Stanton request that the Court dismiss all

17  Claims for Relief against them with prejudice and, if all claims are not dismissed, to strike

18  certain non-pertinent allegations.

19

20

21

22

23

24

25

26

27

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

## **SUMMARY OF ARGUMENT**
### **(Per CRB Standing Order)**

All six claims pending against Mr. Pereira and Mr. Stanton sound in fraud, requiring Plaintiff to plead that each Defendant acted with fraudulent intent when he made the alleged statements and omissions.  These fraud-based claims against Mr. Pereira and Mr. Stanton should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for the following reasons:

1.      Plaintiff's first cause of action against Mr. Pereira and Mr. Stanton, alleging that they violated § 10(b) and Rule 10b-5, should be dismissed because it has failed to plead particularized facts establishing that Mr. Pereira or Mr. Stanton made any actionable misrepresentation or omission or that they did so with the required scienter.

2.      Plaintiff's second, fourth, and fifth claims against Mr. Pereira and Mr. Stanton, alleging that they aided and abetted Riverstone's violations of §§ 13(a), 13(b), and their accompanying rules, fail because Plaintiff has not pled specific facts demonstrating that Mr. Pereira or Mr. Stanton aided and abetted any of the underlying violations.

3.      Plaintiff's third cause of action against Mr. Pereira and Mr. Stanton, alleging that they knowingly circumvented Riverstone's system of internal accounting controls and falsified Riverstone's books and records, should be dismissed because Plaintiff does not plead the required particularized facts establishing that Mr. Pereira or Mr. Stanton knowingly circumvented such controls or falsified Riverstone's books and records.

4.      Plaintiff's sixth cause of action against Mr. Pereira and Mr. Stanton, alleging that they made material misstatements or omissions to their accountants in connection with audits or reviews, fails because the Complaint does not state specific facts demonstrating that Mr. Pereira or Mr. Stanton made such material misrepresentations or omissions to Riverstone's accountants.

In addition, if the Court does not dismiss all these claims, it should grant Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f) for the following reason:

1.      Federal Rule of Civil Procedure 12(f) authorizes the Court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  Here, most of the

1  SEC's allegations concern transactions for which Mr. Pereira and Mr. Stanton are not alleged to

2  have a role, or for which their roles have not been specifically pled.  Thus, as to Mr. Pereira and

3  Mr. Stanton, such allegations are immaterial and impertinent.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

385724.03

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED (Local Rule 7-4(a)(3))

Does Plaintiff's Complaint fail to state a claim against Mr. Pereira or Mr. Stanton with the particularity required by Federal Rules of Civil Procedure 12(b)(6) and 9(b)?  Should non-pertinent allegations be stricken pursuant to Fed. R. Civ. P. 12(f)?

### II.    INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") has spent over four years investigating the accounting and disclosure practices of Riverstone Networks, Inc. ("Riverstone").  *See* SEC's Complaint for Permanent Injunction and other Legal and Equitable Relief ("Compl.") ¶ 10.  The SEC has obtained literally millions of documents and questioned numerous witnesses under oath.  After its investigation, the SEC filed this lawsuit against six former employees of Riverstone, contending that Riverstone falsely reported its revenues during a one-year period of time and that all Defendants were aware of, or played a role in, this.[1] Defendants Romulus S. Pereira (Riverstone's former Chief Executive Officer) and Robert B. Stanton (Riverstone's former Chief Financial Officer) are the most senior officers named as Defendants, even though the Complaint lacks sufficient factual allegations as to them.

Despite the SEC's lengthy investigation, the instant Complaint alleges almost no facts about either Mr. Pereira or Mr. Stanton, other than to claim that they were senior officers at Riverstone.  *See* Compl. ¶¶ 18-19.  Indeed, although the SEC's claims are based upon 17 different transactions, the primary allegations regarding Mr. Pereira and Mr. Stanton are generalized assertions that they were involved in "side agreements" or transactions with purchasers.  *See, e.g., Id*. ¶ 2.  With respect to 14 of these 17 transactions, there are no specific factual allegations whatever concerning Mr. Pereira or Mr. Stanton.  With respect to the 3 remaining transactions, which contain at least some factual allegations naming Mr. Pereira or

---

[1]    Plaintiff brings suit against Romulus S. Pereira (Riverstone's former Chief Executive Officer, President, and Director); Robert B. Stanton (Riverstone's former Chief Financial Officer and Executive Vice President of Finance); L. John Kern (Riverstone's former Executive Vice President of Sales); Andrew D. Feldman (Riverstone's former Vice President of Marketing); Andrew W. McFarland (Riverstone's former Vice President of Financing); and Lori H. Cornmesser (Riverstone's former Director of Sales Operations and Manager of Sales).

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

385724.03

1  Mr. Stanton, the SEC still fails to plead such facts with the specificity required by Federal Rule

2  of Civil Procedure 9(b).

3  In lieu of the particularized facts required by the Federal Rules, the SEC attempts to plead

4  its claims using "quantity over quality," alleging numerous transactions and large revenue losses

5  against many Defendants but not providing the required, specific details that link Mr. Pereira or

6  Mr. Stanton to each transaction.  The SEC also resorts to vague boilerplate allegations about Mr.

7  Pereira's and Mr. Stanton's roles at Riverstone and purported participation in alleged

8  misrepresentations or misconduct by others, without pleading any facts to establish that either

9  knew about, or had reason to know about, others' alleged misconduct.  The SEC's approach to

10  pleading securities fraud here does not provide the required, particularized facts establishing

11  securities fraud and has been firmly rejected in this Circuit.  Given such inadequate allegations,

12  the Court should dismiss all six causes of action against Mr. Pereira and Mr. Stanton.

13  ### III.    STATEMENT OF FACTS[2]

14  The SEC's Complaint asserts six fraud-based claims against Mr. Pereira and Mr. Stanton

15  arising out of sales transactions that occurred between June 2001 and June 2002.  Compl. ¶ 1.

16  During this period, Mr. Pereira and Mr. Stanton were, respectively, Riverstone's Chief Executive

17  Officer and Chief Financial Officer, while the other named Defendants were less senior sales and

18  accounting employees.  *Id.* ¶¶ 18-23.  The SEC alleges in conclusory fashion that all the named

19  Defendants "negotiated, reviewed, approved, or were otherwise aware" of sales transactions that

20  "involved side agreements with purchasers."[3]  *Id.* ¶ 2.  The SEC similarly alleges that all

21  Defendants committed fraud by falsely reporting revenue, circumventing internal accounting

22  controls, falsifying Riverstone's books, records, or accounts, failing to devise, implement, and

23  maintain an adequate system of internal controls, and making misstatements or omissions to

24  Riverstone's accountants.  *Id.*  ¶¶ 3, 5-7, 32-37.

25

26  [2]    Facts are derived from Plaintiff's Complaint.  Although Mr. Pereira and Mr. Stanton dispute Plaintiff's version of facts, that dispute must await later stages of this litigation.

27  [3]    Under these side agreements, "the customer's payment for Riverstone product was contingent upon resale, or

28  the purchaser was granted full return, exchange, or cancellation rights" for which "Riverstone improperly recognized revenues under GAAP."  Compl. ¶ 2.

1    The SEC maintains that the alleged fraud occurred with respect to 17 transactions.

2    Compl. ¶¶ 38-56 ("The World Wide Technology Side Agreement"), ¶¶ 57-64 ("The Vnetek Side

3    Agreement"), ¶¶ 65-80 ("The Technica Side Agreement"), ¶¶ 81-90 ("The TM Telecom Side

4    Agreement"), ¶ 91 (13 "Additional Contingent Sales Improperly Recorded as Revenues").  Of

5    the 17 transactions, however, only 3 transactions contain any allegations that even mention Mr.

6    Pereira or Mr. Stanton, and none contain the required, particularized facts regarding them.

7        As to All Networks, the SEC only alleges that:

8        • "All Networks [had] $900,000 [in] improper revenues during the
           quarter…involving Stanton…" Compl. ¶ 91(h)
9
10       As to Vnetek, the SEC only alleges that:

11       • "The sales contingencies granted to Vnetek by Feldman were approved by
           Pereira, Stanton and MacFarland." Compl. ¶ 62.

12       • "…Pereira, Stanton caused Riverstone to recognize $ 1.5 million of revenues for
           the third quarter…" Compl. ¶ 63.
13
14       As to World Wide Technology the SEC only alleges that:

15       • "Feldman informed both Pereira and Stanton about the sell-through payment term
           prior to agreeing to it and Pereira specifically approved the term and instructed
           Feldman to close the WWT transaction…" Compl. ¶ 40
16
17       • "Pereira, Stanton and Feldman caused Riverstone to recognize $2.8 million of
           revenues for the quarter that ended September 1, 2001…" Compl. ¶ 44.

18       • "Alvendia informed Stanton, Feldman, and McFarland on October 2, 2001, that
           the inability to collect the amount owed by WWT…would have a major impact
19         on the aging of Riverstone's receivables." Compl. ¶ 45

20       • "…Alvendia sent an e-mail to Pereira, Stanton…stating that Riverstone gave
           WWT a sell-through payment term "as part of shipping $3M in revenue for the
21         qtr." Compl. ¶ 47

22       • "Soon after Pereira and Stanton were told by Alvendia of the sell-through
           payment term given to WWT, they both had conversations with her in which they
23         acknowledged that the WWT transaction was a problem." Compl. ¶ 48

24       • "…Pereira and Stanton signed Riverstone's Form 10-Q for the quarter ending
           September 1, 2001, which included all the revenues recorded from the WWT
25         transaction." Compl. ¶ 49

26       • "Pereira, Stanton, and McFarland took no action to reverse the improper revenues
           from the WWT transaction…" Compl. ¶ 50
27
28       • "…Pereira, Stanton, and McFarland…signed a representation letter to [KPMG
           LLP]…" and to Ernst & Young.  Compl. ¶¶ 52, 53

3

- "…Pereira signed a separate representation letter to [Ernst & Young] stating that he had no knowledge of any side agreements…" Compl. ¶ 54

- "Based on Pereira, Stanton, and McFarland's knowledge of the sell-through payment term…their representations and omissions to Riverstone's outside accountants were false and misleading." Compl. ¶ 55

All of the SEC's other allegations regarding these transactions either do not mention Mr. Pereira or Mr. Stanton or are generalized and non-specific, referring to "Defendants" or listing all Defendants, without alleging any specifics regarding Mr. Pereira or Mr. Stanton. *See e.g.,* Compl. ¶¶ 38-39, 41-44, 46, 56, 58-61, 64, 66-91(g), (i)-(m), 95-96, 98-99. The SEC also alleges that, while Riverstone's stock price was allegedly inflated due to its overstatement of revenues, Defendants purportedly "realized substantial profits from stock sales, bonuses, and other forms of compensation." *Id.* ¶¶ 8, 99-100.

## IV.    ARGUMENT

**A.    Each Cause of Action Should Be Dismissed Under Rules 12(b)(6) and 9(b) Because The SEC Has Not Pled The Required High Degree of Specificity as to the Circumstances Surrounding *Each* Misstatement or Omission as to *Each* Defendant.**

Under Federal Rule of Civil Procedure 12(b)(6), the Court should grant a motion to dismiss if a claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2003). To survive a motion to dismiss, allegations of fraud must also satisfy Federal Rule of Civil Procedure 9(b)'s requirement that "in all averments of fraud…the circumstances constituting fraud…shall be stated with particularity." Fed. R. Civ. 9(b); *see In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547 (9th Cir. 1994) (vacated and remanded on other grounds).

The legal requirements for alleging securities fraud are well-established. To allege fraud with particularity, the SEC must "set forth *more* than the neutral facts necessary to identify the transaction." *GlenFed,* 42 F.3d at 1548. Plaintiff must "allege fraud with enough particularity to give Defendants notice of the specific charges against them so that Defendants may respond to the charges." *In re Silicon Graphics, Inc. Sec. Litig.,* 970 F. Supp. 746, 752 (N.D. Cal. 1997); *see also Neubronner v. Milken,* 6 F.3d 666, 671-72 (9th Cir. 1993). Rule 9(b) also "requires that a Plaintiff plead with sufficient particularity attribution of the alleged misrepresentations or omissions to *each* defendant; the Plaintiff is obligated to distinguish among those they sue and

enlighten *each* defendant as to his or her part in the alleged fraud." *In re Silicon Graphics*, 970 F.Supp. at 752 (internal quotation and citation omitted, emphasis supplied); *see also Lubin v. Sybedon Corp.*, 688 F. Supp. 1425, 1443 (N.D. Cal. 1988) (finding plaintiff's "dragnet tactic of indiscriminately grouping all of the individual defendants into one wrongdoing monolith" failed to fulfill requirements of Rule 9(b)) (internal quotations omitted). Finally, to plead a particular omission or statement as actionable fraud, Plaintiff "must set forth what is false or misleading about a statement, and why it is false." *GlenFed,* 42 F.3d at 1548. Applying these legal principles, the Court should find that each of Plaintiff's six fraud-based claims fail to meet the requisite standards of particularity as to Mr. Pereira and Mr. Stanton.

### 1. The First Cause of Action Fails Because Plaintiff Has Not Pled the Alleged Misrepresentations with Sufficient Particularity.

The SEC's first cause of action alleges that Mr. Stanton and Mr. Pereira, along with three other Defendants, violated § 10(b) of the Exchange Act and Rule 10b-5.[4] Compl. ¶ 103. Liability under § 10(b) and Rule 10b-5 requires proof of "(1) a misrepresentation or omission (2) of material fact (3) made with scienter (4) on which the plaintiff justifiably relied (5) that proximately causes the [alleged] loss." *Gray v. First Winthrop Corp.,* 82 F.3d 877, 884 (9th Cir. 1996); *Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999). Claims brought under § 10(b) and Rule 10b-5 must meet the particularity requirements of Rule 9(b). *Livid Holdings LTD v. Saloman Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005). As the Ninth Circuit made clear in *GlenFed*, 42 F.3d at 1548, this requires Plaintiff to specifically identify "what is false or misleading about a statement, and why it is false." Here, however, the SEC has failed to plead with particularity any alleged misrepresentation or omission made by Mr. Pereira or Mr. Stanton

---

[4]    Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b), makes it unlawful "for any person…[t]o use or employ, in connection with the purchase or sale of any security…any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe[.]"

SEC Rule 10b-5, promulgated under the authority of § 10(b), in turn, provides that "[i]t shall be unlawful for any person (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5.

1 or that *each* made any misrepresentation or omission with the requisite scienter.  This cause of
2 action should be dismissed.[5]

3

### a.    No Specific Facts are Alleged about Mr. Pereira or Mr. Stanton in Sixteen of the Transactions

4

5 With regard to 16 of the 17 transactions identified in the SEC's Complaint, the SEC fails

6 to make even the slightest effort to "identif[y] the circumstances of the alleged fraud so that the

7 defendant[s] can prepare an adequate answer."  *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir.

8 1995) (citation omitted).  Indeed, to pursue a § 10(b) claim, the SEC must plead facts that

9 establish, at a minimum, "the time, place and nature of the alleged fraudulent activities" related

10 to each of the transactions alleged to be at issue.  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d

11 531, 540 (9th Cir. 1989).  The SEC's allegations about these 16 transactions, however, either fail

12 to mention Mr. Pereira and Mr. Stanton at all or are so vague and conclusory that it is difficult to

13 identify how either Mr. Pereira or Mr. Stanton were involved in these transactions, much less

14 identify the alleged misrepresentations or omissions that are required for an actionable § 10(b)

15 and Rule 10b-5 claim.  Such allegations simply do not create a § 10(b) claim against Mr. Pereira.

16

### (i)    The Allegations Regarding Almost All Transactions Do Not Even Mention Mr. Pereira

17

18 The SEC makes no mention of Mr. Pereira at all with regard to 15 of the 17 transactions

19 alleged in the Complaint.  In describing the Technica transaction, the SEC describes how other

20 Defendants allegedly "approved a side agreement granting Technica a sell-through payment term

---

21 [5]    The first claim should also be dismissed because the SEC has not alleged a "material representation," an
22 essential element of a § 10(b) and Rule 10b-5 claim.  *Livid Holdings LTD. v. Saloman Smith Barney, Inc.*, 416 F.3d
940, 946 (9th Cir. 2005) ("For purposes of a 10b-5 claim, a misrepresentation or omission is material if there is a
23 substantial likelihood that a reasonable investor would have acted differently if the misrepresentation had not been
made or the truth had been disclosed.") (citation omitted); *Basic Inc. v. Levinson*, 485 U.S. 224, 231-232 (1988)
24 ("[T]here must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the
reasonable investor as having significantly altered the 'total mix' of information made available").  Although the
25 SEC avers that between June 1, 2001 and June 2, 2002 defendants "caused" Riverstone to "improperly recognize at
least $29,613,000 in revenues," Compl. at ¶ 28, Mr. Pereira and Mr. Stanton were "involved," if at all, only with the
26 WWT Agreement, which was valued at $ 2.8 million, or 5.1% of the quarter's revenues. This amount is not
"material," and thus, the SEC has failed to plead one element of the first claim.  *See Parnes v. Gateway 2000, Inc.*,
27 122 F.3d 539, 547 (8th Cir. 1997) (The Defendants' alleged "overstatement of assets by $6.8 million was immaterial
as a matter of law" because "[t]aken in context, this amount represented only 2% of Gateway's total assets").  *But
28 see Livid Holdings Ltd*, 416 F.3d at 947 (A misrepresentation of a $24.2 million misrepresentation "radically altered
the picture of PCI's overall economic health and viability").

385724.03

1  and unlimited stock rotation rights…" but does not plead any facts regarding Mr. Pereira.

2  Compl. ¶¶ 65-80.  Similarly, in describing the TM Telecom transaction, the SEC makes

3  allegations against one other Defendant, L. John Kern, Riverstone's former executive vice

4  president ("Kern"), but never mentions Mr. Pereira.  *Id.* ¶¶ 81-90.  Lastly, in describing a

5  laundry list of 13 additional transactions,[6] the SEC alleges generally that these transactions

6  "involved" certain other Defendants but does not allege facts regarding Mr. Pereira.  *Id.* ¶ 91.

7  Thus, as to almost all of the transactions alleged in the SEC's Complaint, the SEC has not pled

8  any facts regarding Mr. Pereira, much less the required facts that would "identif[y] the

9  circumstances of the alleged fraud" and allow him to "prepare an adequate answer." *Fecht*, 70

10  F.3d at 1082.

11
           **(ii)    The SEC Does Not Allege Any Specific Facts as to Mr. Stanton**
12                   **Regarding Most Transactions.**

13          As to 15 of the 17 transactions alleged in the SEC's Complaint, the SEC either does not

14  allege any facts about Mr. Stanton or does not allege the required, specific facts about him.

15  Indeed, for the Technica and TM Telecom transactions, the SEC's allegations discuss other

16  Defendants but never mention Mr. Stanton.  Compl. ¶¶ 65-90.  Similarly, the SEC's laundry list

17  of 13 transactions included in paragraph 91 states nothing more than that Mr. Stanton "approved

18  or had knowledge of the following contingent sales for which Riverstone improperly recognized

19  revenues contrary to GAAP," without providing any specific allegations regarding any specific

20  transaction  *Id.* ¶ 91.  Indeed, there is only one transaction where the SEC specifically lists Mr.

21  Stanton's name in connection with that transaction (All Networks), but even as to that

22  transaction, the SEC only alleges that Mr. Stanton was "involve[ed]" in the transaction.  *Id.* at ¶

23  91(h).  Thus, the SEC has completely failed to plead the basic required facts regarding these

24  transactions, such as how Mr. Stanton was involved, the time, place, and nature of the

25  transactions, and what material misstatements were made.  *Moore*, 885 F.2d at 540.  Such

26  allegations do not create a § 10(b) claim against Mr. Stanton.

27  _____
        [6]     The thirteen transactions named in ¶ 91 are: Everbright, Keytron, Reon Broadband, Smartnet Technology Inc.,
28  ZTE Corporation, Spacnet, Landata Payama, S.A., All Networks, Commverge, Vodatel, KDC Corp., Solunet, Inc.,
    and Trispec.  Compl. ¶ 91(a)-(m).

1
2

### (iii) The Vnetek Transaction Contains Vague, Conclusory Allegations against Mr. Pereira and Mr. Stanton

3    Finally, the SEC alleges that Defendants signed a side agreement with Vnetek

4   Communications, Inc., "giving it full return rights and a sell-through payment term" which

5   violated "prohibited revenue recognition under GAAP." Compl. ¶¶ 60-61. The only allegations

6   against Mr. Pereira and Mr. Stanton regarding this transaction are that they "approved" the

7   "contingencies" at issue and that they "caused RS to recognize $ 1.5 million of revenues for the

8   third quarter." *Id.* ¶¶ 62-63. The SEC, however, fails to allege a single fact about how and when

9   Mr. Stanton or Mr. Pereira "approved" this transaction, what they knew about the transaction

10   when they approved it or how either "caused" Riverstone to recognize $1.5 million in revenues.

11   *Id.* Such bare allegations not only fail to "distinguish among those [the SEC] sue[s] and

12   enlighten *each defendant* as to his or her part in the alleged fraud," but also fail the "time, place,

13   and nature" mandate required to comply with Rule 9(b). *In re Silicon Graphics*, 970 F. Supp. at

14   752 (citation omitted); *Moore,* 885 F.2d at 540. Thus, the Vnetek transaction does not create a §

15   10(b) claim against Mr. Pereira or Mr. Stanton.

16
17

### b. The Allegations Characterizing the World Wide Technology Transaction Have Not Been Pled with the Requisite Particularity

18    Of the 17 transactions in the SEC's Complaint, there is only 1 transaction for which the

19   SEC makes more than the barest attempt to plead facts about Mr. Pereira or Mr. Stanton -- the

20   World Wide Technology transaction. *Id.* ¶¶ 38-56. Even here, however, the SEC's allegations

21   are deficient under Rule 9(b). These allegations are not only ambiguous, but they do not include

22   any facts establishing that Mr. Pereira or Mr. Stanton made any misstatements with scienter, *i.e.*,

23   that they knew the such statements were false or misleading *at the time* they were made. *Id.*

24    For the World Wide Technology transaction, the SEC alleges that Defendant Andrew

25   Feldman, Riverstone's former Vice President of Marketing, "informed both Pereira and Stanton

26   about the sell-through payment term prior to agreeing to it and that "Pereira specifically

27   approved the term." Compl. ¶ 40. The SEC fails, however, to allege when this occurred, how

28   either Mr. Pereira and Mr. Stanton were allegedly "informed" about the "sell-through payment

8

1    term," what either was actually told, and how they "approved" the term. *Id.* Furthermore,

2    although the SEC alleges that a Riverstone employee sent Mr. Pereira and Mr. Stanton (and

3    others) an e-mail "stating that Riverstone gave WWT a sell-through payment term…", notably

4    absent is the actual text of the e-mail or any description of what they were told about the term,

5    and any allegation that Mr. Pereira and Mr. Stanton actually received this e-mail or were

6    otherwise aware of its contents. *Id.* ¶ 46. Similarly, the SEC avers that this employee

7    "informed" Mr. Stanton that an "inability to collect the amount owed by WWT" would "have a

8    major impact on the aging of Riverstone's receivables," but does not allege facts demonstrating

9    that this inability to collect was imminent, likely, or anything else that would raise a concern

10   under the securities laws. *Id.* ¶ 45. Lastly, the SEC alleges that "Pereira and Stanton were told"

11   about a "sell term given to WWT," and that "they both had conversations with her in which they

12   acknowledged that the WWT transaction was a problem." *Id.* ¶ 48. The allegation, however,

13   fails to allege facts showing that the "problem" discussed was the same as the other matters

14   alleged regarding World Wide Technology or whether Mr. Pereira or Mr. Stanton knew that the

15   "problem" was not corrected. *Id.*

16          Based on the foregoing vague allegations, the SEC alleges that Mr. Pereira and Mr.

17   Stanton had "knowledge of the sell-through payment term," even though it has failed to plead

18   facts leading to the inference that Mr. Pereira or Mr. Stanton were aware of this term, that it

19   violated the securities laws, and that they made misrepresentations or omissions based on such

20   knowledge. *Id.* ¶ 54. In short, Plaintiff has failed to plead with particularity what omissions or

21   misstatements were made by Mr. Pereira or Mr. Stanton and that they made such misstatements

22   with the intent to defraud. Without pleading such basic facts, the SEC fails to plead, as they

23   must, "why the disputed statement[s] w[ere] untrue or misleading *when made*." (emphasis in

24   original). *GlenFed,* 42 F.3d at 1548-49. This is fatal because it is not proper for the Court to

25   assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have

26   violated the … laws in ways that have not been alleged." *Assoc. Gen. Contractors v. California*

27   *State Council*, 459 U.S. 519, 526 (1983). The World Wide Technology transaction does not

28   create a § 10(b) claim for Mr. Pereira or Mr. Stanton.

1    **2.    The Second, Fourth & Fifth Causes of Action Fail Because The SEC Has Not Specifically Alleged That Mr. Pereira or Mr. Stanton Aided or Abetted Anyone**

2

3    The SEC's second, fourth, and fifth claims allege that Mr. Pereira and Mr. Stanton aided

4    and abetted Riverstone's violations of § 13(a), § 13(b)(2)(A), and § 13(b)(2)(B)(ii), as well as

5    Rules 12b-20, 13a-1, 13a-13 (False SEC filings and False Books and Records Charges).  *Id.* ¶¶

6    109, 116, 120.[7]  In order to plead  that Mr. Pereira or Mr. Stanton aided and abetted Riverstone's

7    § 13 violations, the SEC must allege that (1) Riverstone committed a primary violation, (2)  Mr.

8    Pereira or Mr. Stanton provided substantial assistance to Riverstone's violation, and (2) Mr.

9    Pereira and Mr. Stanton had knowledge of Riverstone's own violation and of their role in

10   furthering it.  *Ponce v. SEC,* 345 F.3d 722, 737 (9th Cir. 2003); *SEC v. Fehn,* 97 F.3d 1276, 1288

11   (9th Cir. 1996); 15 U.S.C. § 78t(e).  Because Mr. Pereira and Mr. Stanton can only be liable for

12   aiding and abetting another's violation if they acted with knowledge, the aiding and abetting

13   claims must be pled with the particularity required to satisfy Rule 9(b).[8]  The SEC has not

14   sufficiently pled any facts establishing Mr. Pereira's or Mr. Stanton's knowledge, and thus, this

15   claim must be dismissed.

16   The SEC alleges that Mr. Pereira and Mr. Stanton "knowingly provided substantial

17   assistance to Riverstone" in improperly filing financial records and books and improperly

---

18   [7]    The second cause of action alleges violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1,

19   and 13a-13 (the "reporting provisions"), which require issuers of securities registered pursuant to § 12 of the Exchange Act, such as Riverstone, to file with the Commission accurate periodic and current reports. An issuer violates these provisions if it files a report that contains materially false or misleading information. *SEC v. Falstaff*

20   *Brewing Corp.,* 629 F.2d 62, 72 (D.C. Cir. 1980).  Rule 12b-20 similarly requires that these reports contain any material information necessary to make the required statements made in the reports not misleading. *See SEC v.*

21   *Savoy Indus. Inc.,* 587 F.2d 1149, 1167 (D.C. Cir. 1978).

22   The fourth cause of action, which alleges violations of § 13(b)(2)(A), requires companies to maintain books, records and accounts accurately and record transactions in conformity with GAAS (Generally Accepted Auditing

23   Standards). Section 13(b)(2) was codified as 15 U.S.C. § 78m(b)(2) (1996).

24   The fifth cause of action, which alleges violations of § 13(b)(2)(B), requires companies to have internal controls sufficient to assure that the company's transactions are properly recorded.  *See* 15 U.S.C. § 78m(b)(2)(B).  *See also*

25   *Ponce,* 345 F.3d at 735 (9th Cir. 2003).

26   [8]    *See* 15 U.S.C. § 78t(e) (requiring a defendant to act "knowingly"); *SEC v. Fehn,* 97 F.3d at 1295 (finding that section 78t(e) requires scienter); *Neilson v. Union Bank of California, N.A.,* 290 F. Supp. 2d 1101, 1131 (C.D. Cal.

27   2003) ("Where aiding and abetting is the gravamen of the claim, Rule 9(b) requires that the [C]omplaint . . . inform [the] defendant…what he did that constituted…substantial assistance.") (internal quotations and citations omitted);

28   *Gordon v. Diagnostek, Inc.,* 812 F. Supp. 57, 62 (E.D. Pa. 1993) ("[s]ubstantial participation in fraud must be

1   maintaining books, records, and accounts.  Compl. ¶¶ 109, 116, 120.  Substantial assistance

2   requires "significant and active, as well as knowing participation in the wrong."  *Wright v.*

3   *Schock,* 517 F.Supp. 642, 663 (N.D. Cal. 1983).  None of the SEC's aiding and abetting

4   allegations, however, plead facts detailing how, when, and why Mr. Pereira or Mr. Stanton

5   provided "substantial assistance" to Riverstone in committing the underlying violations.  *See Id.*

6   ¶¶ 107-110, 114-121.  Instead, each allegation merely restates the cause of action and groups the

7   Defendants together as "one wrongdoing monolith," rather than apprising each of his or her

8   alleged wrongdoing.  *Lubin,* 688 F. Supp. at 1443.  Such allegations of aiding and abetting are

9   unavailing.  Indeed, the SEC must set forth with particularity how *each* Defendant knowingly

10  participated in the alleged wrong, which it has failed to do in this instance.  In *SEC v. Morris*,

11  2005 WL 2000665, *9-10 (S.D. Tex. Aug. 18, 2005), the court dismissed the SEC's § 13 aiding

12  and abetting claims against the Chief Financial Officer of Corporation because it failed to allege

13  sufficient facts concerning Defendant's wrongdoing.[9]  Where, as here, even fewer facts are

14  alleged about the "substantial participation" and knowing behavior of either Mr. Pereira or Mr.

15  Stanton, the court should dismiss claims two, four, and five under Rules 12(b)(6) and 9(b).

16      **3.    The Third Cause of Action Fails Because The SEC Has Not Adequately**
17          **Alleged That Mr. Pereira or Mr. Stanton Knowingly Circumvented**
            **Riverstone's Internal Accounting Controls or Knowingly Falsified Its Books**
18          **and Records**

19      Plaintiff alleges in its third cause of action that Mr. Pereira and Mr. Stanton violated

20  Section 13(b)(5) of the Exchange Act by "knowingly circumventing Riverstone's system of

21  internal accounting controls" and Rule 13b2-1 by "knowingly falsif[ying], or caus[ing] to be

---

22  pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b)"); *In re Storage Tech. Corp. Sec. Litig.*,
23  147 F.R.D. 232, 234 (D. Colo. 1993) (requiring particularized aiding and abetting allegations).

24  [9]    The SEC alleged many more facts against defendant in the *Morris* case and the court still dismissed the aiding
    and abetting cause of action for failure to state a claim:

25  (1) "Morris was CFO and a licensed CPA who reviewed, signed and was responsible for the public filings of a
    prominent NYSE-traded company"; (2) "Morris knew that in 1998 the company implemented an accounting change
26  that enhanced pre-tax income by as much as 46.1%"; (3) "Morris knew that Halliburton disclosed its accounting for
    unapproved claims in prior annual reports, omitted any disclosure relating to the accounting of unapproved claims in
27  its 1998 Annual Report, and disclosed a new standard in its 1999 Annual Report which Morris knew was adopted
    during the previous fiscal year"; (4) "Morris violated multiple GAAP provision [sic] by failing to inform the

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

385724.03

falsified, Riverstone's books and records."[10]  *Id*. ¶ 112.  These are fraud-based claims, subject to Rule 9(b)'s particularity requirements because they clearly sound in fraud and because liability arises for defendants who *knowingly* circumvent or fail to implement an internal accounting control system or *knowingly* falsify or caused to be falsified, Riverstone's books and records.[11]

Although the SEC contends that Mr. Pereira and Mr. Stanton "knowingly circumvented Riverstone's system of internal accounting controls" and  "knowingly falsified Riverstone's books, records, or accounts," it does not specify how, when, or why Mr. Pereira or Mr. Stanton allegedly circumvented the control system and what controls were circumvented – thereby violating Rule 9(b).  *See* Compl. ¶¶ 5, 7, 112.  Similarly, the SEC fails to plead how, when, or why Mr. Pereira or Mr. Stanton falsified any book, record or account.  *Id; See, e.g., SEC v. Dauplaise,* 2006 WL 449175, *8 (M.D. Fla. 2006) (The SEC must allege "how [defendant's] actions affected any of Bio One's books, records or accounts.").  Without such facts, this claim should be dismissed.

Additionally, even though the SEC makes numerous allegations against Mr. Pereira and Mr. Stanton as to this claim, every single allegation "indiscriminately group[s] all of the individual defendants into one wrongdoing monolith," which violates the specificity requirements of Rule 9(b).  *Lubin,*  688 F. Supp. at 1443.  *See, e.g.,*  Compl. ¶ 5 ("*Pereira, Stanton, and McFarland...*failed to devise, implement, and maintain an adequate system of

---

investing public of the accounting change"; (6) "When Morris finally decided to disclose the change, it was misleading".  *Morris* 2005 WL 2000665, *9.

[10]   Section 13(b)(5) provides that "[n]o person shall knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in paragraph (2)." 15 U.S.C. § 78m(b)(5). Rule 13b2-1 provides that "[n]o person shall directly or indirectly, falsify or cause to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Securities Exchange Act." 17 C.F.R. § 240.13b2-1.  One court has stated that the text of "[U.S.C. § 78m(5)]" contemplates three different ways in which it may be violated: (i) a defendant knowingly circumvents an existing system of accounting controls; (ii) a defendant knowingly fails to implement a system of accounting controls; or (iii) a defendant knowingly falsifies a relevant corporate book or record."  *SEC v. Nacchio*,  438 F.Supp.2d 1266, 1283 (D.Colo. 2006) (citing statute).

[11]   *See* 15 U.S.C. § 78m(b)(5) (emphasis supplied); 17 C.F.R. § 240.13b2-1.  *See In re Weeks, et al.,* Release No. 1999, 2002 WL 169185 at *49 (Feb. 4, 2002) (finding that "[s]center is required to establish a violation of § 13(b)(5)");  *Simpson v. AOL Time Warner, Inc.,* 452 F.3d 1040, 1046 (9th Cir. 2006) ("all allegations of deceptive conduct are generally subject to Federal Rule of Civil Procedure 9(b)"); *In re Daou Systems, Inc.,* 411 F.3d 1006, 1027 (9th Cir. 2005) (Even if a statutory provision of the securities law "does not contain an element of fraud, a [P]laintiff may nonetheless be subject to particularity mandate [for pleading fraud] if his [C]omplaint sounds in fraud") (internal quotations omitted).

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

1   internal accounting controls…"); ¶ 7 ("*each of the Defendants* circumvented the internal

2   accounting controls…and falsified Riverstone's books, records, and accounts"); ¶ 94  ("*Pereira,*

3   *Stanton, and McFarland*…failed to correct Riverstone's books, records, and accounts…"); ¶ 97

4   ("*Pereira, Stanton, and McFarland* ... failed to take adequate steps to rectify [internal control

5   weaknesses]"); ¶ 98 ("*Each of the Defendants* … was responsible for falsification of

6   Riverstone's accounting records or knowingly circumvented the accounting policies …"); ¶ 112

7   ("…*Pereira, Stanton, Kern, Feldman, McFarland, and Cornmesser* knowingly circumvented

8   Riverstone's system of internal accounting controls … knowingly falsified Riverstone's books,

9   records, or accounts…") (emphasis supplied).  Not one allegation against Mr. Pereira or Mr.

10  Stanton adequately gives notice to *each* of his individual wrongdoing.  Without pleading

11  particular facts as to Mr. Pereira or Mr. Stanton, Plaintiff's third claim fails to satisfy Rule 9(b)

12  and should be dismissed.

13          **4.      The Sixth Cause of Action Fails Because The SEC Has Not Adequately Pled**
                      **that Mr. Pereira or Mr. Stanton Made Misstatements or Omissions to**
14                    **Accountants**

15          In their sixth claim, the SEC alleges that Mr. Pereira and Mr. Stanton violated SEC Rule

16  13b2-2, which forbids officers and directors of issuing companies from making material

17  misstatements or omissions to accountants in connection with audits or reviews or other

18  documents required to be filed with the SEC.  *See* 17 C.F.R. § 240.13b2-2[12]; *see also SEC v.*

19  *Autocorp Equities, Inc.*, 292 F.Supp.2d 1310, 1332 (D.Utah  2003) ("Rule 13b-2 makes it illegal

20  for an officer to mislead auditors and accountants."); *SEC v. Autocorp Equities, Inc.*, 2004 WL

21  1771608 at *6 (D.Utah Aug. 4, 2004) ("Rule 13b2-2 … imposes a duty on corporate officers to

---

[12]    Rule 13b2-2 states in relevant part:

(a) No director or officer of an issuer shall, directly or indirectly:

(1) Make or cause to be made a materially false or misleading statement to an accountant in connection with; or

(2) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

(i) Any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or

(ii) The preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise. 17 C.F.R. § 240.13b2-2.

13

1    clarify previous statements that are misleading in the absence of some material fact.").

2    Plaintiff's sixth claim is subject to Rule 9(b) because it sounds in fraud and alleges deceptive

3    conduct.[13]  Plaintiff, however, fails to assert necessary facts to support this claim under Rule

4    9(b).

5           Plaintiff alleges that Mr. Pereira and Mr. Stanton, along with other Defendants ("Kern,

6    Feldman, and McFarland"), "directly or indirectly" made "materially false or misleading

7    statements … to an accountant in connection with the audit or examination of Riverstone's

8    financial statements," thereby violating Rule 13b2-2 of the  Exchange Act.  17 C.F.R.

9    § 240.13b2-2 ("Rule 13b2-2").  Compl. at ¶ 123.  The SEC fails to identify which

10    misrepresentations or omissions were made to accountants, and when or why Mr. Pereira or Mr.

11    Stanton made such misrepresentations or omissions.  Without such details, the SEC's allegation

12    of fraud under this Exchange Act rule rings hollow.  *Compare SEC v. Dauplaise*,  2006 WL

13    449175, *8 (M.D.Fla. Feb. 22, 2006) (Plaintiff pleads sufficient details, such as when he

14    remained silent during a conference call with Bio One's accountant during which call another

15    individual made material misrepresentations to the accountant; and, as a result, the Form 8-K

16    contained the misleading statement that Bio One was delinquent in its obligation to the

17    Nesrallahs, rather than stating that Bio One had defaulted).

18           As with their Third Claim for Relief, Plaintiff again attempts to circumvent Rule 9(b)'s

19    particularity requirements by "rounding up all the usual suspects" in its allegations, rather than

20    alleging specific facts against each Defendant.  *See, e.g.,*  Compl. ¶ 6 ("*Pereira, Stanton, Kern,*

21    *Feldman, and McFarland*…made or caused misstatements and omissions to Riverstone's

22    accountants"); ¶¶ 52-54 (*Pereira, Stanton, and McFarland* signed representation letters to

23    accountants); ¶ 123 ("*Pereira, Stanton, Kern, Feldman, and McFarland*" violated Exchange Act

24    Rule 13b-2) (emphasis supplied).  Because Plaintiff fails to comply with Rule 9(b) by specifying

25

26

---

27   [13]   *See Simpson,* 452 F.3d at 1046 ("all allegations of deceptive conduct are generally subject to Federal Rule of Civil Procedure 9(b)"); *In re Daou Systems, Inc.,* 411 F.3d at 1027  (Even if a statutory provision of securities law

28   "does not contain an element of fraud, a [P]laintiff may nonetheless be subject to particularity mandate [for pleading fraud] if his [C]omplaint sounds in fraud") (internal quotations omitted).

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

385724.03

1  how Mr. Pereira or Mr. Stanton *each* allegedly made misstatements to Riverstone's accountants,

2  including when or why this occurred, the sixth claim should be dismissed.

3  **B.    If Each Cause of Action Is Not Dismissed, The Allegations Impertinent to Mr.**
4  **Pereira and Mr. Stanton Should Be Stricken.**

5  As noted above, in the event that the Court does not dismiss the Complaint, Mr. Pereira

6  and Mr. Stanton request that the Court strike the allegations regarding each of the transactions

7  that fail to plead any of the required facts as to them.  Compl. ¶¶ 57-91.  In the absence of any

8  purported factual basis whatever to name Mr. Pereira or Mr. Stanton in a Complaint alleging

9  fraud, one is forced to conclude that the conclusory allegations of fraud regarding those sixteen

10  transactions as to Mr. Pereira and Mr. Stanton are "redundant, immaterial, impertinent, or

11  scandalous."  Fed. R. Civ. P. 12(f).

12  **V.    CONCLUSION**

13  For the reasons stated above, Plaintiff has not pled particularized facts required to

14  establish its six fraud-based claims against Mr. Pereira or Mr. Stanton.  Accordingly, the Court

15  should dismiss all causes of action against Mr. Pereira and Mr. Stanton.

16  Respectfully Submitted,

17  Dated:  December 11, 2006

18

19  By: _____

20  ELLIOT R. PETERS
   KEKER & VAN NEST

21  710 Sansome Street
   San Francisco, CA 94111-1704

22  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188

23  Attorneys for Defendants

24  ROMULUS S. PEREIRA
   ROBERT B. STANTON

25

26

27

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB