DAVID PRIEBE (State Bar No. 148679)
david.priebe@dlapiper.com
DAVID BANIE (State Bar No. 217924)
david.banie@dlapiper.com
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

NICOLAS MORGAN (State Bar No. 166441)
nicolas.morgan@dlapiper.com
**DLA PIPER US LLP**
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6022
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant WILLIAM F. McFARLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. MCFARLAND, LORI H. CORNMESSER,<br><br>*Defendants*. | CASE NO. C 06-6384 CRB<br><br>**ANSWER OF WILLIAM McFARLAND** |

Defendant William F. McFarland ("McFarland") hereby answers the Complaint as follows. Paragraph numbers in this document correspond to the paragraph numbers of the Complaint and respond to the allegations of that paragraph, up to the Affirmative Defenses section of this document.

For each paragraph, if an allegation is not explicitly admitted, it is denied.

1.   To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland admits that from August 2001 through June 2002, he served as a vice president of finance for Riverstone Networks, Inc. ("Riverstone"). McFarland admits that Riverstone was a public company whose securities were traded on the NASDAQ national market. McFarland denies the remaining allegations of this paragraph.

2.   To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

3.   To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

4.   To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

5.   To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

6.   To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

7.   To the extent the allegations of this paragraph are directed to parties other than

1  McFarland, no response from McFarland is required; to the extent a response is deemed

2  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies

3  them.  McFarland denies the remaining allegations of this paragraph.

4      8.    To the extent the allegations of this paragraph are directed to parties other than

5  McFarland, no response from McFarland is required; to the extent a response is deemed

6  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies

7  them.  McFarland admits that he did not realize any profits from stock sales, bonuses, and other

8  forms of compensation arising out of any alleged artificial inflation to Riverstone's stock price

9  due to any alleged overstatement of revenues.  McFarland denies the remaining allegations of this

10  paragraph.

11      9.    McFarland lacks information and belief as to the allegations of this paragraph, and

12  on that basis denies them.

13      10.    McFarland lacks information and belief as to the allegations of this paragraph, and

14  on that basis denies them.

15      11.    McFarland lacks information and belief as to the allegations of this paragraph, and

16  on that basis denies them.

17      12.    McFarland admits that on August 27, 2003, Riverstone filed with the Securities

18  and Exchange Commission ("SEC" or "Plaintiff") an amended Current Report on Form 8-K/A,

19  which speaks for itself.  McFarland lacks information and belief as to the remaining allegations of

20  this paragraph, and on that basis denies them.

21      13.    McFarland admits that Plaintiff purports to base its Complaint on the statutes cited

22  in this paragraph.  McFarland denies the remaining allegations of this paragraph.

23      14.    McFarland admits that the Court presently has jurisdiction over this action

24  pursuant to the cited statutes.  McFarland denies the remaining allegations of this paragraph.

25      15.    To the extent the allegations of this paragraph are directed to parties other than

26  McFarland, no response from McFarland is required; to the extent a response is deemed

27  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies

28  them.  McFarland denies the remaining allegations of this paragraph.

16.   To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.  McFarland admits that this district is appropriate for venue under the cited statute.  McFarland admits that he previously worked in Riverstone's principal office in Santa Clara, California.  McFarland admits that he resides within this district in Santa Clara County.  McFarland denies the remaining allegations of this paragraph

17.   McFarland admits that intra-district assignment to the San Jose Division is proper.  McFarland denies the remaining allegations of this paragraph.

18.   McFarland admits that, according to Riverstone's public filings, Romulus S. Pereira served as chief executive officer, president, and as a director of Riverstone.  McFarland lacks information and belief as to the remaining allegations of this paragraph, and on that basis denies them.

19.   McFarland admits that, according to Riverstone's public filings, Robert B. Stanton served as Riverstone's chief financial officer and executive vice president of finance.  McFarland lacks information and belief as to the remaining allegations of this paragraph, and on that basis denies them.

20.   McFarland admits that, according to Riverstone's public filings, L. John Kern served as Riverstone's executive vice president of worldwide sales and service.  McFarland lacks information and belief as to the remaining allegations of this paragraph, and on that basis denies them.

21.   McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

22.   McFarland admits that as of the date of the filing of the Complaint, he was 54 years old and a resident of Campbell, California.  McFarland admits that he served as a vice president of finance at Riverstone from August 2001 until June 2003, at which time he had certain responsibilities with respect with respect to Riverstone's accounting function.  McFarland denies the remaining allegations of this paragraph.

23. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

24. McFarland admits that Riverstone Networks, Inc. was a Delaware corporation with its principal office in Santa Clara, California. McFarland admits that during the relevant period, Riverstone's stock was registered with the SEC pursuant to the cited statute.

25. Admitted.

26. This paragraph states a legal conclusion to which no response is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.

27. This paragraph states a legal conclusion to which no response is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.

28. This paragraph states a legal conclusion to which no response is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.

29. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

30. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

31. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

32. To the extent the allegations of this paragraph are directed to parties other than

1  McFarland, no response from McFarland is required; to the extent a response is deemed
2  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
3  them. McFarland denies the remaining allegations of this paragraph.
4      33.    To the extent the allegations of this paragraph are directed to parties other than
5  McFarland, no response from McFarland is required; to the extent a response is deemed
6  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
7  them. McFarland denies the remaining allegations of this paragraph.
8      34.    To the extent the allegations of this paragraph are directed to parties other than
9  McFarland, no response from McFarland is required; to the extent a response is deemed
10 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
11 them. McFarland denies the remaining allegations of this paragraph.
12     35.    To the extent the allegations of this paragraph are directed to parties other than
13 McFarland, no response from McFarland is required; to the extent a response is deemed
14 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
15 them. McFarland denies the remaining allegations of this paragraph.
16     36.    To the extent the allegations of this paragraph are directed to parties other than
17 McFarland, no response from McFarland is required; to the extent a response is deemed
18 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
19 them. McFarland denies the remaining allegations of this paragraph.
20     37.    McFarland lacks information and belief as to the allegations of this paragraph, and
21 on that basis denies them.
22     38.    McFarland lacks information and belief as to the allegations of this paragraph,
23 and on that basis denies them.
24     39.    McFarland lacks information and belief as to the allegations of this paragraph, and
25 on that basis denies them.
26     40.    McFarland lacks information and belief as to the allegations of this paragraph, and
27 on that basis denies them.
28     41.    McFarland lacks information and belief as to the allegations of this paragraph, and

1  on that basis denies them.

2  42.  McFarland lacks information and belief as to the allegations of this paragraph, and
3  on that basis denies them.

4  43.  McFarland lacks information and belief as to the allegations of this paragraph, and
5  on that basis denies them.

6  44.  McFarland lacks information and belief as to the allegations of this paragraph, and
7  on that basis denies them.

8  45.  To the extent the allegations of this paragraph are directed to parties other than
9  McFarland, no response from McFarland is required; to the extent a response is deemed
10 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
11 them.  McFarland denies the remaining allegations of this paragraph.

12 46.  To the extent the allegations of this paragraph are directed to parties other than
13 McFarland, no response from McFarland is required; to the extent a response is deemed
14 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
15 them.  McFarland denies the remaining allegations of this paragraph.

16 47.  McFarland lacks information and belief as to the allegations of this paragraph, and
17 on that basis denies them.

18 48.  McFarland lacks information and belief as to the allegations of this paragraph, and
19 on that basis denies them.

20 49.  McFarland lacks information and belief as to the allegations of this paragraph, and
21 on that basis denies them.

22 50.  To the extent the allegations of this paragraph are directed to parties other than
23 McFarland, no response from McFarland is required; to the extent a response is deemed
24 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
25 them.  McFarland denies the remaining allegations of this paragraph.

26 51.  McFarland lacks information and belief as to the allegations of this paragraph, and
27 on that basis denies them.

28 52.  McFarland lacks information and belief as to the allegations of this paragraph, and

1 | on that basis denies them.

2 |     53.    McFarland lacks information and belief as to the allegations of this paragraph, and
3 | on that basis denies them.

4 |     54.    McFarland lacks information and belief as to the allegations of this paragraph, and
5 | on that basis denies them.

6 |     55.    To the extent the allegations of this paragraph are directed to parties other than
7 | McFarland, no response from McFarland is required; to the extent a response is deemed
8 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
9 | them. McFarland denies the remaining allegations of this paragraph.

10 |     56.    McFarland lacks information and belief as to the allegations of this paragraph, and
11 | on that basis denies them.

12 |     57.    McFarland lacks information and belief as to the allegations of this paragraph, and
13 | on that basis denies them.

14 |     58.    McFarland lacks information and belief as to the allegations of this paragraph, and
15 | on that basis denies them.

16 |     59.    McFarland lacks information and belief as to the allegations of this paragraph, and
17 | on that basis denies them.

18 |     60.    McFarland lacks information and belief as to the allegations of this paragraph, and
19 | on that basis denies them.

20 |     61.    McFarland lacks information and belief as to the allegations of this paragraph, and
21 | on that basis denies them.

22 |     62.    To the extent the allegations of this paragraph are directed to parties other than
23 | McFarland, no response from McFarland is required; to the extent a response is deemed
24 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
25 | them. McFarland denies the remaining allegations of this paragraph.

26 |     63.    To the extent the allegations of this paragraph are directed to parties other than
27 | McFarland, no response from McFarland is required; to the extent a response is deemed
28 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies

1  them. McFarland denies the remaining allegations of this paragraph.

2       64.    McFarland lacks information and belief as to the allegations of this paragraph, and
3  on that basis denies them.

4       65.    McFarland lacks information and belief as to the allegations of this paragraph, and
5  on that basis denies them.

6       66.    To the extent the allegations of this paragraph are directed to parties other than
7  McFarland, no response from McFarland is required; to the extent a response is deemed
8  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
9  them. McFarland denies the remaining allegations of this paragraph.

10       67.    McFarland lacks information and belief as to the allegations of this paragraph, and
11  on that basis denies them.

12       68.    McFarland lacks information and belief as to the allegations of this paragraph, and
13  on that basis denies them.

14       69.    McFarland lacks information and belief as to the allegations of this paragraph, and
15  on that basis denies them.

16       70.    McFarland lacks information and belief as to the allegations of this paragraph, and
17  on that basis denies them.

18       71.    To the extent the allegations of this paragraph are directed to parties other than
19  McFarland, no response from McFarland is required; to the extent a response is deemed
20  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
21  them. McFarland denies the remaining allegations of this paragraph.

22       72.    Denied.

23       73.    Denied.

24       74.    To the extent the allegations of this paragraph are directed to parties other than
25  McFarland, no response from McFarland is required; to the extent a response is deemed
26  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
27  them. McFarland denies the remaining allegations of this paragraph.

28       75.    McFarland lacks information and belief as to the allegations of this paragraph, and

1  on that basis denies them.

2  76.    McFarland lacks information and belief as to the allegations of this paragraph, and
3  on that basis denies them.

4  77.    McFarland lacks information and belief as to the allegations of this paragraph, and
5  on that basis denies them.

6  78.    McFarland lacks information and belief as to the allegations of this paragraph, and
7  on that basis denies them.

8  79.    Denied.

9  80.    To the extent the allegations of this paragraph are directed to parties other than
10 McFarland, no response from McFarland is required; to the extent a response is deemed
11 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
12 them. McFarland denies the remaining allegations of this paragraph.

13 81.    McFarland lacks information and belief as to the allegations of this paragraph, and
14 on that basis denies them.

15 82.    McFarland lacks information and belief as to the allegations of this paragraph, and
16 on that basis denies them.

17 83.    McFarland lacks information and belief as to the allegations of this paragraph, and
18 on that basis denies them.

19 84.    McFarland lacks information and belief as to the allegations of this paragraph, and
20 on that basis denies them.

21 85.    McFarland lacks information and belief as to the allegations of this paragraph, and
22 on that basis denies them.

23 86.    McFarland lacks information and belief as to the allegations of this paragraph, and
24 on that basis denies them.

25 87.    McFarland lacks information and belief as to the allegations of this paragraph, and
26 on that basis denies them.

27 88.    McFarland lacks information and belief as to the allegations of this paragraph, and
28 on that basis denies them.

1  89. McFarland lacks information and belief as to the allegations of this paragraph, and
2  on that basis denies them.

3  90. McFarland lacks information and belief as to the allegations of this paragraph, and
4  on that basis denies them.

5  91. To the extent the allegations of this paragraph are directed to parties other than
6  McFarland, no response from McFarland is required; to the extent a response is deemed
7  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
8  them. McFarland denies the remaining allegations of this paragraph.

9  92. Denied.

10  93. To the extent the allegations of this paragraph are directed to parties other than
11  McFarland, no response from McFarland is required; to the extent a response is deemed
12  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
13  them. McFarland denies the remaining allegations of this paragraph.

14  94. To the extent the allegations of this paragraph are directed to parties other than
15  McFarland, no response from McFarland is required; to the extent a response is deemed
16  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
17  them. McFarland denies the remaining allegations of this paragraph.

18  95. McFarland lacks information and belief as to the allegations of this paragraph, and
19  on that basis denies them.

20  96. McFarland lacks information and belief as to the allegations of this paragraph, and
21  on that basis denies them.

22  97. To the extent the allegations of this paragraph are directed to parties other than
23  McFarland, no response from McFarland is required; to the extent a response is deemed
24  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
25  them. McFarland denies the remaining allegations of this paragraph.

26  98. To the extent the allegations of this paragraph are directed to parties other than
27  McFarland, no response from McFarland is required; to the extent a response is deemed
28  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies

1  them.  McFarland denies the remaining allegations of this paragraph.

2      99.    To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.  McFarland admits that he did not sell Riverstone stock at artificially inflated prices, nor did he receive additional compensation as a result of any illegal conduct.  McFarland denies the remaining allegations of this paragraph.

    100.    To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.  McFarland denies the remaining allegations of this paragraph.

    101.    McFarland incorporates by reference his responses to paragraphs 1 through 100 above.

    102.    To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.  McFarland denies the remaining allegations of this paragraph.

    103.    To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.  McFarland denies the remaining allegations of this paragraph.

    104.    McFarland lacks information and belief as to the allegations of paragraph 104, and on that basis denies them.

    105.    McFarland lacks information and belief as to the allegations of paragraph 105, and on that basis denies them.

    106.    McFarland lacks information and belief as to the allegations of paragraph 106, and on that basis denies them.

    107.    McFarland incorporates by reference his responses to paragraphs 1 through 100

1  above.

2  108.  McFarland lacks information and belief as to the allegations of paragraph 108, and
3  on that basis denies them.

4  109.  To the extent the allegations of this paragraph are directed to parties other than
5  McFarland, no response from McFarland is required; to the extent a response is deemed
6  necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
7  them.  McFarland denies the remaining allegations of this paragraph.

8  110.  To the extent the allegations of this paragraph are directed to parties other than
9  McFarland, no response from McFarland is required; to the extent a response is deemed
10 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
11 them.  McFarland denies the remaining allegations of this paragraph.

12 111.  McFarland incorporates by reference his responses to paragraphs 1 through 100
13 above.

14 112.  To the extent the allegations of this paragraph are directed to parties other than
15 McFarland, no response from McFarland is required; to the extent a response is deemed
16 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
17 them.  McFarland denies the remaining allegations of this paragraph.

18 113.  To the extent the allegations of this paragraph are directed to parties other than
19 McFarland, no response from McFarland is required; to the extent a response is deemed
20 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
21 them.  McFarland denies the remaining allegations of this paragraph.

22 114.  McFarland incorporates by reference his responses to paragraphs 1 through 100
23 above.

24 115.  McFarland lacks information and belief as to the allegations of paragraph 115, and
25 on that basis denies them.

26 116.  To the extent the allegations of this paragraph are directed to parties other than
27 McFarland, no response from McFarland is required; to the extent a response is deemed
28 necessary, McFarland lacks information and belief as to these allegations, and on that basis denies

1 | them. McFarland denies the remaining allegations of this paragraph.

2 |     117.    To the extent the allegations of this paragraph are directed to parties other than
3 | McFarland, no response from McFarland is required; to the extent a response is deemed
4 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
5 | them. McFarland denies the remaining allegations of this paragraph.

6 |     118.    McFarland incorporates by reference his responses to paragraphs 1 through 100
7 | above.

8 |     119.    McFarland lacks information and belief as to the allegations of paragraph 119, and
9 | on that basis denies them.

10 |     120.    To the extent the allegations of this paragraph are directed to parties other than
11 | McFarland, no response from McFarland is required; to the extent a response is deemed
12 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
13 | them. McFarland denies the remaining allegations of this paragraph.

14 |     121.    To the extent the allegations of this paragraph are directed to parties other than
15 | McFarland, no response from McFarland is required; to the extent a response is deemed
16 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
17 | them. McFarland denies the remaining allegations of this paragraph.

18 |     122.    McFarland incorporates by reference his responses to paragraphs 1 through 100
19 | above.

20 |     123.    To the extent the allegations of this paragraph are directed to parties other than
21 | McFarland, no response from McFarland is required; to the extent a response is deemed
22 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
23 | them. McFarland denies the remaining allegations of this paragraph.

24 |     124.    To the extent the allegations of this paragraph are directed to parties other than
25 | McFarland, no response from McFarland is required; to the extent a response is deemed
26 | necessary, McFarland lacks information and belief as to these allegations, and on that basis denies
27 | them. McFarland denies the remaining allegations of this paragraph.

28 |     125.    To the extent the allegations of this paragraph are directed to parties other than

McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

126.  McFarland lacks information and belief as to the allegations of paragraph 126, and on that basis denies them.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses, McFarland alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Reliance on Others)

McFarland is not liable for Plaintiff's claims because he relied in good faith upon information, opinions, reports and/or statements prepared or presented by one or more officers or employees of Riverstone whom McFarland reasonably believed to be reliable and competent in the matters presented.

### THIRD AFFIRMATIVE DEFENSE

(Good Faith)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because McFarland at all times acted in good faith and with good cause.

### FOURTH AFFIRMATIVE DEFENSE

(Conduct of Third Parties)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because the conduct of parties other than McFarland proximately caused the alleged harm, if any, complained of in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

(Injunctive Relief Not Warranted)

Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit of an injunction.

**SIXTH AFFIRMATIVE DEFENSE**

(Penalties Not Warranted)

Plaintiff's claim for penalties is barred because any alleged violation was isolated and/or unintentional.

**SEVENTH AFFIRMATIVE DEFENSE**

(No Knowledge of Any Misrepresentation or Material Omission)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because McFarland did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentation or the fact of any material omission.

**EIGHTH AFFIRMATIVE DEFENSE**

(Compliance with the Rules of the SEC)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because McFarland acted at all times in good faith and in conformity with the rules, regulations, orders, and/or interpretations of the SEC applicable at the relevant time.

**NINTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

McFarland hereby adopts and incorporates by reference any and all other affirmative defenses to be asserted by any other defendant in this action to the extent that he may share in that

affirmative defense.

## PRAYER FOR RELIEF

WHEREFORE, McFarland prays for relief and judgment as set forth below.

1. For judgment in his favor;

2. That Plaintiff takes nothing by means of its Complaint;

3. For his costs of this litigation; and

4. For such other further relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 11, 2006        DLA PIPER US LLP

By /s/ David Priebe
DAVID PRIEBE
Attorneys for Defendant
William F. McFarland

## JURY DEMAND

Mr. McFarland demands a trial by jury.

Respectfully submitted,

Dated: December 11, 2006        DLA PIPER US LLP

By /s/ David Priebe
DAVID PRIEBE
Attorneys for Defendant
William F. McFarland

DLA PIPER US LLP

-17-
ANSWER OF WILLIAM McFARLAND    C 06-6384 CRB