KEKER & VAN NEST, LLP
ELLIOT R. PETERS (State Bar No. 158708)
RACHAEL E. MENY (State Bar No. 178514)
SHANA N. STANTON (State Bar No. 217689)
QUYEN L. TA (State Bar No. 229956)
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
ROMULUS S. PEREIRA
ROBERT B. STANTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>        v.<br><br>ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. MCFARLAND, LORI H. CORNMESSER,<br><br>                              Defendant. | Case No. 06-CV-06384-CRB<br><br>**DEFENDANTS ROMULUS S. PEREIRA'S AND ROBERT B. STANTON'S NOTICE OF MOTIONS, MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE CERTAIN ALLEGATIONS FROM PLAINTIFF'S COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  January 19, 2007<br>Time:  10:00 a.m.<br>Courtroom: 8<br>Judge: The Honorable Charles R. Breyer |

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF ISSUES TO BE DECIDED (Local Rule 7-4(a)(3))..............................1

II.   INTRODUCTION .............................................................................................................1

III.  STATEMENT OF FACTS .................................................................................................2

IV.   ARGUMENT .....................................................................................................................4

    A.    Each Cause of Action Should Be Dismissed Under Rules 12(b)(6) and 9(b) Because The SEC Has Not Pled The Required High Degree of Specificity as to the Circumstances Surrounding *Each* Misstatement or Omission as to *Each* Defendant................................................................................4

        1.    The First Cause of Action Fails Because Plaintiff Has Not Pled the Alleged Misrepresentations with Sufficient Particularity.....................5

            a.    No Specific Facts are Alleged about Mr. Pereira or Mr. Stanton in Sixteen of the Transactions.............................................6

                (i)    The Allegations Regarding Almost All Transactions Do Not Even Mention Mr. Pereira ................6

                (ii)    The SEC Does Not Allege Any Specific Facts as to Mr. Stanton Regarding Most Transactions.................7

                (iii)    The Vnetek Transaction Contains Vague, Conclusory Allegations against Mr. Pereira and Mr. Stanton ........................................................................8

            b.    The Allegations Characterizing the World Wide Technology Transaction Have Not Been Pled with the Requisite Particularity........................................................................8

        2.    The Second, Fourth & Fifth Causes of Action Fail Because The SEC Has Not Specifically Alleged That Mr. Pereira or Mr. Stanton Aided or Abetted Anyone ............................................................10

        3.    The Third Cause of Action Fails Because The SEC Has Not Adequately Alleged That Mr. Pereira or Mr. Stanton Knowingly Circumvented Riverstone's Internal Accounting Controls or Knowingly Falsified Its Books and Records .........................11

        4.    The Sixth Cause of Action Fails Because The SEC Has Not Adequately Pled that Mr. Pereira or Mr. Stanton Made Misstatements or Omissions to Accountants .............................................13

    B.    If Each Cause of Action Is Not Dismissed, The Allegations Impertinent to Mr. Pereira and Mr. Stanton Should Be Stricken...........................15

V.    CONCLUSION.................................................................................................................15

i

385724.03

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Assoc. Gen. Contractors v. California State Council,*
    459 U.S. 519 (1983)...................................................................................................9

*Basic Inc. v. Levinson,*
    485 U.S. 224 (1988)...................................................................................................6

*Binder v. Gillespie,*
    184 F.3d 1059 (9th Cir. 1999) ...................................................................................5

*In re Daou Systems, Inc.,*
    411 F.3d 1006 (9th Cir. 2005) ...........................................................................12, 14

*Fecht v. Price Co.,*
    70 F.3d 1078 (9th Cir. 1995) ..................................................................................6, 7

*In re GlenFed, Inc. Sec. Litig.,*
    42 F.3d 1541 (9th Cir. 1994) ............................................................................4, 5, 9

*Gordon v. Diagnostek, Inc.,*
    812 F. Supp. 57 (E.D. Pa. 1993) .............................................................................10

*Gray v. First Winthrop Corp.,*
    82 F.3d 877 (9th Cir. 1996) .......................................................................................5

*Livid Holdings LTD v. Saloman Smith Barney, Inc.,*
    416 F.3d 940 (9th Cir. 2005) ..................................................................................5, 6

*Lubin v. Sybedon Corp.,*
    688 F. Supp. 1425 (N.D. Cal. 1988) .............................................................5, 11, 12

*Moore v. Kayport Package Exp., Inc.,*
    885 F.2d 531 (9th Cir. 1989) ...............................................................................6, 7, 8

*Neilson v. Union Bank of California, N.A.,*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...................................................................10

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) .........................................................................................4

*Parnes v. Gateway 2000, Inc.,*
    122 F.3d 539 (8th Cir. 1997) .....................................................................................6

*Ponce v. SEC,*
    345 F.3d 722 (9th Cir. 2003) ...................................................................................10

*SEC v. Autocorp Equities, Inc.,*
    292 F. Supp. 2d 1310 (D.Utah 2003)........................................................................13

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

1

**TABLE OF AUTHORITIES**
(cont'd)

2

**Page(s)**

3

*SEC v. Autocorp Equities, Inc.*,
    2004 WL. 1771608 (D.Utah Aug. 4, 2004) ...................................13

4

*SEC v. Dauplaise*,
    2006 WL. 449175 (M.D. Fla. Feb. 22, 2006) ...........................12, 14

5

6

*SEC v. Falstaff Brewing Corp.*,
    629 F.2d 62 (D.C. Cir. 1980) ...................................................10

7

*SEC v. Fehn*,
    97 F.3d 1276 (9th Cir. 1996) ...................................................10

8

9

*SEC v. Morris*,
    2005 WL. 2000665 (S.D. Tex. Aug. 18, 2005) .............................11

10

*SEC v. Savoy Industrial Inc.*,
    587 F.2d 1149 (D.C. Cir. 1978) ...............................................10

11

12

*In re Silicon Graphics, Inc. Sec. Litigation*,
    970 F. Supp. 746 (N.D. Cal. 1997) ......................................4, 5, 8

13

*Simpson v. AOL Time Warner, Inc.*,
    452 F.3d 1040 (9th Cir. 2006) ...........................................12, 14

14

15

*In re Storage Tech. Corp. Sec. Litigation*,
    147 F.R.D. 232 (D. Colo. 1993) ...............................................11

16

*Wright v. Schock*,
    517 F. Supp. 642 (N.D. Cal. 1983) ...........................................11

17

18

**OTHER AUTHORITY**

19

*In re Weeks, et al.*,
    Release No. 1999, 2002 WL. 169185 (Feb. 4, 2002) .........................12

20

**FEDERAL STATUTES**

21

22

15 U.S.C. § 78j(b) .................................................................5

23

15 U.S.C. § 78m(b)(2) .............................................................10

24

15 U.S.C. § 78m(b)(2)(B) .........................................................10

25

15 U.S.C. § 78m(b)(5) .............................................................12

26

15 U.S.C. § 78t(e) .............................................................10, 12

27

17 C.F.R. § 240.10b-5 .............................................................5

28

17 C.F.R. § 240.13b2-1 ...........................................................12

1

**TABLE OF AUTHORITIES**
(cont'd)

2

<u>Page(s)</u>

3   17 C.F.R. § 240.13b2-2........................................................................................13, 14

4   Fed. R. Civ. P. 9(b) ......................................................................1, 2, 4-5, 10-12, 14

5   Fed. R. Civ. P. 12(b)(6)..............................................................................1, 2, 4

6   Fed. R. Civ. P. 12(f)....................................................................................1, 2, 15

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

385724.03

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

      PLEASE TAKE NOTICE that on January 19, 2007 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Charles R. Breyer, United States District Judge, in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Romulus S. Pereira and Robert B. Stanton will move and hereby do move for an Order dismissing the First through Sixth Claims for Relief in Plaintiff Securities and Exchange Commission's Complaint for failure to state a claim upon which relief can be granted. Defendants Pereira's and Stanton's Motion is made on the ground that the SEC's Complaint does not state a claim against either of them under Fed. R. Civ. P. 12(b)(6), especially in light of the heightened pleading standard established by Rule 9(b). In the event that all claims are not dismissed, Defendants also will, and hereby do, move to strike certain non-pertinent allegations pursuant to Fed. R. Civ. P. 12(f). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follows, all pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on this Motion. By this Motion, Messrs. Pereira and Stanton request that the Court dismiss all Claims for Relief against them with prejudice and, if all claims are not dismissed, to strike certain non-pertinent allegations.

## SUMMARY OF ARGUMENT
### (Per CRB Standing Order)

All six claims pending against Mr. Pereira and Mr. Stanton sound in fraud, requiring Plaintiff to plead that each Defendant acted with fraudulent intent when he made the alleged statements and omissions. These fraud-based claims against Mr. Pereira and Mr. Stanton should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for the following reasons:

1.    Plaintiff's first cause of action against Mr. Pereira and Mr. Stanton, alleging that they violated § 10(b) and Rule 10b-5, should be dismissed because it has failed to plead particularized facts establishing that Mr. Pereira or Mr. Stanton made any actionable misrepresentation or omission or that they did so with the required scienter.

2.    Plaintiff's second, fourth, and fifth claims against Mr. Pereira and Mr. Stanton, alleging that they aided and abetted Riverstone's violations of §§ 13(a), 13(b), and their accompanying rules, fail because Plaintiff has not pled specific facts demonstrating that Mr. Pereira or Mr. Stanton aided and abetted any of the underlying violations.

3.    Plaintiff's third cause of action against Mr. Pereira and Mr. Stanton, alleging that they knowingly circumvented Riverstone's system of internal accounting controls and falsified Riverstone's books and records, should be dismissed because Plaintiff does not plead the required particularized facts establishing that Mr. Pereira or Mr. Stanton knowingly circumvented such controls or falsified Riverstone's books and records.

4.    Plaintiff's sixth cause of action against Mr. Pereira and Mr. Stanton, alleging that they made material misstatements or omissions to their accountants in connection with audits or reviews, fails because the Complaint does not state specific facts demonstrating that Mr. Pereira or Mr. Stanton made such material misrepresentations or omissions to Riverstone's accountants.

In addition, if the Court does not dismiss all these claims, it should grant Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f) for the following reason:

1.    Federal Rule of Civil Procedure 12(f) authorizes the Court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Here, most of the

1    SEC's allegations concern transactions for which Mr. Pereira and Mr. Stanton are not alleged to

2    have a role, or for which their roles have not been specifically pled.  Thus, as to Mr. Pereira and

3    Mr. Stanton, such allegations are immaterial and impertinent.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED (Local Rule 7-4(a)(3))

Does Plaintiff's Complaint fail to state a claim against Mr. Pereira or Mr. Stanton with the particularity required by Federal Rules of Civil Procedure 12(b)(6) and 9(b)?  Should non-pertinent allegations be stricken pursuant to Fed. R. Civ. P. 12(f)?

### II.    INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") has spent over four years investigating the accounting and disclosure practices of Riverstone Networks, Inc. ("Riverstone").  *See* SEC's Complaint for Permanent Injunction and other Legal and Equitable Relief ("Compl.") ¶ 10.  The SEC has obtained literally millions of documents and questioned numerous witnesses under oath.  After its investigation, the SEC filed this lawsuit against six former employees of Riverstone, contending that Riverstone falsely reported its revenues during a one-year period of time and that all Defendants were aware of, or played a role in, this.[1] Defendants Romulus S. Pereira (Riverstone's former Chief Executive Officer) and Robert B. Stanton (Riverstone's former Chief Financial Officer) are the most senior officers named as Defendants, even though the Complaint lacks sufficient factual allegations as to them.

Despite the SEC's lengthy investigation, the instant Complaint alleges almost no facts about either Mr. Pereira or Mr. Stanton, other than to claim that they were senior officers at Riverstone.  *See* Compl. ¶¶ 18-19.  Indeed, although the SEC's claims are based upon 17 different transactions, the primary allegations regarding Mr. Pereira and Mr. Stanton are generalized assertions that they were involved in "side agreements" or transactions with purchasers.  *See, e.g., Id.* ¶ 2.  With respect to 14 of these 17 transactions, there are no specific factual allegations whatever concerning Mr. Pereira or Mr. Stanton.  With respect to the 3 remaining transactions, which contain at least some factual allegations naming Mr. Pereira or

---

[1]    Plaintiff brings suit against Romulus S. Pereira (Riverstone's former Chief Executive Officer, President, and Director); Robert B. Stanton (Riverstone's former Chief Financial Officer and Executive Vice President of Finance); L. John Kern (Riverstone's former Executive Vice President of Sales); Andrew D. Feldman (Riverstone's former Vice President of Marketing); Andrew W. McFarland (Riverstone's former Vice President of Financing); and Lori H. Cornmesser (Riverstone's former Director of Sales Operations and Manager of Sales).

385724.03

1    Mr. Stanton, the SEC still fails to plead such facts with the specificity required by Federal Rule

2    of Civil Procedure 9(b).

3            In lieu of the particularized facts required by the Federal Rules, the SEC attempts to plead

4    its claims using "quantity over quality," alleging numerous transactions and large revenue losses

5    against many Defendants but not providing the required, specific details that link Mr. Pereira or

6    Mr. Stanton to each transaction.  The SEC also resorts to vague boilerplate allegations about Mr.

7    Pereira's and Mr. Stanton's roles at Riverstone and purported participation in alleged

8    misrepresentations or misconduct by others, without pleading any facts to establish that either

9    knew about, or had reason to know about, others' alleged misconduct.  The SEC's approach to

10   pleading securities fraud here does not provide the required, particularized facts establishing

11   securities fraud and has been firmly rejected in this Circuit.  Given such inadequate allegations,

12   the Court should dismiss all six causes of action against Mr. Pereira and Mr. Stanton.

13                      **III.    STATEMENT OF FACTS[2]**

14           The SEC's Complaint asserts six fraud-based claims against Mr. Pereira and Mr. Stanton

15   arising out of sales transactions that occurred between June 2001 and June 2002.  Compl. ¶ 1.

16   During this period, Mr. Pereira and Mr. Stanton were, respectively, Riverstone's Chief Executive

17   Officer and Chief Financial Officer, while the other named Defendants were less senior sales and

18   accounting employees.  *Id.* ¶¶ 18-23.  The SEC alleges in conclusory fashion that all the named

19   Defendants "negotiated, reviewed, approved, or were otherwise aware" of sales transactions that

20   "involved side agreements with purchasers."[3]  *Id.* ¶ 2.  The SEC similarly alleges that all

21   Defendants committed fraud by falsely reporting revenue, circumventing internal accounting

22   controls, falsifying Riverstone's books, records, or accounts, failing to devise, implement, and

23   maintain an adequate system of internal controls, and making misstatements or omissions to

24   Riverstone's accountants.  *Id.*  ¶¶ 3, 5-7, 32-37.

25

26   [2]    Facts are derived from Plaintiff's Complaint.  Although Mr. Pereira and Mr. Stanton dispute Plaintiff's version of facts, that dispute must await later stages of this litigation.

27   [3]    Under these side agreements, "the customer's payment for Riverstone product was contingent upon resale, or

28   the purchaser was granted full return, exchange, or cancellation rights" for which "Riverstone improperly recognized revenues under GAAP."  Compl. ¶ 2.

2

385724.03

1    The SEC maintains that the alleged fraud occurred with respect to 17 transactions.

2  Compl. ¶¶ 38-56 ("The World Wide Technology Side Agreement"), ¶¶ 57-64 ("The Vnetek Side

3  Agreement"), ¶¶ 65-80 ("The Technica Side Agreement"), ¶¶ 81-90 ("The TM Telecom Side

4  Agreement"), ¶ 91 (13 "Additional Contingent Sales Improperly Recorded as Revenues").  Of

5  the 17 transactions, however, only 3 transactions contain any allegations that even mention Mr.

6  Pereira or Mr. Stanton, and none contain the required, particularized facts regarding them.

7    As to All Networks, the SEC only alleges that:

8    - "All Networks [had] $900,000 [in] improper revenues during the
        quarter…involving Stanton…" Compl. ¶ 91(h)
9

10    As to Vnetek, the SEC only alleges that:

11    - "The sales contingencies granted to Vnetek by Feldman were approved by
        Pereira, Stanton and MacFarland." Compl. ¶ 62.

12    - "…Pereira, Stanton caused Riverstone to recognize $ 1.5 million of revenues for
        the third quarter…" Compl. ¶ 63.
13

14    As to World Wide Technology the SEC only alleges that:

15    - "Feldman informed both Pereira and Stanton about the sell-through payment term
        prior to agreeing to it and Pereira specifically approved the term and instructed
        Feldman to close the WWT transaction…" Compl. ¶ 40
16

17    - "Pereira, Stanton and Feldman caused Riverstone to recognize $2.8 million of
        revenues for the quarter that ended September 1, 2001…"  Compl. ¶ 44.

18    - "Alvendia informed Stanton, Feldman, and McFarland on October 2, 2001, that
        the inability to collect the amount owed by WWT…would have a major impact
19      on the aging of Riverstone's receivables." Compl. ¶ 45

20    - "…Alvendia sent an e-mail to Pereira, Stanton…stating that Riverstone gave
        WWT a sell-through payment term "as part of shipping $3M in revenue for the
21      qtr." Compl. ¶ 47

22    - "Soon after Pereira and Stanton were told by Alvendia of the sell-through
        payment term given to WWT, they both had conversations with her in which they
23      acknowledged that the WWT transaction was a problem." Compl. ¶ 48

24    - "…Pereira and Stanton signed Riverstone's Form 10-Q for the quarter ending
        September 1, 2001, which included all the revenues recorded from the WWT
25      transaction." Compl. ¶ 49

26    - "Pereira, Stanton, and McFarland took no action to reverse the improper revenues
        from the WWT transaction…" Compl. ¶ 50
27

28    - "…Pereira, Stanton, and McFarland…signed a representation letter to [KPMG
        LLP]…" and to Ernst & Young.  Compl. ¶¶ 52, 53

3

1

- "…Pereira signed a separate representation letter to [Ernst & Young] stating that he had no knowledge of any side agreements…" Compl. ¶ 54

2

3

- "Based on Pereira, Stanton, and McFarland's knowledge of the sell-through payment term…their representations and omissions to Riverstone's outside accountants were false and misleading." Compl. ¶ 55

4

5      All of the SEC's other allegations regarding these transactions either do not mention Mr.

6    Pereira or Mr. Stanton or are generalized and non-specific, referring to "Defendants" or listing

7    all Defendants, without alleging any specifics regarding Mr. Pereira or Mr. Stanton. *See e.g.*,

8    Compl. ¶¶ 38-39, 41-44, 46, 56, 58-61, 64, 66-91(g), (i)-(m), 95-96, 98-99. The SEC also

9    alleges that, while Riverstone's stock price was allegedly inflated due to its overstatement of

10   revenues, Defendants purportedly "realized substantial profits from stock sales, bonuses, and

11   other forms of compensation." *Id.* ¶¶ 8, 99-100.

12                          **IV.    ARGUMENT**

13   **A.    Each Cause of Action Should Be Dismissed Under Rules 12(b)(6) and 9(b) Because The SEC Has Not Pled The Required High Degree of Specificity as to the**

14   **Circumstances Surrounding *Each* Misstatement or Omission as to *Each* Defendant.**

15          Under Federal Rule of Civil Procedure 12(b)(6), the Court should grant a motion to

16   dismiss if a claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P.

17   12(b)(6) (2003). To survive a motion to dismiss, allegations of fraud must also satisfy Federal

18   Rule of Civil Procedure 9(b)'s requirement that "in all averments of fraud…the circumstances

19   constituting fraud…shall be stated with particularity." Fed. R. Civ. 9(b); *see In re GlenFed, Inc.*

20   *Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (vacated and remanded on other grounds).

21          The legal requirements for alleging securities fraud are well-established. To allege fraud

22   with particularity, the SEC must "set forth *more* than the neutral facts necessary to identify the

23   transaction." *GlenFed*, 42 F.3d at 1548. Plaintiff must "allege fraud with enough particularity to

24   give Defendants notice of the specific charges against them so that Defendants may respond to

25   the charges." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 752 (N.D. Cal. 1997);

26   *see also Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993). Rule 9(b) also "requires that

27   a Plaintiff plead with sufficient particularity attribution of the alleged misrepresentations or

28   omissions to *each* defendant; the Plaintiff is obligated to distinguish among those they sue and

enlighten *each* defendant as to his or her part in the alleged fraud." *In re Silicon Graphics*, 970

F.Supp. at 752 (internal quotation and citation omitted, emphasis supplied); *see also Lubin v.*

*Sybedon Corp*., 688 F. Supp. 1425, 1443 (N.D. Cal. 1988) (finding plaintiff's "dragnet tactic of

indiscriminately grouping all of the individual defendants into one wrongdoing monolith" failed

to fulfill requirements of Rule 9(b)) (internal quotations omitted).  Finally, to plead a particular

omission or statement as actionable fraud, Plaintiff "must set forth what is false or misleading

about a statement, and why it is false." *GlenFed,* 42 F.3d at 1548.  Applying these legal

principles, the Court should find that each of Plaintiff's six fraud-based claims fail to meet the

requisite standards of particularity as to Mr. Pereira and Mr. Stanton.

> **1.    The First Cause of Action Fails Because Plaintiff Has Not Pled the Alleged Misrepresentations with Sufficient Particularity.**

The SEC's first cause of action alleges that Mr. Stanton and Mr. Pereira, along with three

other Defendants, violated § 10(b) of the Exchange Act and Rule 10b-5.[4]  Compl. ¶ 103.

Liability under § 10(b) and Rule 10b-5 requires proof of "(1) a misrepresentation or omission (2)

of material fact (3) made with scienter (4) on which the plaintiff justifiably relied (5) that

proximately causes the [alleged] loss." *Gray v. First Winthrop Corp.,* 82 F.3d 877, 884 (9th Cir.

1996); *Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999).  Claims brought under § 10(b)

and Rule 10b-5 must meet the particularity requirements of Rule 9(b).  *Livid Holdings LTD v.*

*Saloman Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005).  As the Ninth Circuit made clear in

*GlenFed*, 42 F.3d at 1548, this requires Plaintiff to specifically identify "what is false or

misleading about a statement, and why it is false."  Here, however, the SEC has failed to plead

with particularity any alleged misrepresentation or omission made by Mr. Pereira or Mr. Stanton

---

[4]    Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b), makes it unlawful "for any person…[t]o use or employ, in connection with the purchase or sale of any security…any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe[.]"

SEC Rule 10b-5, promulgated under the authority of § 10(b), in turn, provides that "[i]t shall be unlawful for any person (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5.

385724.03

1  or that *each* made any misrepresentation or omission with the requisite scienter.  This cause of

2  action should be dismissed.[5]

3      **a.    No Specific Facts are Alleged about Mr. Pereira or Mr. Stanton in**
              **Sixteen of the Transactions**
4

5      With regard to 16 of the 17 transactions identified in the SEC's Complaint, the SEC fails

6  to make even the slightest effort to "identif[y] the circumstances of the alleged fraud so that the

7  defendant[s] can prepare an adequate answer."  *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir.

8  1995) (citation omitted).  Indeed, to pursue a § 10(b) claim, the SEC must plead facts that

9  establish, at a minimum, "the time, place and nature of the alleged fraudulent activities" related

10 to each of the transactions alleged to be at issue.  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d

11 531, 540 (9th Cir. 1989).  The SEC's allegations about these 16 transactions, however, either fail

12 to mention Mr. Pereira and Mr. Stanton at all or are so vague and conclusory that it is difficult to

13 identify how either Mr. Pereira or Mr. Stanton were involved in these transactions, much less

14 identify the alleged misrepresentations or omissions that are required for an actionable § 10(b)

15 and Rule 10b-5 claim.  Such allegations simply do not create a § 10(b) claim against Mr. Pereira.

16
            **(i)    The Allegations Regarding Almost All Transactions Do Not**
                     **Even Mention Mr. Pereira**
17

18     The SEC makes no mention of Mr. Pereira at all with regard to 15 of the 17 transactions

19 alleged in the Complaint.  In describing the Technica transaction, the SEC describes how other

20 Defendants allegedly "approved a side agreement granting Technica a sell-through payment term

21 ───────────────
   [5]      The first claim should also be dismissed because the SEC has not alleged a "material representation," an
22 essential element of a § 10(b) and Rule 10b-5 claim.  *Livid Holdings LTD. v. Saloman Smith Barney, Inc.*, 416 F.3d
   940, 946 (9th Cir. 2005) ("For purposes of a 10b-5 claim, a misrepresentation or omission is material if there is a
23 substantial likelihood that a reasonable investor would have acted differently if the misrepresentation had not been
   made or the truth had been disclosed.") (citation omitted); *Basic Inc. v. Levinson*, 485 U.S. 224, 231-232 (1988)
24 ("[T]here must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the
   reasonable investor as having significantly altered the 'total mix' of information made available").  Although the
25 SEC avers that between June 1, 2001 and June 2, 2002 defendants "caused" Riverstone to "improperly recognize at
   least $29,613,000 in revenues," Compl. at ¶ 28, Mr. Pereira and Mr. Stanton were "involved," if at all, only with the
26 WWT Agreement, which was valued at  $ 2.8 million, or 5.1% of the quarter's revenues. This amount is not
   "material," and thus, the SEC has failed to plead one element of the first claim.  *See Parnes v. Gateway 2000, Inc.*,
27 122 F.3d 539, 547 (8th Cir. 1997) (The Defendants' alleged "overstatement of assets by $6.8 million was immaterial
   as a matter of law" because "[t]aken in context, this amount represented only 2% of Gateway's total assets").  *But*
28 *see Livid Holdings Ltd*, 416 F.3d at 947 (A misrepresentation of a $24.2 million misrepresentation "radically altered
   the picture of PCI's overall economic health and viability").

─────────────────────────────────────────────
                                6
   DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
                            CASE NO. 06-CV-06384-CRB

1    and unlimited stock rotation rights…" but does not plead any facts regarding Mr. Pereira.

2    Compl. ¶¶ 65-80.  Similarly, in describing the TM Telecom transaction, the SEC makes

3    allegations against one other Defendant, L. John Kern, Riverstone's former executive vice

4    president ("Kern"), but never mentions Mr. Pereira.  *Id.* ¶¶  81-90.  Lastly, in describing a

5    laundry list of 13 additional transactions,[6] the SEC alleges generally that these transactions

6    "involved" certain other Defendants but does not allege facts regarding Mr. Pereira.  *Id.* ¶ 91.

7    Thus, as to almost all of the transactions alleged in the SEC's Complaint, the SEC has not pled

8    any facts regarding Mr. Pereira, much less the required facts that would "identif[y] the

9    circumstances of the alleged fraud" and allow him to "prepare an adequate answer." *Fecht*, 70

10   F.3d at 1082.

11
                    (ii)    **The SEC Does Not Allege Any Specific Facts as to Mr. Stanton
12                          Regarding Most Transactions.**

13           As to 15 of the 17 transactions alleged in the SEC's Complaint, the SEC either does not

14   allege any facts about Mr. Stanton or does not allege the required, specific facts about him.

15   Indeed, for the Technica and TM Telecom transactions, the SEC's allegations discuss other

16   Defendants but never mention Mr. Stanton.  Compl. ¶¶ 65-90.  Similarly, the SEC's laundry list

17   of 13 transactions included in paragraph 91 states nothing more than that Mr. Stanton "approved

18   or had knowledge of the following contingent sales for which Riverstone improperly recognized

19   revenues contrary to GAAP," without providing any specific allegations regarding any specific

20   transaction  *Id.* ¶ 91.  Indeed, there is only one transaction where the SEC specifically lists Mr.

21   Stanton's name in connection with that transaction (All Networks), but even as to that

22   transaction, the SEC only alleges that Mr. Stanton was "involve[ed]" in the transaction.  *Id.* at ¶

23   91(h).  Thus, the SEC has completely failed to plead the basic required facts regarding these

24   transactions, such as how Mr. Stanton was involved, the time, place, and nature of the

25   transactions, and what material misstatements were made.  *Moore*, 885 F.2d at 540.  Such

26   allegations do not create a § 10(b) claim against Mr. Stanton.

27   _____
     [6]     The thirteen transactions named in ¶ 91 are: Everbright, Keytron, Reon Broadband, Smartnet Technology Inc.,
28   ZTE Corporation, Spacnet, Landata Payama, S.A., All Networks, Commverge, Vodatel, KDC Corp., Solunet, Inc.,
     and Trispec.  Compl. ¶ 91(a)-(m).

1
2

### (iii)     The Vnetek Transaction Contains Vague, Conclusory Allegations against Mr. Pereira and Mr. Stanton

3          Finally, the SEC alleges that Defendants signed a side agreement with Vnetek

4   Communications, Inc., "giving it full return rights and a sell-through payment term" which

5   violated "prohibited revenue recognition under GAAP." Compl. ¶¶ 60-61. The only allegations

6   against Mr. Pereira and Mr. Stanton regarding this transaction are that they "approved" the

7   "contingencies" at issue and that they "caused RS to recognize $ 1.5 million of revenues for the

8   third quarter." *Id.* ¶¶ 62-63. The SEC, however, fails to allege a single fact about how and when

9   Mr. Stanton or Mr. Pereira "approved" this transaction, what they knew about the transaction

10  when they approved it or how either "caused" Riverstone to recognize $1.5 million in revenues.

11  *Id.* Such bare allegations not only fail to "distinguish among those [the SEC] sue[s] and

12  enlighten *each defendant* as to his or her part in the alleged fraud," but also fail the "time, place,

13  and nature" mandate required to comply with Rule 9(b). *In re Silicon Graphics*, 970 F. Supp. at

14  752 (citation omitted); *Moore,* 885 F.2d at 540. Thus, the Vnetek transaction does not create a §

15  10(b) claim against Mr. Pereira or Mr. Stanton.

16
17

### b.     The Allegations Characterizing the World Wide Technology Transaction Have Not Been Pled with the Requisite Particularity

18          Of the 17 transactions in the SEC's Complaint, there is only 1 transaction for which the

19  SEC makes more than the barest attempt to plead facts about Mr. Pereira or Mr. Stanton -- the

20  World Wide Technology transaction. *Id.* ¶¶ 38-56. Even here, however, the SEC's allegations

21  are deficient under Rule 9(b). These allegations are not only ambiguous, but they do not include

22  any facts establishing that Mr. Pereira or Mr. Stanton made any misstatements with scienter, *i.e.*,

23  that they knew the such statements were false or misleading *at the time* they were made. *Id.*

24          For the World Wide Technology transaction, the SEC alleges that Defendant Andrew

25  Feldman, Riverstone's former Vice President of Marketing, "informed both Pereira and Stanton

26  about the sell-through payment term prior to agreeing to it and that "Pereira specifically

27  approved the term." Compl. ¶ 40. The SEC fails, however, to allege when this occurred, how

28  either Mr. Pereira and Mr. Stanton were allegedly "informed" about the "sell-through payment

1    term," what either was actually told, and how they "approved" the term.  *Id.*  Furthermore,

2    although the SEC alleges that a Riverstone employee sent Mr. Pereira and Mr. Stanton (and

3    others) an e-mail "stating that Riverstone gave WWT a sell-through payment term…", notably

4    absent is the actual text of the e-mail or any description of what they were told about the term,

5    and any allegation that Mr. Pereira and Mr. Stanton actually received this e-mail or were

6    otherwise aware of its contents.  *Id.* ¶ 46.  Similarly, the SEC avers that this employee

7    "informed" Mr. Stanton that an "inability to collect the amount owed by WWT" would "have a

8    major impact on the aging of Riverstone's receivables," but does not allege facts demonstrating

9    that this inability to collect was imminent, likely, or anything else that would raise a concern

10   under the securities laws.  *Id.* ¶ 45.  Lastly, the SEC alleges that "Pereira and Stanton were told"

11   about a "sell term given to WWT," and that "they both had conversations with her in which they

12   acknowledged that the WWT transaction was a problem."  *Id.* ¶ 48.  The allegation, however,

13   fails to allege facts showing that the "problem" discussed was the same as the other matters

14   alleged regarding World Wide Technology or whether Mr. Pereira or Mr. Stanton knew that the

15   "problem" was not corrected.  *Id.*

16          Based on the foregoing vague allegations, the SEC alleges that Mr. Pereira and Mr.

17   Stanton had "knowledge of the sell-through payment term," even though it has failed to plead

18   facts leading to the inference that Mr. Pereira or Mr. Stanton were aware of this term, that it

19   violated the securities laws, and that they made misrepresentations or omissions based on such

20   knowledge.  *Id.* ¶ 54.  In short, Plaintiff has failed to plead with particularity what omissions or

21   misstatements were made by Mr. Pereira or Mr. Stanton and that they made such misstatements

22   with the intent to defraud.  Without pleading such basic facts, the SEC fails to plead, as they

23   must,  "why the disputed statement[s] w[ere] untrue or misleading *when made*." (emphasis in

24   original). *GlenFed,* 42 F.3d at 1548-49.  This is fatal because it is not proper for the Court to

25   assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have

26   violated the … laws in ways that have not been alleged."  *Assoc. Gen. Contractors v. California*

27   *State Council*, 459 U.S. 519, 526 (1983).  The World Wide Technology transaction does not

28   create a § 10(b) claim for Mr. Pereira or Mr. Stanton.

1
2

**2.      The Second, Fourth & Fifth Causes of Action Fail Because The SEC Has Not Specifically Alleged That Mr. Pereira or Mr. Stanton Aided or Abetted Anyone**

3      The SEC's second, fourth, and fifth claims allege that Mr. Pereira and Mr. Stanton aided

4   and abetted Riverstone's violations of § 13(a), § 13(b)(2)(A), and § 13(b)(2)(B)(ii), as well as

5   Rules 12b-20, 13a-1, 13a-13 (False SEC filings and False Books and Records Charges).  *Id*. ¶¶

6   109, 116, 120.[7]  In order to plead  that Mr. Pereira or Mr. Stanton aided and abetted Riverstone's

7   § 13 violations, the SEC must allege that (1) Riverstone committed a primary violation, (2)  Mr.

8   Pereira or Mr. Stanton provided substantial assistance to Riverstone's violation, and (2) Mr.

9   Pereira and Mr. Stanton had knowledge of Riverstone's own violation and of their role in

10  furthering it.  *Ponce v. SEC*, 345 F.3d 722, 737 (9th Cir. 2003); *SEC v. Fehn*, 97 F.3d 1276, 1288

11  (9th Cir. 1996); 15 U.S.C. § 78t(e).  Because Mr. Pereira and Mr. Stanton can only be liable for

12  aiding and abetting another's violation if they acted with knowledge, the aiding and abetting

13  claims must be pled with the particularity required to satisfy Rule 9(b).[8]  The SEC has not

14  sufficiently pled any facts establishing Mr. Pereira's or Mr. Stanton's knowledge, and thus, this

15  claim must be dismissed.

16      The SEC alleges that Mr. Pereira and Mr. Stanton "knowingly provided substantial

17  assistance to Riverstone" in improperly filing financial records and books and improperly

18
19
20
21

[7]    The second cause of action alleges violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 (the "reporting provisions"), which require issuers of securities registered pursuant to § 12 of the Exchange Act, such as Riverstone, to file with the Commission accurate periodic and current reports. An issuer violates these provisions if it files a report that contains materially false or misleading information. *SEC v. Falstaff Brewing Corp.,* 629 F.2d 62, 72 (D.C. Cir. 1980).  Rule 12b-20 similarly requires that these reports contain any material information necessary to make the required statements made in the reports not misleading. *See SEC v. Savoy Indus. Inc.,* 587 F.2d 1149, 1167 (D.C. Cir. 1978).

22
23

    The fourth cause of action, which alleges violations of § 13(b)(2)(A), requires companies to maintain books, records and accounts accurately and record transactions in conformity with GAAS (Generally Accepted Auditing Standards). Section 13(b)(2) was codified as 15 U.S.C. § 78m(b)(2) (1996).

24
25

    The fifth cause of action, which alleges violations of § 13(b)(2)(B), requires companies to have internal controls sufficient to assure that the company's transactions are properly recorded.  *See* 15 U.S.C. § 78m(b)(2)(B).  *See also Ponce*, 345 F.3d at 735 (9th Cir. 2003).

26
27

[8]    *See* 15 U.S.C. § 78t(e) (requiring a defendant to act "knowingly"); *SEC v. Fehn*, 97 F.3d at 1295 (finding that section 78t(e) requires scienter); *Neilson v. Union Bank of California, N.A.,* 290 F. Supp. 2d 1101, 1131 (C.D. Cal. 2003) ("Where aiding and abetting is the gravamen of the claim, Rule 9(b) requires that the [C]omplaint . . . inform [the] defendant…what he did that constituted…substantial assistance.") (internal quotations and citations omitted); *Gordon v. Diagnostek, Inc.*, 812 F. Supp. 57, 62 (E.D. Pa. 1993) ("[s]ubstantial participation in fraud must be

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

385724.03

maintaining books, records, and accounts.  Compl. ¶¶ 109, 116, 120.  Substantial assistance

requires "significant and active, as well as knowing participation in the wrong."  *Wright v.*

*Schock,* 517 F.Supp. 642, 663 (N.D. Cal. 1983).  None of the SEC's aiding and abetting

allegations, however, plead facts detailing how, when, and why Mr. Pereira or Mr. Stanton

provided "substantial assistance" to Riverstone in committing the underlying violations.  *See Id.*

¶¶ 107-110, 114-121.  Instead, each allegation merely restates the cause of action and groups the

Defendants together as "one wrongdoing monolith," rather than apprising each of his or her

alleged wrongdoing.  *Lubin,* 688 F. Supp. at 1443.  Such allegations of aiding and abetting are

unavailing.  Indeed, the SEC must set forth with particularity how *each* Defendant knowingly

participated in the alleged wrong, which it has failed to do in this instance.  In *SEC v. Morris*,

2005 WL 2000665, *9-10 (S.D. Tex. Aug. 18, 2005), the court dismissed the SEC's § 13 aiding

and abetting claims against the Chief Financial Officer of Corporation because it failed to allege

sufficient facts concerning Defendant's wrongdoing.[9]  Where, as here, even fewer facts are

alleged about the "substantial participation" and knowing behavior of either Mr. Pereira or Mr.

Stanton, the court should dismiss claims two, four, and five under Rules 12(b)(6) and 9(b).

### 3.    The Third Cause of Action Fails Because The SEC Has Not Adequately Alleged That Mr. Pereira or Mr. Stanton Knowingly Circumvented Riverstone's Internal Accounting Controls or Knowingly Falsified Its Books and Records

Plaintiff alleges in its third cause of action that Mr. Pereira and Mr. Stanton violated

Section 13(b)(5) of the Exchange Act by "knowingly circumventing Riverstone's system of

internal accounting controls" and Rule 13b2-1 by "knowingly falsif[ying], or caus[ing] to be

---

pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b)"); *In re Storage Tech. Corp. Sec. Litig.*, 147 F.R.D. 232, 234 (D. Colo. 1993) (requiring particularized aiding and abetting allegations).

[9]    The SEC alleged many more facts against defendant in the *Morris* case and the court still dismissed the aiding and abetting cause of action for failure to state a claim:

(1) "Morris was CFO and a licensed CPA who reviewed, signed and was responsible for the public filings of a prominent NYSE-traded company"; (2) "Morris knew that in 1998 the company implemented an accounting change that enhanced pre-tax income by as much as 46.1%"; (3) "Morris knew that Halliburton disclosed its accounting for unapproved claims in prior annual reports, omitted any disclosure relating to the accounting of unapproved claims in its 1998 Annual Report, and disclosed a new standard in its 1999 Annual Report which Morris knew was adopted during the previous fiscal year"; (4) "Morris violated multiple GAAP provision [sic] by failing to inform the

1   falsified, Riverstone's books and records."[10]  *Id*. ¶ 112.  These are fraud-based claims, subject to

2   Rule 9(b)'s particularity requirements because they clearly sound in fraud and because liability

3   arises for defendants who *knowingly* circumvent or fail to implement an internal accounting

4   control system or *knowingly* falsify or caused to be falsified, Riverstone's books and records.[11]

5          Although the SEC contends that Mr. Pereira and Mr. Stanton "knowingly circumvented

6   Riverstone's system of internal accounting controls" and "knowingly falsified Riverstone's

7   books, records, or accounts," it does not specify how, when, or why Mr. Pereira or Mr. Stanton

8   allegedly circumvented the control system and what controls were circumvented – thereby

9   violating Rule 9(b).  *See* Compl. ¶¶ 5, 7, 112.  Similarly, the SEC fails to plead how, when, or

10  why Mr. Pereira or Mr. Stanton falsified any book, record or account.  *Id; See, e.g., SEC v.*

11  *Dauplaise,* 2006 WL 449175, *8 (M.D. Fla. 2006) (The SEC must allege "how [defendant's]

12  actions affected any of Bio One's books, records or accounts.").  Without such facts, this claim

13  should be dismissed.

14         Additionally, even though the SEC makes numerous allegations against Mr. Pereira and

15  Mr. Stanton as to this claim, every single allegation "indiscriminately group[s] all of the

16  individual defendants into one wrongdoing monolith," which violates the specificity

17  requirements of Rule 9(b).  *Lubin,* 688 F. Supp. at 1443.  *See, e.g.,* Compl. ¶ 5 ("*Pereira,*

18  *Stanton, and McFarland...*failed to devise, implement, and maintain an adequate system of

19

---

20  investing public of the accounting change"; (6) "When Morris finally decided to disclose the change, it was misleading".  *Morris* 2005 WL 2000665, *9.

21  [10]    Section 13(b)(5) provides that "[n]o person shall knowingly circumvent or knowingly fail to implement a
22  system of internal accounting controls or knowingly falsify any book, record, or account described in paragraph
    (2)." 15 U.S.C. § 78m(b)(5). Rule 13b2-1 provides that "[n]o person shall directly or indirectly, falsify or cause to be
23  falsified, any book, record or account subject to Section 13(b)(2)(A) of the Securities Exchange Act." 17 C.F.R. §
    240.13b2-1.  One court has stated that the text of "[U.S.C. § 78m(5)]" contemplates three different ways in which it
24  may be violated: (i) a defendant knowingly circumvents an existing system of accounting controls; (ii) a defendant
    knowingly fails to implement a system of accounting controls; or (iii) a defendant knowingly falsifies a relevant
    corporate book or record."  *SEC v. Nacchio*,  438 F.Supp.2d 1266, 1283 (D.Colo. 2006) (citing statute).

25  [11]    *See* 15 U.S.C. § 78m(b)(5) (emphasis supplied); 17 C.F.R. § 240.13b2-1.  *See In re Weeks, et al.,* Release No.
26  1999, 2002 WL 169185 at *49 (Feb. 4, 2002) (finding that "[s]cienter is required to establish a violation of §
    13(b)(5)");  *Simpson v. AOL Time Warner, Inc.,* 452 F.3d 1040, 1046 (9th Cir. 2006) ("all allegations of deceptive
27  conduct are generally subject to Federal Rule of Civil Procedure 9(b)"); *In re Daou Systems, Inc.,* 411 F.3d 1006,
    1027 (9th Cir. 2005) (Even if a statutory provision of the securities law "does not contain an element of fraud, a
28  [P]laintiff may nonetheless be subject to particularity mandate [for pleading fraud] if his [C]omplaint sounds in
    fraud") (internal quotations omitted).

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

385724.03

1  internal accounting controls…"); ¶ 7 ("*each of the Defendants* circumvented the internal

2  accounting controls…and falsified Riverstone's books, records, and accounts"); ¶ 94  ("*Pereira,*

3  *Stanton, and McFarland*…failed to correct Riverstone's books, records, and accounts…"); ¶ 97

4  ("*Pereira, Stanton, and McFarland* ... failed to take adequate steps to rectify [internal control

5  weaknesses]"); ¶ 98 ("*Each of the Defendants* … was responsible for falsification of

6  Riverstone's accounting records or knowingly circumvented the accounting policies …"); ¶ 112

7  ("…*Pereira, Stanton, Kern, Feldman, McFarland, and Cornmesser* knowingly circumvented

8  Riverstone's system of internal accounting controls … knowingly falsified Riverstone's books,

9  records, or accounts…") (emphasis supplied).  Not one allegation against Mr. Pereira or Mr.

10  Stanton adequately gives notice to *each* of his individual wrongdoing.  Without pleading

11  particular facts as to Mr. Pereira or Mr. Stanton, Plaintiff's third claim fails to satisfy Rule 9(b)

12  and should be dismissed.

13        **4.    The Sixth Cause of Action Fails Because The SEC Has Not Adequately Pled
              that Mr. Pereira or Mr. Stanton Made Misstatements or Omissions to
14            Accountants**

15        In their sixth claim, the SEC alleges that Mr. Pereira and Mr. Stanton violated SEC Rule

16  13b2-2, which forbids officers and directors of issuing companies from making material

17  misstatements or omissions to accountants in connection with audits or reviews or other

18  documents required to be filed with the SEC.  *See* 17 C.F.R. § 240.13b2-2[12]; *see also SEC v.*

19  *Autocorp Equities, Inc.*, 292 F.Supp.2d 1310, 1332 (D.Utah  2003) ("Rule 13b-2 makes it illegal

20  for an officer to mislead auditors and accountants."); *SEC v. Autocorp Equities, Inc.*, 2004 WL

21  1771608 at *6 (D.Utah Aug. 4, 2004) ("Rule 13b2-2 … imposes a duty on corporate officers to

---

[12]    Rule 13b2-2 states in relevant part:

(a) No director or officer of an issuer shall, directly or indirectly:

(1) Make or cause to be made a materially false or misleading statement to an accountant in connection with; or

(2) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

(i) Any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or

(ii) The preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise. 17 C.F.R. § 240.13b2-2.

385724.03

1    clarify previous statements that are misleading in the absence of some material fact.").

2    Plaintiff's sixth claim is subject to Rule 9(b) because it sounds in fraud and alleges deceptive

3    conduct.[13]  Plaintiff, however, fails to assert necessary facts to support this claim under Rule

4    9(b).

5            Plaintiff alleges that Mr. Pereira and Mr. Stanton, along with other Defendants ("Kern,

6    Feldman, and McFarland"), "directly or indirectly" made "materially false or misleading

7    statements … to an accountant in connection with the audit or examination of Riverstone's

8    financial statements," thereby violating Rule 13b2-2 of the  Exchange Act.  17 C.F.R.

9    § 240.13b2-2 ("Rule 13b2-2").  Compl. at ¶ 123.  The SEC fails to identify which

10   misrepresentations or omissions were made to accountants, and when or why Mr. Pereira or Mr.

11   Stanton made such misrepresentations or omissions.  Without such details, the SEC's allegation

12   of fraud under this Exchange Act rule rings hollow.  *Compare SEC v. Dauplaise*,  2006 WL

13   449175, *8 (M.D.Fla. Feb. 22, 2006) (Plaintiff pleads sufficient details, such as when he

14   remained silent during a conference call with Bio One's accountant during which call another

15   individual made material misrepresentations to the accountant; and, as a result, the Form 8-K

16   contained the misleading statement that Bio One was delinquent in its obligation to the

17   Nesrallahs, rather than stating that Bio One had defaulted).

18           As with their Third Claim for Relief, Plaintiff again attempts to circumvent Rule 9(b)'s

19   particularity requirements by "rounding up all the usual suspects" in its allegations, rather than

20   alleging specific facts against each Defendant.  *See, e.g.,*  Compl. ¶ 6 ("*Pereira, Stanton, Kern,*

21   *Feldman, and McFarland*…made or caused misstatements and omissions to Riverstone's

22   accountants"); ¶¶ 52-54 (*Pereira, Stanton, and McFarland* signed representation letters to

23   accountants); ¶ 123 ("*Pereira, Stanton, Kern, Feldman, and McFarland*" violated Exchange Act

24   Rule 13b-2) (emphasis supplied).  Because Plaintiff fails to comply with Rule 9(b) by specifying

25

26

27   [13]   *See Simpson,* 452 F.3d at 1046 ("all allegations of deceptive conduct are generally subject to Federal Rule of Civil Procedure 9(b)"); *In re Daou Systems, Inc.,* 411 F.3d at 1027  (Even if a statutory provision of securities law

28   "does not contain an element of fraud, a [P]laintiff may nonetheless be subject to particularity mandate [for pleading fraud] if his [C]omplaint sounds in fraud") (internal quotations omitted).

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

1   how Mr. Pereira or Mr. Stanton *each* allegedly made misstatements to Riverstone's accountants,

2   including when or why this occurred, the sixth claim should be dismissed.

3   **B.    If Each Cause of Action Is Not Dismissed, The Allegations Impertinent to Mr.
         Pereira and Mr. Stanton Should Be Stricken.**

4

5   As noted above, in the event that the Court does not dismiss the Complaint, Mr. Pereira

6   and Mr. Stanton request that the Court strike the allegations regarding each of the transactions

7   that fail to plead any of the required facts as to them.  Compl. ¶¶ 57-91.  In the absence of any

8   purported factual basis whatever to name Mr. Pereira or Mr. Stanton in a Complaint alleging

9   fraud, one is forced to conclude that the conclusory allegations of fraud regarding those sixteen

10  transactions as to Mr. Pereira and Mr. Stanton are "redundant, immaterial, impertinent, or

11  scandalous."  Fed. R. Civ. P. 12(f).

12                          V.      CONCLUSION

13  For the reasons stated above, Plaintiff has not pled particularized facts required to

14  establish its six fraud-based claims against Mr. Pereira or Mr. Stanton.  Accordingly, the Court

15  should dismiss all causes of action against Mr. Pereira and Mr. Stanton.

16                                          Respectfully Submitted,

17  Dated:  December 11, 2006

18

19                                  By:_____/s/_____

20                                      ELLIOT R. PETERS
                                        KEKER & VAN NEST
21                                      710 Sansome Street
                                        San Francisco, CA 94111-1704
22                                      Telephone: (415) 391-5400
                                        Facsimile: (415) 397-7188

23                                      Attorneys for Defendants
24                                      ROMULUS S. PEREIRA
                                        ROBERT B. STANTON

25

26

27

28

DEFS. PEREIRA'S AND STANTON'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE
CASE NO. 06-CV-06384-CRB

385724.03