LESLIE J. HUGHES (CO Bar No. 15043) (hugheslj@sec.gov )
LEE C. ROBINSON (CO Bar No. 32734) (robinsonlc@sec.gov )
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, Colorado 80202-2656
Telephone:  (303) 844-1000
Fax: (303) 844-1068

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 06-CV-6384 CRB |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO PEREIRA'S AND STANTON'S MOTION TO DISMISS** |
| v. | Date:   February 16, 2007 |
| PEREIRA, et al. | Time:   10:00 am |
| Defendants. | Courtroom 8 |
| | Judge:  Hon. Charles R. Breyer |

Plaintiff's Opposition to Pereira and Stanton Motion to Dismiss or Strike
Case No. 06-CV-06384 CRB

# TABLE OF CONTENTS

Page

I.      SUMMARY OF ARGUMENT      .      .      .      .      .      .      vi

II.     ISSUES TO BE DECIDED.      .      .      .      .      .      .      vii

III.    DEFENDANTS FAIL TO SATISFY THE STANDARD FOR
        GRANTING A MOTION TO DISMISS      .      .      .      .      .      1

IV.     THE COMPLAINT ALLEGES FRAUD
        WITH PARTICULARITY      .      .      .      .      .      .      .      2

        A.      The SEC Has Plead Its Securities Fraud Claim
                With Sufficient Particularity.      .      .      .      .      2

        B.      Defendants' Motion to Strike Should Be Denied.      .      .      .      6

V.      THE SEC IS NOT REQUIRED TO PLEAD AIDING AND
        ABETTING NON-SCIENTER VIOLATIONS WITH
        PARTICULARITY UNDER RULE 9(b)      .      .      .      .      .      8

VI.     THE SEC IS NOT REQUIRED TO PLEAD INTERNAL
        CONTROLS AND BOOKS AND RECORDS VIOLATIONS
        WITH PARTICULARITY UNDER RULE 9(b).      .      .      .      .      10

VII.    THE SEC'S SIXTH CLAIM THAT PEREIRA AND
        STANTON MADE MISSTATEMENTS OR OMISSIONS
        TO ACCOUNTANTS IS NOT SUBJECT TO THE
        PLEADING REQUIREMENTS OF RULE 9(B)      .      .      .      .      11

VIII.   CONCLUSION      .      .      .      .      .      .      .      13

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                    <u>Page</u>

*Binder v. Gillespie,*
      184 F.3d 1059 (9th Cir. 1999) .    .    .    .    .    .    2

*Cooper v. Picket,*
      137 F.3d 616 (9th Cir. 1997) .    .    .    .    .    .    4, 7

*SEC v. Dain Rausher,*
      254 F.3d 852 (9th Cir. 2001) .    .    .    .    .    .    3

*Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),*
      42 F.3d 1541 (9th Cir. 1994) (en banc) .    .    .    .    1, 4, 9

*Fecht v. Price Co.,*
      70 F.3d 1078 (1995) .    .    .    .    .    .    .    1, 3

*SEC v. Fehn,*
      97 F.3d 1276 (9th Cir. 1996) .    .    .    .    .    .    8

*Gordon v. Diagnostek, Inc.,*
      812 F. Supp. 57 (E.D. Pa. 1993) .    .    .    .    8

*Gray v. First Winthrop Corp.,*
      82 F.3d 877 (9th Cir. 1996) .    .    .    .    .    .    2

*In re Grupta Corp. Sec. Litig.,*
      Fed. Sec. L. Rep. (CCH) P 98,689 (N.D. Cal. 1995) .    .    .    7

*Hishon v. King  & Spalding,*
      467 U.S. 69 (1984) .    .    .    .    .    .    .    1

*Hollinger v. Titan Capital Corp.,*
      914 F. 2d 1564 (9th Cir. 1990) .    .    .    .    .    4

*Hurley v. FDIC,*
      719 F. Supp. 27 (D. Mass. 1989) .    .    .    .    .    7

*SEC v. ICN Pharms., Inc.,*
      84 F. Supp. 2d 1097 (C.D. Cal. 2000).    .    .    .    .    1, 2

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

**Cases**                                                                                    **Page**

*Leatherman v. Tarrant County Narcotics Intelligence*
*& Coordination Unit,*
     507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed. 2d 517 ( 1993)   .   .   9

*SEC v. Levin,*
     232 F. R. D. 619 (C.D. Cal. 2005)   .   .   .   .   .   1

*SEC v. Lowy,*
     396 F. Supp. 2d 225 (E.D.N.Y. 2003) .   .   .   .   .   10

*SEC v. McNulty,*
     137 F.3d 732 (2d Cir. 1998)   .   .   .   .   .   .   10, 12

*SEC v. Monarch Funding Corp.,*
     192 F.3d 295 (2d Cir. 1999)   .   .   .   .   .   .   2

*SEC v. Morris,*
     2005 WL 2000665 (S.D. Tex. Aug 18, 2005) .   .   .   .   8

*Neilson v. Union Bank of California, N.A.,*
     290 F. Supp. 2d 1101 (C.D. Cal. 2003)   .   .   .   .   8

*Newman v. Universal Pictures,*
     813 F.2d 1519 (9th Cir. 1987) .   .   .   .   .   .   1

*Ponce v. SEC,*
     345 F.3d 722 (9th Cir. 2003)   .   .   .   .   .   8, 10, 12

*Provenz v. Miller,*
     102 F.3d 1478 (9th Cir. 1996) .   .   .   .   .   .   3

*SEC v. Rana Research, Inc.,*
     8 F.3d 1358 (9th Cir. 1996)   .   .   .   .   .   .   2

*SEC v. Rind,*
     991 F.2d 1486 (9th Cir.), *cert. denied*, 510 U.S. 963 (1993)   .   .   2

*Smith v. Jackson,*
     84 F.3d 1213 (9th Cir. 1996)   .   .   .   .   .   1

*In re Storage Tech. Corp. Sec. Litig.,*
     147 F.R.D. 232 (D. Colo. 1993)   .   .   .   .   .   8

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

**Cases**                                                                                    **Page**

*Walling v. Beverly Enterprises,*
     476 F.2d 393 (9th Cir. 1973) .     .     .     .     .     .     .     1

*In re Weeks,*
     2002 WL 169185 * 49 (Feb. 4, 2002)     .     .     .     .     10

*Wool v. Tandem Computers, Inc.,*
     818 F.2d 1433 (9th Cir. 1987) .     .     .     .     .     .     7

*SEC v. World-Wide Coin Inv., Ltd.,*
     567 F. Supp. 724 (N.D. Ga. 1983)     .     .     .     .     .     10

*SEC v. Yuen,*
     2006 U.S. Dist. LEXIS 33938,
     *115-116 (C.D. Cal. March 16, 2006)     .     .     .     .     8, 10, 12

*SEC v. Yuen,*
     221 F.R.D. 631 (C.D. Cal. 2004)     .     .     .     .     .     1

**Statutes**

Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4     1, 2

Fed. R. Civ. P.
     8(e)     .     .     .     .     .     .     .     v, vi, vii, 11, 13
     9(b)     .     .     .     .     .     .     vi, vii, 1, 3, 6, 8, 9, 10, 11, 12, 13
     12(b)(6)     .     .     .     .     .     .     .     vi, vii, 1
     12(f)     .     .     .     .     .     .     .     vii

**Securities Exchange Act of 1934**

     10(b) [15 U.S.C. § 78j (b)]     .     .     .     .     .     .     vi, vii, 2, 5, 8
     13(a) [15 U.S.C. § 78m (a)].     .     .     .     .     .     vi, vii, 8, 9, 10
     13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)]     .     .     .     vi, 8, 12
     13(b)(2)(B)(ii)[15 U.S.C. § 78m(b)(2)(B)(ii)]     .     .     .     vii, 8
     13(b)(5) [15 U.S.C. § 78m(b)(5)]     .     .     .     .     vi, vii, 10

     Rules
          10b-5     .     .     .     .     .     .     .     vi, vii, 2, 5
          12b-20 .     .     .     .     .     .     .     vi, 8
          13a-1     .     .     .     .     .     .     .     vi, 8
          13a-13 .     .     .     .     .     .     .     vi, 8
          13b2-1 .     .     .     .     .     .     .     vi, vii, 8, 9, 10
          13b2-2 .     .     .     .     .     .     .     vi, vii, 11, 12

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

I. SUMMARY OF ARGUMENT

Defendants Romulus Pereira and Robert Stanton move under Fed. R. Civ. P. 9(b) and 12(b)(6) to dismiss the plaintiff Securities and Exchange Commission's six claims by asserting that each claim sounds in fraud and the allegations fail to meet the particularity requirements of Rule 9(b). Defendants' motion should be denied because the SEC has pled sufficient facts to state its fraud claim under Rule 9(b) and its other five claims for relief under Rule 8(e).

The SEC asserts six claims for relief, alleging Pereira and Stanton: (1) violated the fraud provisions of Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Rule 10b-5; (2) aided and abetted Riverstone Networks Inc.'s (Riverstone) violations of the periodic reporting provisions of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13; (3) violated the internal controls and books and records provisions of Section 13(b)(5) of the Exchange Act and Rule 13b2-1; (4) aided and abetted Riverstone's violation of the books and records provision of Section 13(b)(2)(A) of the Exchange Act; (5) aided and abetted Riverstone's violation of the internal controls provisions of Section 13(b)(2)(B)(ii) of the Exchange Act; and (6) violated the prohibition against lying to accountants of Rule 13b2-2.

Although the SEC's first claim for securities fraud is subject to the pleading requirements of Rule 9(b), the SEC has met this pleading standard. In the first claim, the SEC has identified the time, place, nature of the misleading statements, and Pereira's and Stanton's acts of fraud. The SEC alleges that both defendants signed, and caused Riverstone to file with the SEC, four periodic reports for the quarters from June 1, 2001 to June 2, 2002 that overstated the company's net revenue by $29,613,000, which was the result of the defendants including revenue from seventeen transactions for which revenue could not be recognized under generally accepted accounting principles because of sales contingencies. Pereira and Stanton knew or were reckless in not knowing of the improper revenue recognition because they were responsible for Riverstone's accounting department and accounting policies, they reviewed and approved the transactions, or knew of the internal control weaknesses that allowed the improper revenue recognition. These allegations meet the pleading requirements of Rule 9(b).

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1    The balance of the SEC's claims, which allege violations of Section 13 of the Exchange

2    Act and various rules, do not require proof of scienter and are not subject to the pleading

3    requirements of Rule 9(b).  The SEC has alleged sufficient facts to meet the notice pleading

4    requirements of Rule 8(e) by alleging that the defendants aided and abetted the company in filing

5    inaccurate periodic reports, in failing to implement a system of internal controls, and causing the

6    company to keep inaccurate books and records, and directly violated the books and records

7    provisions, and made misstatements or omission to Riverstone's accountants.

8    Finally, the allegations the defendants wish to strike identify sixteen of the seventeen

9    transactions, for which Pereira and Stanton, along with the other defendants, knowingly or

10    recklessly improperly recognized revenue.  As these allegations are not redundant, immaterial,

11    impertinent or scandalous, the defendants' request to strike under Rule 12(f) should be denied.

12   II.    ISSUES TO BE DECIDED

13    1.    Whether the SEC's complaint complies with Federal Rule of Civil Procedure 9(b)

14    and pleads securities fraud under Section 10(b) of the Exchange Act and Rule 10b-5 against

15    Pereira and Stanton with the requisite particularity?

16    2.    Whether the particularity requirements of Rule 9(b) apply to allegations that

17    Pereira and Stanton aided and abetted Riverstone's violations of the periodic reporting, books

18    and records, and internal control requirements of Section 13 of the Exchange Act and various

19    rules promulgated thereunder?

20    3.    Whether the particularity requirements of Rule 9(b) apply to allegations that

21    Pereira and Stanton violated the books and records provisions of Section 13(b)(5) and Rule

22    13b2-1 of the Exchange Act, and misled Riverstone's accountants contrary to the provisions of

23    Rule 13b2-2?

24    4.    Whether the SEC's complaint alleges sufficient facts as required by Federal Rule

25    of Civil Procedure 12(b)(6) to support its six claims for relief against Pereira and Stanton?

26    5.    Whether any of the allegations in Plaintiff's complaint should be stricken?

27

28

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

III.    DEFENDANTS FAIL TO SATISFY THE STANDARD FOR GRANTING A MOTION
        TO DISMISS

Pereira and Stanton move to dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal
Rules of Civil Procedure.  Dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no
relief could be granted under any set of facts that could be proved consistent with the
allegations."  *SEC v. Levin*, 232 F. R. D. 619, 622 (C.D. Cal. 2005) (citing *Newman v. Universal
Pictures*, 813 F.2d 1519, 1521-22 (9th Cir. 1987), quoting *Hishon v. King  & Spalding*, 467 U.S.
69, 73 (1984)).  The allegations of material fact must be taken as true and construed in the light
most favorable to the Commission.  *Hishon v. King  & Spalding*, 467 U.S. 69, 73 (1984); *Smith v.
Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

In securities fraud actions, the plaintiff must aver with particularity the circumstances
constituting the fraud.  *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541,
1547 (9th Cir. 1994) (en banc).  A pleading is sufficient if it identifies the circumstances of the
alleged fraud so that the defendant can prepare an adequate answer. *SEC v. Yuen*, 221 F.R.D. 631,
634 (C.D. Cal. 2004); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).  The notice
requirement means that the complaint should contain allegations of the time, place, and nature of
the alleged fraudulent activities. *Fecht,* 70 F.3d at 1082.  In addition, the plaintiff must set out
what is false or misleading about a statement, and why it is false.  *In re Glen Fed*, 42 F.3d at
1548.  The statement or omission must be false or misleading when made.  *Id.* at 1548-49.
However, Rule 9(b) does not require the pleading of detailed evidence.  *Walling v. Beverly
Enterprises,* 476 F.2d 393, 397 (9th Cir. 1973) (*quoting* 2A James Wm. Moore et al., *Moore's
Federal Practice* ¶ 903, at 1930 (2d ed. 1972)).  In accordance with the final sentence in Rule
9(b), the complaint need only state that the required scienter existed.  *In re Glen Fed,* 42 F.3d at
1547.  Furthermore, it is well settled that the heightened scienter pleading requirements of the
Private Securities Litigation Reform Act of 1995 (PSLRA) do not apply to actions brought by the
SEC.  *SEC v. ICN Pharms., Inc.*, 84 F. Supp. 2d 1097, 1099 (C.D. Cal. 2000).

Under these standards, the Commission has alleged sufficient facts to withstand the
Defendants' motion to dismiss the SEC's fraud claim under Rules 12(b)(6) and 9(b).

1

1    IV.     THE COMPLAINT ALLEGES FRAUD WITH PARTICULARITY

2       A.   <u>The SEC Has Pled Its Securities Fraud Claim With Sufficient Particularity</u>.

3       The SEC alleges Pereira and Stanton violated the anti-fraud provisions of Section 10(b)

4 of the Exchange Act and Rule 10b-5.[1]  To establish liability under Section 10(b) and Rule 10b-5,

5 the SEC must prove four elements:  (1) a fraudulent device, material misrepresentation or

6 omission, or an act that operated as a fraud or deceit; (2) in connection with the purchase or sale

7 of a security, (3) scienter, and (4) use of the jurisdictional means.  *SEC v. Rana Research, Inc.*, 8

8 F.3d 1358, 1363-64 (9th Cir. 1996) (adopting elements of 10b-5); *SEC v. Monarch Funding*

9 *Corp.*, 192 F.3d 295, 308 (2d Cir. 1999).  Contrary to the Pereira's and Stanton's assertion,[2] the

10 SEC is not required to prove reliance or injury.  *Rana Research*, 8 F.3d at 1364 (no reliance);

11 *SEC v. Rind*, 991 F.2d 1486, 1490 (9th Cir.), *cert. denied*, 510 U.S. 963 (1993) (no injury).

12       Pereira and Stanton contend that the SEC failed to plead two of the four required

13 elements by not identifying the misrepresentations or omissions made by these two defendants,

14 and by not alleging facts that show each misrepresentation was made with scienter. The SEC's

15 complaint identifies the time, place, and misrepresentations made and why the statements were

16 false and misleading at the time they were made.  The SEC is not required to allege that each

17 misrepresentation was made with scienter; rather it may aver the defendants' knowledge

18 generally.  See *SEC v. ICN Pharm., Inc.*, 84 F. Supp. 2d 1097, 1099 (C.D. Cal. 2000).

19       The SEC has pled that Riverstone, as a public company, was required to file with the SEC

20 quarterly and annual reports that contained accurate and reliable financial statements prepared in

21 accordance with generally accepted accounting principles.  (Compl. 9, 24, 26, 27, 28).  Pereira

---

22   [1]     Section 10(b) of the Exchange Act, 15 U.S.C. § 78j (b), makes it unlawful "for any person . . . to use or
23 employ, in connection with the purchase or sale of any security . . .  any manipulative or deceptive device or
contrivance in contravention of such rules and regulations as the Commission may prescribe[.]"  Rule 10b-5,
24 promulgated under the authority of Section 10(b), provides: It shall be unlawful for any person . . . (a) to employ any
device, scheme, or artifice to defraud, (b) to make any untrue statement of material fact or to omit to state a material
25 fact necessary in order to make statements made, in light of the circumstances under which they were made, not
misleading, or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud, or
26 deceit upon any person, in connection with the purchase or sale of any security.  17 C.F.R. § 240.10b-5.

27   [2]     The cases cited by the defendants rely on the Private Securities Litigation Reform Act of 1995 (PSLRA),
15 U.S.C. § 78u-4, which contains pleading requirements that apply to private securities litigation rather than the
28 SEC that is charged with enforcing the federal securities laws.  See *Gray v. First Winthrop Corp.*, 82 F.3d 877, 884
(9th Cir. 1996); *Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999) cited in Defendants' Brief at p. 5.

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1   and Stanton misrepresented the net revenues that Riverstone reported in financial statements

2   submitted in three quarterly reports and one annual report that were filed with the SEC for the

3   four quarters that started on June 1, 2001 and ended on June 1, 2002. (Compl. 1, 29, 32, 33, 34,

4   35, 36).  Pereira, as the company's chief executive officer, and Stanton, as the chief financial

5   officer, who were both responsible for the accounting department and its policies, signed each of

6   the four reports containing the misrepresentations about Riverstone's net revenues each quarter.

7   (Compl. 1, 5, 37).  Defendants knowingly or recklessly overstated the net revenue reported in

8   these four quarters by at least $29,613,000 because they included revenue from seventeen

9   transactions that contained payment terms, rights of return, exchange or cancellation, which

10  made it improper to recognize revenue under generally accepted accounting principles.[3]

11  (Compl. 1, 2, 3, 12, 34).  The defendants materially overstated net revenue each quarter by at

12  least $10,382,000 or 23.1% for the quarter ended September 1, 2001; $7,519,000 or 14.3% for

13  the quarter ended December 1, 2001; $7,658,000 or 17.55% for the quarter ended March 2, 2002;

14  and $4,054,000 or 15.56% for the quarter ended June 1, 2002.  These allegations are sufficient to

15  meet the particularity requirements of Rule 9(b) by identifying the misrepresentations made by

16  Pereira and Stanton in the SEC filings and why the statements were false and misleading at the

17  time they were made.

18          The defendants also contend the SEC has failed to plead scienter with particularity as to

19  each misrepresentation.  Defendants' Brief at 5-6.  However, the more stringent pleading

20  requirements set forth in the PSLRA do not apply to enforcement actions brought by the SEC.

21  To satisfy Fed R. Civ. P. 9(b), the SEC need only state that scienter existed.  *Fecht v. Price Co.*,

22  70 F.3d 1078, 1082 (9th Cir. 1985).  Scienter is a necessary element of a violation of Section

23  10(b) and Rule 10b-5.  Scienter is defined as a mental state embracing intent to deceive,

24  manipulate or defraud.  *Provenz v. Miller*, 102 F.3d 1478, 1491 (9th Cir. 1996). This element may

25  be satisfied by recklessness.  *SEC v. Dain Rausher*, 254 F.3d 852, 856 (9th Cir. 2001).  Reckless

26

27  [3]       The seventeen transactions are identified by the name of the customer, the amount of revenue improperly
28  attributed to the transactions and the quarter in which the revenue was improperly recognized.  (Compl. 44, 63, 74, 88, 91).

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1   conduct is conduct that consists of a highly unreasonable act, or omission, that is an extreme

2   departure from the standards of ordinary care and which presents a danger of misleading buyers

3   or sellers that is ether known to the defendant or is so obvious that the actor must have been

4   aware of it.  *Hollinger v. Titan Capital Corp*., 914 F. 2d 1564, 1568-69 (9th Cir. 1990).  Under

5   Rule 9(b), malice, intent, knowledge and any other condition of mind of a person may be averred

6   generally. See *Cooper v. Picket*, 137 F.3d 616, 627-28 (9th Cir. 1997), citing *In re GlenFed, Inc.*

7   *Sec. Litig.*, 42 F.3d 1541, 1546 (9th Cir. 1994) (en banc), *cert. denied*, 116 S. Ct 60 (1995).

8          The SEC alleges that Pereira and Stanton knew or were reckless in not knowing that it

9   was improper for Riverstone to recognize revenues on the contingent sales under generally

10  accepted accounting principles and that Riverstone's four reports overstated revenue as a result

11  of the contingent sales.  (Compl. 2-5).  The SEC also alleges that Pereira and Stanton were

12  responsible for Riverstone's accounting department and policies; reviewed or approved

13  contingent sales; knew or were reckless in not knowing that internal control weaknesses existed

14  and yet failed to devise an adequate system of internal controls or to take adequate steps to

15  rectify the weaknesses or properly record Riverstone's revenue.  (Compl. 2, 5, 92-94, 97).

16         Prior to signing the Form 10-Q for the quarter ending September 1, 2001, Pereira and

17  Stanton knew about the sell-through payment terms in the World Wide Technology (WWT)

18  transaction, but took no action to reverse the improper revenue recognition.  (Compl. 40, 47-50).

19  In addition, on September 20, 2001, Pereira and Stanton signed a representation letter to

20  Riverstone's outside auditors that stated there were no side agreements involving return rights

21  and revenues were reserved to the extent significant future obligations existed, which they failed

22  to correct after gaining knowledge of the sale-through payment term on the WWT transaction.

23  (Compl. 52).  Consequently Pereira and Stanton knew about the failure of the internal controls

24  with the WWT transaction, failed to remedy it or to report it to Riverstone's outside auditors,

25  thereby allowing the company to improperly recognize revenue on a contract containing sell-

26  through provisions (which alone comprised over 5% of Riverstone's net revenues for the

27  quarter), as well as seven additional transactions in that quarter that contained similar material

28  contingencies that made revenue recognition improper.  (Compl. 32, 33, 91a, b, c, d, e, l, m, 92-

1   94).

2       Similarly, prior to signing the Form 10-Q for the quarter ending December 1, 2001,

3   Pereira and Stanton knew about sales contingencies in the Vnetek transaction, but allowed

4   Riverstone to recognize revenue on the transaction anyway.  (Compl. 61-63).  Aware of the

5   continuing problem with internal controls and knowing that sell-through payment terms were

6   being concealed from Riverstone's outside auditors, they either knowingly or recklessly allowed

7   the company to improperly recognize revenue on the Vnetek transaction as well as six other

8   transactions during that quarter that also contained material contingencies in side agreements that

9   made revenue recognition improper.  (Compl. 39-44, 91 b, f, g, h, l, m).

10      Prior to signing the annual report for the period ended March 2, 2002, Pereira and

11  Stanton again represented to Riverstone's accountants on May 28, 2002 that none of Riverstone's

12  resellers had sell-through payment terms when in fact they knew about the terms in the WWT

13  and Vnetek transactions, and were reckless in failing to disclose contingent sales.  (Compl. 53,

14  67-74, 91 f, g, i, j, l, m ).  In sum, had Pereira and Stanton acted appropriately given their

15  knowledge, they could have prevented improper revenues from being recognized on contingent

16  sales in each of the four quarters alleged in the complaint.  Plaintiff's allegations taken together

17  meet the general pleading requirements for scienter.

18      The SEC also alleges that Pereira and Stanton violated Section 10(b) and Rule 10b-5 by

19  participating in a scheme to defraud investors by overstating revenue in order to convince

20  investors that Riverstone was a viable independent public company.  Pereira and Stanton

21  benefited from their illegal conduct by selling stock while Riverstone's stock price was inflated

22  by the overstated revenues.  (Compl. 1, 99, 200).  The scheme began on or about June 1, 2001 in

23  the first quarter in which Riverstone reported its financial results as an independent company.[4]

24  (Compl. 9).  As part of the scheme, Pereira and Stanton signed the four reports that overstated

25

26  [4]      Riverstone became a public company in February 2001, when it registered its common stock with the SEC
27  under Section 12(g) of the Exchange Act.  However, it was a majority owned subsidiary of Enterasys Networks Inc.
    until August 2001, when it was spun-off as an independent company.  Riverstone was required to file with the SEC
28  quarterly and annual reports on Forms 10-Q and 10-K that contained financial statements prepared in compliance
    with generally accepted accounting procedures.  (Compl. 9, 24, 26, 27).

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1  revenue.  (Compl. 9, 29, 34).  Pereira and Stanton were responsible for Riverstone's accounting

2  department and policies, and reviewed or approved transactions that contained material

3  contingencies that made revenue recognition improper.  (Compl. 2, 5).  They knew or were

4  reckless in not knowing, as a result of the WWT and Vnetek transactions, that the company's

5  internal accounting controls were weak and allowed improper recognition of revenue on

6  contingent sales.  (Compl. 5, 32-34, 40, 44, 63).  In spite of this knowledge, Pereira and Stanton

7  failed to devise an adequate system of internal controls and did not take any steps to rectify the

8  weaknesses, which allowed Riverstone to improperly recognize revenue on all of the seventeen

9  transactions that are alleged in the complaint.  (Compl. 5, 44, 63, 74, 88, 91, 97, 98).

10      In furtherance of the scheme, Pereira and Stanton also signed representation letters to

11  Riverstone's outside auditor on September 20, 2001, and May 28, 2002, in which they represent

12  there are no rights of return or side agreements.  Pereira signed an additional representation letter

13  on May 30, 2002 stating he had no knowledge of any side agreements for the period from March

14  4, 2001 to October 31, 2001.  (Compl. at 52-54).  Based on their knowledge of the sell-through

15  payment terms in the WWT and Vnetek transactions, the Pereira's and Stanton's statements to

16  the accountants were false and misleading.  (Compl at 55, 62-63).  Moreover, the fact that fifteen

17  other transactions also contained contingent sales terms that made revenue recognition improper,

18  demonstrates that Pereira and Stanton were at least reckless in making these representations to

19  the accountants.  (Compl. 65-91).

20      B.    Defendants' Motion to Strike Should Be Denied.

21      Pereira and Stanton request that the allegations related to sixteen of the seventeen

22  transactions in which revenue was improperly recognized be striken because the allegations do

23  not identify the role of Pereira and Stanton in each of these transactions.  Defendants' Brief at 6

24  & 15.  The complaint meets the particularity requirement of Rule 9(b) where it lists the dollar

25  amounts of overstated revenue for each of the four quarters from June 1, 2001 to June 1, 2002,

26  and states that the overstatements are the result of improperly recognizing revenue on

27  transactions that were subject to contingencies that made revenue recognition improper under

28  generally accepted accounting principles.  (Compl. 1, 2, 3, 29, 34, 36).  The SEC is not required

6

1   to identify specific transactions which make up the amount of improperly recognized revenue.

2   *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997).  These allegations meet the particularity

3   requirement of Rule 9(b).  The allegations are also necessary to identify the other defendants'

4   participation in the scheme to defraud.

5        In cases of corporate fraud where the false or misleading information is conveyed in

6   annual or quarterly reports or other "group-published information," it is reasonable to presume

7   that these are the collective actions of the officers.  *Wool v. Tandem Computers, Inc.*, 818 F.2d

8   1433, 1439 (9th Cir. 1987).  Plaintiff fulfills the particularity requirement of Rule 9(b) by

9   pleading the misrepresentations with particularity and where possible the roles of the individual

10  defendants in the misrepresentations.  Pereira and Stanton were more than "senior officers."

11  They were the chief executive officer and chief financial officer responsible for Riverstone's

12  accounting department and accounting policies, and reviewed or approved contingent sales.  *In*

13  *re Grupta Corp. Sec. Litig.,* Fed. Sec. L. Rep. (CCH) P 98,689 (N.D. Cal. 1995) (alleging

14  involvement in fraudulent accounting practices demonstrates outside directors involvement in

15  management to meet pleading requirements.)  They knew about problems with internal controls

16  that allowed the company to recognize revenue on transactions that contained sell-through

17  payment terms and other contingencies.  In spite of this knowledge, they allowed Riverstone to

18  improperly recognize revenue on these seventeen transactions, and signed the false quarterly and

19  annual reports that contained overstated revenue.  A person is liable for corporate statements that

20  bear his signature.  *Hurley v. FDIC*, 719 F. Supp. 27, 32 (D. Mass. 1989).

21       Pereira and Stanton move alternatively to strike the allegations identifying specific

22  transactions in which they and other defendants caused Riverstone to overstate revenue in the

23  four quarters from June 1, 2001 to June 1, 2002 that are contained in paragraphs 57 through 91.

24  Pereira or Stanton argue these allegations are superfluous to the claims made against them

25  because their names do not appear in the specific allegations as having been involved in the

26  negotiations of these transactions.  However, Plaintiff's complaint clearly alleges that Pereira and

27  Stanton were reckless as to each and every transaction alleged in the complaint.  (Compl. 32, 33).

28  Accordingly, the allegations pertaining to the specifics of these transactions are not superfluous,

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1    immaterial, or irrelevant.

2    V.    THE SEC IS NOT REQUIRED TO PLEAD AIDING AND ABETTING OF NON-
          SCIENTER VIOLATIONS WITH PARTICULARITY UNDER RULE 9(b).

3

4        Defendants' motion to dismiss the SEC's aiding and abetting claims in the Second,

5    Fourth and Fifth Claims should be denied because these claims are not subject to the

6    particularized pleading requirements of Rule 9(b). Defendants assert that Pereira and Stanton

7    can only be liable for aiding and abetting Riverstone's violations if they acted with knowledge,

8    and therefore the SEC must plead its aiding and abetting claims with the particularity required to

9    satisfy Rule 9(b). Defendants Brief at 10. However, the cases defendants cite do not support this

10   proposition. Both *SEC v. Fehn*, 97 F.3d 1276, 1288 (9th Cir. 1996), and *Neilson v. Union Bank of*

11   *California, N.A.*, 290 F. Supp. 2d 1101, 1131 (C.D. Cal. 2003), involve claims that the

12   defendants aided and abetted fraud violations, in which the heightened pleading requirements of

13   Rule 9(b) should apply.[5] However, the SEC alleges that Pereira and Stanton aided and abetted

14   violations of Section 13 and various rules by knowingly providing substantial assistance to

15   Riverstone's violations of the periodic reporting, internal controls, and books and records

16   requirements of the federal securities laws.[6] These violations do not involve fraud and require

17   no showing of scienter as an element of proof of the violation. *Ponce v. SEC*, 345 F.3d 722, 737

18   n. 10 (9th Cir. 2003); *Sec v. Yuen*, 2006 U.S. Dist. LEXIS 33938 at *115-116 (C.D. Cal. 2000).

19   Therefore, the particularized pleading requirements of Rule 9(b) do not apply to these non-fraud

20

21

22   [5]    Defendants also cite *Gordon v. Diagnostek, Inc.*, 812 F. Supp. 57, 62 (E.D. Pa. 1993) and *In re Storage*
23   *Tech. Corp. Sec. Litig.*, 147 F.R.D. 232, 234 (D. Colo. 1993), which both involve allegations of aiding and abetting
     fraud violations under Section 10(b) of the Exchange Act. The holdings in these cases do not support Defendants'
24   contention that allegations of aiding and abetting Section 13(a) and (b) of the Exchange Act must meet the
     particularized pleading requirements of Rule 9(b). *SEC v. Morris*, 2005 WL 2000665 (S.D. Tex. Aug 18, 2005) is
25   distinguishable, because the SEC has alleged facts that if proven would support an inference that Pereira and Stanton
     knowingly aided and abetted Riverstone's Section 13 and rules violations.

26

27   [6]    The SEC alleges Pereira and Stanton aided and abetted Riverstone's violations of Section 13(a),
     13(b)(2)(A) and 13(b)(2(B)(ii) and Rules 12b-20, 13a-1, 13a-13, and 13b2-1.

28

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1  claims.[7]

2      However, if the court determines that the pleading requirements of Rule 9(b) apply, then

3  the SEC has pled the aiding and abetting claims with sufficient particularity.  As discussed above,

4  the SEC has alleged facts that establish Pereira and Stanton knowingly provided substantial

5  assistance to Riverstone's violations when it filed one annual and three quarterly reports that

6  overstated revenue in each of the quarters.  Such substantial assistance includes, *inter alia*: (1)

7  failing to properly account for a sales transaction with WWT after gaining knowledge that

8  Defendant Feldman had granted a sell-through payment term, which resulted in materially

9  overstated revenues (Compl. 47-50); (2) approving material contingencies on sales transactions

10 for which revenues were improperly recognized (Compl. 2, 32, 40, 44, 62-63, 91); (3) reckless

11 indifference as to whether improper revenues were being recorded for contingent sales after

12 being specifically informed that such conduct had occurred at Riverstone (Compl. 33, 37, 94);

13 (4) failing to implement accounting policies to prevent improper revenue recognition that Pereira

14 and Stanton knew had occurred (Compl. 5, 33, 93, 97); (5) violating Riverstone's own revenue

15 recognition policy (Compl. 98); (6) providing false management representation letters to

16 Riverstone's outside auditors and omitting to disclose sales contingencies of which Pereira and

17 Stanton had knowledge (Compl. 6, 52-55); and (7) signing four periodic reports with the SEC

18 that contained the fraudulent revenues in Riverstone's financial statements (Compl. 36, 37).

19 Accordingly, although no heightened pleading is required regarding the SEC's Section 13 aiding

20 and abetting claims, the SEC has gone above and beyond the pleading requirements of Rule 9(b)

21 to give Pereira and Stanton ample information to permit them to answer the allegations in the

22 SEC's complaint.

23

24 [7]      In each of the non-fraud claims alleged under Section 13, the Defendants have attempted improperly to
   superimpose the heightened pleading standards of Rule 9(b) claiming the allegations "sound in fraud."  See
25 Defendants Brief at p. 10 n.8; p. 11 n. 10; and p.14 n.13.  The fact that the SEC has alleged fraud claims and non-
   fraud claims in one complaint does not change the elements of proof for the non-fraud claims.  It is improper for a
26 court to impose the heightened pleading standards of Rule 9(b) on causes of action that do not involve fraud.  See *In
   re GlenFed,* 42 F. 3d 1541, 1545 n. 3, *citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination
27 Unit,* 507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed. 2d 517 ( 1993) (improper to apply heightened pleading
   standards to civil rights claims)

28

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

VI.    THE SEC IS NOT REQUIRED TO PLEAD INTERNAL CONTROLS AND BOOKS
       AND RECORDS VIOLATIONS WITH PARTICULARITY UNDER RULE 9(b)

Plaintiff's Third Claim that Pereira and Stanton violated the internal controls, and books and records provisions of Section 13(b)(5) of the Exchange Act and Rule 13b2-1 is not a claim alleging fraud and therefore is not subject to the pleading requirements of Rule 9(b).  Precedent and the Commission's interpretive regulations establish that scienter is not an element of claims made under Section 13 of the Exchange Act and the regulations thereunder.  *SEC v. McNulty*, 137 F.3d 732, 740-41 (2d Cir. 1998).  In *McNulty*, the Second Circuit observed that Congress amended Section 13(b) in 1988 to impose *criminal* liability for "knowing[]" falsification, "plainly implying that falsification of the information to be filed in accordance with § 13(b) need not be knowing in order to lead to civil liability."  *Id.  See also Ponce v. SEC*, 345 F.3d 722, 737 n.10 (9th Cir. 2003) ("a plain reading of Section 13(b) reveals that it also does not impose a scienter requirement"); *SEC v. Yuen*, 2006 U.S. Dist. LEXIS 33938, *115-120 (C.D. Cal. March 16, 2006) (SEC not required to show scienter to establish violation of the periodic reporting, record keeping, and internal control requirements).  Contrary to the case law adopted in the Ninth Circuit, Defendants'cite *In re Weeks,* 2002 WL 169185 * 49 (Feb. 4, 2002) which holds scienter is required to establish a violation of Section 13(b)(5).  The holding in *Ponce* that scienter is not required for violations of Section 13(b) is controlling.

To prevail on its claim that Pereira and Stanton violated Section 13(b)(5), the SEC must establish that the defendants knowingly circumvented, knowingly failed to implement a system of internal accounting controls or knowingly falsified a book or record.  15 U.S.C. § 78m(b)(5).  To prevail on this claim that the defendants violated Rule 13b2-1, the SEC must establish that the defendant directly or indirectly, falsified or caused to be falsified, any book record or account that the company was required to maintained under the Exchange Act.  *SEC v. Lowy*, 396 F. Supp. 2d 225, 240 (E.D.N.Y. 2003).  "Congress's use of the term 'records' suggests that virtually any tangible embodiment of information made or kept by an issuer is within the scope of Section 13(b)(2)(A)."  *SEC v. World-Wide Coin Inv., Ltd*., 567 F. Supp. 724, 748-49 (N.D. Ga. 1983).

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1       Financial statements are records companies are required to maintain under the Exchange

2  Act.  As discussed above, Pereira and Stanton signed and filed four reports with the SEC that

3  contained false financial statements that materially overstated the company's revenue.  Pereira

4  and Stanton knew revenue was overstated, because they included revenue from the WWT and

5  Vnetek transactions, which were subject to sell-through payment terms that made revenue

6  recognition improper under generally accepted accounting principles.  It is reasonable to infer

7  from the inclusion of these transactions in the financial statements that the company's internal

8  accounting controls were not recording the sell-through payment provisions.  Although Pereira

9  and Stanton were alerted to the problem with the WWT transaction by the company's internal

10  controls related to accounts receivables, they knowingly circumvented the company's system of

11  internal accounting controls and allowed revenue to be recognized anyway.  Similarly, when they

12  approved the sell-through payment terms in the Vnetek transaction, they knew no internal

13  controls were in place or they circumvented the controls and improperly recognized revenue

14  from this transaction.  WWT and Vnetek are just two of at least seventeen transactions recorded

15  in the company's books and records that contained contingencies that made revenue recognition

16  improper.  Defendants knew there were no internal controls that required these contingencies to

17  be recorded in the company's books and records, and so they caused the books and records to be

18  inaccurate.  Although they were required to make affirmative representations that there were no

19  unrecorded side agreements, Pereira and Stanton falsely stated none existed when they knew of

20  the side agreements in WWT and Vnetek, and knew of or were reckless in not knowing of the

21  side agreements in the other fifteen transactions.  These allegations give Pereira and Stanton

22  adequate notice of their wrongdoing and meet the pleading requirements of Rule 8(e) and if

23  necessary the more particular pleading requirements of Rule 9(b).

24  VII.    THE SEC'S SIXTH CLAIM THAT PEREIRA AND STANTON MADE
               MISSTATEMENTS OR OMISSIONS TO ACCOUNTANTS IS NOT SUBJECT TO
25            THE PLEADING REQUIREMENTS OF RULE 9(B)

26       The Court should deny Defendants' request to dismiss the Sixth Claim alleging the

27  defendants made misstatements or omissions to Riverstone's accountants.  The Sixth Claim

28

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1  alleges Pereira and Stanton violated Rule 13b2-2.  As discussed above, precedent and the

2  Commission's interpretive regulations establish that scienter is not an element of claims made

3  under Section 13 of the Exchange Act and the regulations thereunder.  *SEC v. McNulty*, 137 F.3d

4  732, 740-41 (2d Cir. 1998); see also *Ponce v. SEC*, 345 F.3d 722, 737 n.10 (9th Cir. 2003) ("a

5  plain reading of Section 13(b) reveals that it also does not impose a scienter requirement"); *SEC*

6  *v. Yuen*, 2006 U.S. Dist. LEXIS 33938, *115-120 (C.D. Cal. March 16, 2006) (SEC not required

7  to show scienter to establish violation of Rule 13b2-2).

8      SEC specifically alleges that Pereira made false statements in representation letters sent

9  to Riverstone's outside accountants on September 20, 2001, May 28, 2002, and May 30, 2002.

10  (Compl. 36, 53-55).  On September 20, 2001, in connection with the quarterly review by

11  Riverstone's outside accountant, KPMG LLP, Pereira and Stanton both signed a representation

12  letter indicating that, among other things, all of Riverstone's sales transactions were final, there

13  existed no side agreements involving return rights, and that revenues were reserved to the extent

14  significant future obligations exist.  On May 28, 2002, Pereira, and Stanton also signed a

15  representation letter to Riverstone's outside accountant, Ernst & Young LLP ("E&Y"), in

16  connection with the year-end audit for the fiscal year ending March 2, 2002, stating that none of

17  Riverstone's resellers had sell-through payment terms.  On May 30, 2002, Pereira signed a

18  separate representation letter to E&Y stating that he had no knowledge of any side agreements

19  for the period March 4, 2001 to October 31, 2001.  These allegations are sufficient to meet the

20  particularity requirements of Rule 9(b).  They advise Pereira that he signed three, and Stanton

21  that he signed two letters to the accountants that made false statements that all sales transactions

22  were final, that no side agreements exist involving rights of return, that none of Riverstone's

23  resellers had sell-through payment terms.  Pereira and Stanton knew their statements were false

24  in light of the WWT and Vnetek transactions which included side agreements and sell-through

25  payment terms.  These allegations meet the notice pleading requirements of Rule 8(e) and more

26  particularized pleading requirements of Rule 9(b).

27

28

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1    VIII.    CONCLUSION

2

3        The SEC has pled its fraud claim against Pereira and Stanton with sufficient particularity

4    to meet the requirements of Rule 9(b).  Plaintiff's Second through Sixth Claims are not fraud

5    claims and do not need to comply with the particularity requirements of Rule 9(b).  They meet

6    the notice pleading requirements of Rule 8(e).  If the Court finds that the pleading requirements

7    of Rule 9(b) are applicable to the Second through Sixth Claims, the Plaintiff has pled sufficient

8    facts to advise the defendants of when and how they violated these provisions.  If the Court

9    determines that the Plaintiff has not sufficiently pled facts to support one or more of its claims,

10   Plaintiff requests leave to file an amended complaint.  Plaintiff respectfully requests that the

11   Court deny the motion to dismiss the claims against Pereira and Stanton, and deny their motion

12   to strike.

13       DATED:  January 19, 2007

14

15                                          Respectfully submitted,

16

17

18                                     s/Leslie J. Hughes_____

19                                     Leslie J. Hughes Esq. (Colo. 15043)

20

21

22                                     s/Lee C. Robinson_____

23                                     Lee C. Robinson (Colo. 32734)

24                                     Attorneys for Plaintiff

25                                     Securities and Exchange Commission
                                       1801 California Street, Suite 1500

26                                     Denver, CO  80202-2656
                                       Telephone            (303) 844-1000

27                                     Fax                      (303) 844-1068

28

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed the foregoing

PLAINTIFF'S OPPOSITION TO PEREIRA'S AND STANTON'S MOTION TO DISMISS with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following individuals at their e-mail addresses:

David Banie    david.banie@dlapiper.com, trina.walker@dlapiper.com

Angela Lucille Dunning    adunning@cooley.com,

Kara L. Erdodi    kara.erdodi@berliner.com, jwillson@berliner.com

William S. Freeman    freemanws@cooley.com, galancr@cooley.com

Rachael E. Meny    rem@kvn.com, efiling@kvn.com; pal@kvn.com

Nicolas Morgan    nicolas.morgan@dlapiper.com, jette.brasher@dlapiper.com

Elliot R. Peters    erp@kvn.com, efiling@kvn.com; aap@kvn.com

David Priebe    david.priebe@dlapiper.com, stacy.murray@dlapiper.com

Lee Conan Robinson    robinsonlc@sec.gov

David J. Schindler    david.schindler@lw.com, terri.lilley@lw.com, and
        kathryn.bowman@lw.com

Shana N. Stanton    sns@kvn.com, efiling@kvn.com; lhl@kvn.com; bdl@kvn.com

Neal J. Stephens    nstephens@cooley.com

Quyen Le Ta    qta@kvn.com

Frank R. Ubhaus    fru@berliner.com, cep@berliner.com

DATED:  January 19, 2007

s/Marla J. Pinkston
Marla J. Pinkston

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB