FRANK R. UBHAUS, CA STATE BAR NO. 46085
KARA L. ERDODI, CA STATE BAR NO. 221093
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
frank.ubhaus@berliner.com
kara.erdodi@berliner.com

ATTORNEYS FOR DEFENDANT LORI H. CORNMESSER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROMULUS S. PEREIRA; ROBERT B. STANTON; L. JOHN KERN; ANDREW D. FELDMAN; WILLIAM F. McFARLAND; LORI H. CORNMESSER,<br><br>　　　　　Defendants. | CASE NO.  C 06-6384 CRB<br><br>DEFENDANT LORI H. CORNMESSER'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>Date:　　　February 16, 2007<br>Time:　　　10:00 a.m.<br>Dept.:　　　8<br>Judge:　　　Hon. Charles R. Breyer |

I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 2006, the Securities and Exchange Commission ("SEC") filed its Complaint against various former officers and one former employee of Riverstone Networks, Inc. ("Riverstone"), a California-based company, alleging, inter alia, that the defendants undertook a scheme to inflate Riverstone's net revenues. Defendant Lori H. Cornmesser ("Cornmesser"), on behalf of herself and for no other defendant, filed her Answer to the SEC'S Complaint on or about December 11, 2006, which Answer asserted specific denials and raised a small number of applicable affirmative defenses. Cornmesser hereby opposes the SEC's motion to strike her Third affirmative defense (Negligence/Liability of Other Persons/Entities) and Fourth affirmative defense (Conduct of Others).

CASE NO.  C 06-6384 CRB
-1-
DEFENDANT LORI H. CORNMESSER'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

\FRU\715893.1
012507-13676001

1    Cornmesser's Third Affirmative Defense was set forth in her Answer as follows:

> As and for the third affirmative defense to the Complaint, and to each and every cause of action contained therein, this Answering Defendant alleges that the charges alleged in the SEC'S Complaint, if any, were caused by the negligence and liability of persons, firms, corporations, or entities other than this Answering Defendant, and for which this Answering Defendant is not responsible.

See, Cornmesser's Answer, ¶129.

Cornmesser's Fourth Affirmative Defense was set forth in her Answer as follows:

> As and for the fourth affirmative defense to the Complaint, and to each and every cause of action contained therein, this Answering Defendant alleges that Plaintiff's damages, if any, which this Answering Defendant expressly denies, were caused by persons, firms, corporations, or entities other than this Answering Defendant and for which this Answering Defendant is not responsible.

See, Cornmesser's Answer, ¶130.

The SEC's motion to strike the Third and Fourth Affirmative Defenses of Cornmesser's Answer to the Complaint has no real merit, but is designed to burden and harass Cornmesser, to cause delay in the progression of the case, and to prejudice the fact-finder before the case can be resolved on the merits. As discussed later in this opposition, the SEC has not met its burden of showing that no questions of fact exist, or that the affirmative defenses are irrelevant or frivolous. For all these reasons, the motion to strike should be denied.

II.    LEGAL STANDARD.

The SEC brings its motion under Federal Rule of Civil Procedure 12(f). Such motions to strike generally are regarded with disfavor, because they are often used as delay tactics, and because of the policy favoring resolution of cases on the merits. See, Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000); RDF Media Ltd. v. Fox Broadcasting Co., 372 F.Supp.2d 556, 566 (C.D. Cal. 2005); Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

As a preliminary matter, Cornmesser disputes a legal standard set forth in the SEC's moving papers. The SEC claims that conclusory assertions or citations to a doctrine or a statute are not sufficient to state an affirmative defense, and cite to Wyshack v. City Nat'l Bank, 607

1  F.2d 824, 827 (9th Cir. 1979), and a case called <u>Qarbon.com Inc. v. eHelp Corp.</u>, which the SEC cites as 315 F.Supp.2d 1046, 1048-1049 (N.D. Cal.2004)[1]. However, in <u>Wyshack v. City Nat'l Bank</u>, the Ninth Circuit actually found that the defendant *had* adequately pled its affirmative defense, stating, "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." <u>Id.</u>, at 827. To the extent it is relevant, the standard for pleading an affirmative defense sufficiently is whether Cornmesser's Answer gave the SEC fair notice of the defense. Cornmesser asserts that it did.

Rule 12(f) motions are proper only where a defense is insufficient as a matter of law. <u>Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,</u> 677 F.2d 1045, 1057 (5th Cir. 1982). Even then, most motions to strike affirmative defense are denied, as the standard is quite high. To prevail on a motion to strike an "insufficient defense," a plaintiff must show that there is no issue of *fact* that might allow the defense to succeed, nor any substantial question of law. <u>See</u>, <u>EEOC v. Bay Ridge Toyota, Inc.</u>, 327 F. Supp.2d 167, 170 (E.D. NY 2004) (emphasis in original). Before such a motion may be granted, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." <u>Systems Corp. v. American Telephone & Telegraph</u>, 60 F.R.D. 692, 694 (S.D. NY 1973); <u>Securities and Exchange Comm'n v. Sands</u>, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

It is true that a motion to strike is proper where an affirmative defense is clearly "irrelevant and frivolous" and its removal would avoid spending unnecessary time and money litigating the invalid defense. Also, defenses which would tend to "significantly complicate" the litigation are particularly vulnerable to a motion to strike. <u>Securities and Exchange Commission v. Gulf & Western Industries, Inc.</u>, 502 F. Supp. 343, 345 (D. DC 1980) (court granted motion to strike affirmative defenses charging SEC with improprieties in investigating claims against defendant). As will be discussed in this opposition, the affirmative defenses the SEC seeks to

---

[1] Cornmesser was unable to locate a case called <u>Qarbon.com Inc. v. eHelp Corp.</u>, at the 315 F. Supp.2d 1046 (N.D. Cal. 2004) citation or any other citation.

strike from Cornmesser's Answer are neither irrelevant nor frivolous, and would not significantly complicate the litigation, and thus should not be stricken.

A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Le Duc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Such motions, however, are rarely granted.  If there is any doubt as to the relevance of the challenged allegations, courts err on the side of permitting the allegations to stand, particularly where the moving party shows no prejudice therefrom.  Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc., 719 F. Supp. 1072, 1073 (M.D. Fla. 1989).

Finally, as with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

III.   ARGUMENT.

    A.   <u>Cornmesser's Third and Fourth Affirmative Defenses Involve Factual Questions, So the Motion to Dismiss Must Be Denied.</u>

The SEC argues in its moving papers that Cornmesser may not avail herself of a "negligence-based defense that the conduct of other parties proximately caused the harm to investors alleged in the Complaint."  See, Plaintiff's Motion, 5:15-16.  The SEC cites Securities Exchange Comm'n v. Blavin, 760 F.2d 706, 711 (6th Cir. 1985), for the proposition that the SEC does not need to prove actual loss caused by a defendant's conduct in order to establish that defendant's liability, or the SEC's right to relief against him or her.  Cornmesser asserts that the SEC construes the Blavin holding too broadly.  The Sixth Circuit spoke to whether the Commission was required to prove actual loss, *not* to whether the Commission was required to prove the loss was the result of the defendant's wrongdoing.

In Blavin, the defendant was operating an investment advisor business without being registered as required by the Investment Advisors Act of 1990, and distributing newsletters in which he recommended the purchase of securities of companies in which he had recently acquired interest.  Blavin did not disclose his ownership interest in the companies, and also

CASE NO. C 06-6384 CRB      -4-
DEFENDANT LORI H. CORNMESSER'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

1  misrepresented to investors material information regarding the companies suggested in the

2  newsletters. In affirming the grant of a motion for summary judgment against <u>Blavin</u>, the Sixth

3  Circuit stated,

4  > [W]hether or not investors detrimentally relied on Blavin's misstatements is not material to the present suit. Unlike private
5  > litigants seeking damages, the Commission is not required to prove that any investor actually relied on the misrepresentations or that
6  > the misrepresentations caused any investor to lose money.

7  <u>Id.</u>, at 711.

8  To suggest that Blavin stands for the proposition that the SEC does not have to prove that

9  it was a certain defendant's wrongdoing which caused loss, would be to relieve the SEC of any

10  burden of proof as a plaintiff. Nevertheless, the affirmative defenses in Cornmesser's Answer

11  which the SEC seeks to strike do not state or suggest that investors did not actually rely on any

12  alleged misrepresentations. Rather, Cornmesser's Third Affirmative Defense provides that the

13  wrongful deeds or negligence alleged in the SEC'S complaint, if such deeds or negligence

14  actually happened, was not done by Cornmesser. <u>See</u>, Cornmesser's Answer, ¶129. Nor does

15  Cornmesser's Fourth Affirmative Defense state or suggest that the wrongdoing or negligence

16  alleged in the SEC'S Complaint did not cause investors to suffer any losses. Instead,

17  Cornmesser's Fourth Affirmative Defense assumes for the sake of the pleading that if losses

18  were suffered, those losses were not caused by Cornmesser. <u>See</u>, Cornmesser's Answer, ¶130.

19  The question of whether Cornmesser did or did not engage in the commission or omission of acts

20  alleged in the Complaint, and the question of whether the losses were caused not by Cornmesser,

21  but by someone else, are questions of *fact*.

22  The SEC has not met its burden of showing that there is no issue of fact that might allow

23  the defense to succeed, nor any substantial question of law. <u>EEOC v. Bay Ridge Toyota, Inc.</u>,

24  supra, 327 F. Supp.2d at 170. The SEC has not shown that under no set of circumstances could

25  the defense succeed. <u>Systems Corp. v. American Telephone & Telegraph</u>, supra, 60 F.R.D. at

26  694; <u>Securities and Exchange Comm'n v. Sands</u>, supra, 902 F. Supp. at 1165. Therefore, the

27  SEC'S motion to strike Cornmesser's Third and Fourth Affirmative Defenses should be denied.

28  ///

\FRU\715893.1
012507-13676001

CASE NO. C 06-6384 CRB                    -5-
DEFENDANT LORI H. CORNMESSER'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

B.   Cornmesser's Third and Fourth Affirmative Defenses are Not "Irrelevant or Frivolous."

The SEC also attempts in its moving papers to convince this Court to strike Cornmesser's Third and Fourth Affirmative Defenses by dismissing them as a "diversionary tactic of making irrelevant allegations against other unnamed persons." See, Plaintiff's Motion, 5:26-27. Nothing could be further from the truth. The question of whether Cornmesser did or did not engage in the acts and/or omissions alleged in the Complaint, and whether any losses were caused by Cornmesser or by another person or entity, are relevant and important factual questions -- and questions that are central to the portion of this case which involves her.

The SEC cites Securities Exchange Commission v. Thorn[2], 2002 WL 31412440 (S.D. Ohio Sept. 30, 2002), to support its erroneous position that an affirmative defense alleging negligence or voluntary conduct of others should be stricken. In Thorn, the defendants allegedly conducted a series of fraudulent investment schemes to raise at least $63.5 million for the purported purpose of investing in European bank trading programs, which programs allegedly generated high investment returns with little or no risk. The affirmative defense in question in Thorn was that any right to disgorgement or penalties against the defendants were barred or reduced by the negligence, fraud or voluntary conduct of others which proximately caused or contributed to such difficulties as any investors suffered. The court granted the motion to strike because it was insufficiently pleaded, and stated that "acts of third parties relevant to investor losses may be probative of issues raised in this case." Thorn, at *10.

Here, where there is a factual dispute as to whether Cornmesser committed the acts alleged in the complaint, the acts of third parties are certainly of probative value and material to this case. The SEC cannot in good faith claim that the question of whether Cornmesser did or did not engage in the acts and/or omissions alleged in the Complaint, and whether any losses were caused by Cornmesser or by another person or entity, are matters which "could have no possible bearing on the subject matter of the litigation." See, Le Duc v. Kentucky Central Life

---

[2] Securities Exchange Commission v. Thorn is not reported in F.Supp.2d.

Ins. Co., supra, 814 F. Supp. at 830 (N.D. Cal. 1992). Further, allowing Cornmesser's Third and Fourth Affirmative Defenses to stand would not result in any additional time or expense at trial, nor add complication to a litigation where one of the central issues is whether Cornmesser committed securities violations or aided and abetted in the commission of securities violations. The Third and Fourth Affirmative Defense are not irrelevant or frivolous. The SEC'S motion to strike Cornmesser's Affirmative Defenses should be denied.

### C. The SEC Has Stipulated to Substantially the Same Affirmative Defense with Another Defendant.

On or about January 11, 2007, the SEC entered into a Stipulation and Proposed Order Permitting the Filing of the First Amended Answer of L. John Kern and Withdrawing Plaintiff's Motion to Strike as to Defendant John L. Kern, and filed these documents with the court. See, Cornmesser's Request for Judicial Notice, ¶1, Exhibit A. The SEC and Defendant L. John Kern ("Kern") stipulated that Kern should be permitted to file an amended answer. In his amended answer, Kern raises the following as his second affirmative defense:

> **No Liability for Violations of Others**. The SEC is barred from obtaining any relief sought against Kern in the Complaint because, to the extent that any of the acts, omissions, or violations of law alleged in the Complaint occurred, such acts, omissions, or violations were not committed by Kern, but were committed by others.

See, Cornmesser's Request for Judicial Notice, Exhibit A, 7:15-20.

Kern's second affirmative defense, while worded slightly differently, contains the same substance as Cornmesser's Third and Fourth Affirmative Defenses. Kern's affirmative defense was not attacked in the SEC'S motion to strike. The affirmative defenses are not irrelevant or frivolous. They do not fail as a matter of law. They are viable, as the SEC has not shown that no question of fact exists. The motion to strike Cornmesser's Third and Fourth Affirmative Defenses should be denied.

### D. Cornmesser's Affirmative Defenses Do Not Constitute Cross-Claims.

The SEC also seeks to strike Cornmesser's Third and Fourth Affirmative Defenses on the ground that "they constitute cross-claims against other persons…" See, Plaintiff's Motion, 6:2-3. It follows, the SEC continues, that the affirmative defenses/cross-

\FRU\715893.1
012507-13676001

CASE NO. C 06-6384 CRB                             -7-
DEFENDANT LORI H. CORNMESSER'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

1  claims are barred because no party may consolidate an enforcement action instituted by the SEC
2  with any other actions not brought by the SEC.  It is entirely unclear from the SEC'S moving
3  papers how an affirmative defense – even one claiming fault or negligence of another –
4  constitutes a cross-claim, which is an entirely separate legal concept.  Cornmesser has not filed
5  any cross-claims, nor attempted to consolidate or coordinate this enforcement action brought by
6  the SEC with any private or other action.  The SEC'S motion to strike Cornmesser's Third and
7  Fourth Affirmative Defenses should be denied.

## IV. CONCLUSION.

As argued earlier in this motion, Cornmesser asserts that the SEC'S motion to strike her Third and Fourth Affirmative Defenses should be denied, on the ground that the defenses are neither irrelevant nor frivolous, would not add additional time or expense to the litigation, would not "significantly complicate" the litigation, and have material bearing on the subject matter of this litigation.  Questions of fact exist as to Cornmesser's alleged acts and/or omissions, or whether the acts and/or omissions charged in the complaint are attributable to another person or entity.  The SEC has failed to meet the high standard of successfully pleading a motion to strike an affirmative defense, and its motion should be denied.

If, however, the Court does grant the SEC'S motion, Cornmesser respectfully requests that the Court grant her leave to amend her Answer to cure any alleged defects in her affirmative defenses.

DATED:  JANUARY 26, 2007          BERLINER COHEN

BY: _____
FRANK R. UBHAUS
ATTORNEYS FOR DEFENDANT LORI H. CORNMESSER