LESLIE J. HUGHES (CO Bar No. 15043) (hugheslj@sec.gov )
LEE C. ROBINSON (CO Bar No. 32734) (robinsonlc@sec.gov )
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, Colorado 80202-2656
Telephone: (303) 844-1000
Fax: (303) 844-1068

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>PEREIRA, et al.<br><br>     Defendants. | Case No. 3: 06-CV-6384 CRB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANTS MCFARLAND AND CORNMESSER**[1]<br><br>Date: February 16, 2007<br>Time: 10:00 am<br>Courtroom: 8<br>Judge: Hon. Charles R. Breyer |

  Plaintiff, Securities and Exchange Commission ("SEC"), hereby submits this Reply in support of its Motion to Strike Affirmative Defenses of McFarland and Cornmesser, and states as follows:

//

//

---

[1] Plaintiff's motion to strike has been resolved by stipulation as to Defendant Kern. [Docket No. 29]

Plaintiff's Reply In Support of Its Motion to Strike Affirmative Defenses
Case No. 06-CV-06384 CRB

**A.      Irrelevance Is Not the Only Basis to Grant a Motion to Strike**

McFarland's and Cornmesser's argument that if an asserted defense touches upon relevant facts, it cannot be stricken misstates the legal standard under Fed. R. Civ. P. 12(f). Plaintiff objects to McFarland's and Cornmesser's defenses of conduct of or reliance on others because such defenses are invalid in an SEC enforcement proceeding or insufficiently pled, rather than due to the complete irrelevance of the underlying facts. When an affirmative defense is legally insufficient, it may be stricken. See Fed. R. Civ. P. 12(f); S.E.C. v. Keating, 1992 WL 207918, at *2 (C.D. Cal. July 23, 1992) (citing Vokal v. United States, 177 F.2d 619, 623 (9th Cir. 1949)). In addition, although facts alleged in support of a well-plead defense are assumed to be true, mere conclusory assertions or citations to a doctrine or a statute are not sufficient to state an affirmative defense, as the same pleading standards that apply to complaints apply to affirmative defenses. See Wyshack v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979); see also Qarbon.com Inc. v. eHelp Corp., 315 F. Supp.2d 1046, 1048-49 (N.D. Cal. 2004) (defendant must plead required elements of affirmative defense).[2]

Even if Cornmesser and McFarland can establish the facts (which have not been pled) upon which their conduct of others defenses are based, they would still not constitute a viable legal defense to the violations alleged in the Complaint and they will only serve to confuse the jury. See S.E.C. v. Rana Res. Inc., 8 F.3d 1358, 1364 (9th Cir. 1993) (stating that SEC is not required to prove defendant caused any losses to prove a securities fraud violation). Accordingly, Cornmesser's and McFarland's lengthy discussion of how the actions of others may be relevant to various issues in this case misses the point of Plaintiff's motion to strike their affirmative defenses as legally insufficient. Furthermore, as discussed below, McFarland's boilerplate reliance on others defense is insufficiently pled to give the SEC fair notice of a viable defense or how it might relate to this case. Moreover, assuming Plaintiff meets its burden of proof on scienter, McFarland's purported reliance on others is insufficient as an affirmative

---

[2] Counsel for Cornmesser indicated that they could not locate the Qarbon.com opinion at 315 F. Supp. 2d 1046, so a copy is attached hereto as Exhibit A.

2
Plaintiff's Reply In Support of Its Motion to Strike Affirmative Defenses
Case No. 06-CV-06384 CRB

defense in an SEC enforcement proceeding.  See S.E.C. v. Savoy Indus., Inc., 665 F.2d 1310, 1314 n.28 (9th Cir. 1985) (reliance on others does not operate as an automatic defense).

**B.     Because the SEC Does Not Have to Prove Defendants Caused Any Investor Losses to Prevail on Its Claims, McFarland's and Cornmesser's Defenses of Conduct of Others Are Insufficient as a Matter of Law**

Contrary to Cornmesser's and McFarland's arguments, federal law in the Ninth Circuit is clear that the SEC does not have to prove defendants caused any investor losses to prevail on its claims that defendants violated the securities laws.  See S.E.C. v. Rana Res. Inc., 8 F.3d 1358, 1364 (9th Cir. 1993) (defining the elements that the SEC must prove to establish a Rule 10b-5 violation not to include causation of losses), aff'g, 1990 WL 267365, at *20 (C.D. Cal. 1990). Moreover, Cornmesser's position that the SEC has misinterpreted S.E.C. v. Blavin, is contradicted by the plain language of the Blavin opinion stating that "the [Securities and Exchange] Commission is not required to prove . . . that the misrepresentations ***caused any investor to lose money***." 760 F.2d 706, 711 (6th Cir. 1985) (emphasis added).  The absence of a causation element is especially true as to the non-scienter violations alleged against Cornmesser,[3] for which she cites no authority to the contrary.  Accordingly, the negligence-based causation defenses of superseding or intervening acts of third parties are invalid in the context of this SEC enforcement action and should be stricken.[4]

//

---

[3] Plaintiff alleges Cornmesser violated or aided and abetted violations of the books and records provisions of Sections 13(b)(2)(A) and 13(b)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78m(b)(2)(A) and 13(m)(5)] ("Exchange Act") and Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2].

[4] Plaintiff disagrees with Cornmesser's assessment of the Thorn case because the court found the defense at issue, as pled, was "legally insufficient" and notes that the case further undercuts McFarland's and Cornmesser's argument that an insufficient affirmative defense cannot be stricken whenever it touches upon relevant underlying facts.  See S.E.C. v. Thorn, 2002 WL 31412440, at *3 (S.D. Ohio Sept. 30, 2002) (striking affirmative defense that acts of others caused or contributed to investor harm and thus offset the SEC's remedies of disgorgement or penalties even though the court stated that the acts of third parties might be probative of issues in the case).

## C. Although Not Pled as Cross-Claims, Section 21(g) Still Bars Defendants Conduct of Others Defenses

Both Cornmesser and McFarland state that they have not asserted a cross-claim in this case and that their affirmative defenses regarding the conduct of others are therefore not barred by Section 21(g) of the Exchange Act. Whether or not they have pled their conduct of others defenses as cross-claims or affirmative defenses, the intended effect is the same – their liability for the SEC's claims should be offset by the liability of a third party. As such, the prohibition of § 21(g) fairly extends to these defenses. If McFarland and Cornmesser seek to offset their liability for securities laws violations based on the actions of others, they must bring an indemnification or contribution claim against those persons in a separate lawsuit. See SEC v. Keating, 1992 WL 207918, at *3 (C.D. Cal. 1992) (affirmative defenses of indemnification or contribution from third parties are improper cross claims under Section 21(g)).

## D. Conduct of Others Is an Insufficient Affirmative Defense Even When the SEC Seeks Third Tier Civil Penalties

McFarland contends that the conduct of others may be relevant to the issue of whether a third-tier penalty can be imposed against him in this case. However, neither S.E.C. v. Coates, 137 F. Supp. 2d 413 (S.D.N.Y. 2001), nor S.E.C. v. Keating, 1992 WL 207918 (C.D. Cal. 1992), cited by McFarland, hold that the conduct of others is a defense to the imposition of civil penalties (which are not damages) that the SEC is seeking under Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3). To the contrary, in Keating, the court dismissed an affirmative defense of proximate cause. Id. at *3. Moreover, McFarland's own argument presumes that the conduct of others is not a complete defense or bar, but rather just a factor mitigating the *size* of the penalty to be imposed *by the Court* for the proven violations. Accordingly, McFarland's Fourth Affirmative defense remains legally insufficient and should be stricken.

//

//

**E. The SEC Has Not Conceded That Cornmesser's Conduct of Others Defenses Are Valid by Failing to Object to Kern's Amended Answer**

Cornmesser's assertion that Plaintiff has essentially conceded that her conduct of others defenses are valid because the SEC did not object to the Second Affirmative Defense[5] in Kern's Amened Answer is incorrect. In fact, Plaintiff offered Cornmesser, through her counsel, the opportunity to stipulate to an amended answer using the same defense asserted by Kern in lieu of her Third and Fourth Affirmative Defenses, but the SEC received no response to this offer. Cornmesser's refusal to file the proposed amended answer acknowledges that these defenses are not the same. It is the SEC's understanding that Cornmesser's defenses relate to causation while Kern's relate to vicarious liability. These are two very different legal concepts. Accordingly, the fact that the SEC has stipulated to Kern filing his Amended Answer has no bearing on the motion to strike Cornmesser's invalid affirmative defenses.

**F. McFarland's Reliance Upon Others Defense Is Not Sufficiently Pled to Give the SEC Fair Notice of a Legally Viable Defense**

Assuming, arguendo, that reliance upon others may, in some instances, negate a defendant's scienter, McFarland has failed to pled even minimal facts that would give the SEC notice of whether such a defense exists or is viable in this case. McFarland's Second Affirmative Defense does not set forth the elements of a reliance on others defense by failing to identify: (a) the person(s) upon whom he relied and whether such individuals were professionals or experts regarding the subject matter in question; (2) upon what information or advice he relied and the purpose for which such advice was sought; (3) that he made complete disclosure; or (4) how he acted in good faith so as to be entitled to rely upon the information or advice he received. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp.2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defense as not providing "fair notice" when defendant failed to plead the required elements of the defense); cf. S.E.C. v. Goldfield Deep Mines Co., 758 F.2d 459, 467 (9th Cir. 1985) (setting forth the required elements for the reliance upon counsel defense); 15 U.S.C. §

---

[5] Kern's Second Affirmative Defense states he is not liable for violations of law not committed by him. [Docket No. 28, Amended Answer attached at Exhibit A]

77k(b)(3)(B) (stating that the reliance upon third party expert affirmative defense to strict liability for false statements in registration statements under Section 11 of the Securities Act of 1933 requires a defendant to prove that he had no reasonable ground to believe and did not believe that the statements were untrue). Instead, McFarland's Second Affirmative Defense is just a boilerplate and conclusory assertion of a legal theory, which is inapplicable here because the required elements are not pled.

Even taking McFarland's arguments in his Opposition to Plaintiff's motion to strike regarding the WWT transaction as true and that he "could have concluded that the [WWT sales contingencies] had been raised to the highest levels at the company and would be dealt with appropriately," McFarland Opp. at 7, this does not establish a viable reliance on others defense in this case. It is not enough that McFarland was aware that others knew of sales contingencies where he was Riverstone's vice president of finance, knowledgeable of revenue recognition rules regarding contingent sales, and primarily responsible for Riverstone's financial reporting, and absent any allegations that he was provided reasonable accounting guidance by others that the transaction was, in fact, properly recorded.[6] See Goldfield Deep Mines, 758 F.2d at 467 ("If a company officer knows that the financial statements are false or misleading and yet proceeds to file them, the willingness of an accountant to give an unqualified opinion with respect to them does not negate the existence of the requisite intent or establish good faith reliance."); S.E.C. v. Autocorp Equities, Inc., 2002 WL 1771608, at *4 (D. Utah Aug. 4, 2004) (granting summary judgment against corporate president for securities fraud when he acquired knowledge that CDs

---

[6] The case of S.E.C. v. Todd, 2006 WL 1564892 (S.D. Cal. May 30, 2006), cited by McFarland, is distinguishable. The Todd court found that, in the absence of evidence showing that he knew of the applicable accounting principles, a non-accountant CEO did not act recklessly when he referred an accounting irregularity to accounting and ethics officials and was informed that the accounting concerns had been addressed. Id. at *7. In his reliance upon others defense, McFarland has not pled that he was unaware of the applicable revenue recognition rules in his role as Riverstone's vice president of finance or that he was ever informed that the WWT transaction was properly recorded as revenue.

Plaintiff's Reply In Support of Its Motion to Strike Affirmative Defenses
Case No. 06-CV-06384 CRB

were false after having a CPA authenticate them).[7]  Moreover, assuming as true that McFarland first learned of the WWT side agreement terms on October 11, 2001, after the close of Riverstone's fiscal quarter, it still reflects that internal accounting control weaknesses existed at Riverstone and that McFarland knew of them and rebuts McFarland's argument to the contrary. As pled, McFarland's Second Affirmative Defense fails to give the SEC notice of a viable defense, and it should therefore be stricken.

**G.     McFarland's Reliance on Others Affirmative Defense Is Insufficient as a Matter of Law Because It Is Only a Non-Controlling Factor to Be Considered by the Court In Fashioning a Remedy**

Finally, McFarland has failed to present any authority that calls into doubt the federal case law establishing that reliance upon others is not a complete defense or bar to the SEC's claims in this case, but rather only one factor to be considered ***by the Court*** in determining whether to grant injunctive relief for the proven violations.  See SEC v. Savoy Indus., Inc., 665 F.2d 1310, 1314 n.28 (9th Cir. 1985) (reliance does not operate as an automatic defense). McFarland's reliance on the Fourth Circuit Dellastatious case is misplaced.  The Dellastatious case is a private securities action addressing control person liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), for which "good faith" is a recognized affirmative defense, rather than an SEC enforcement action for a direct violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.  See Dellastatious v. Williams, 242 F.3d 191, 194 (4th Cir. 2001). Therefore, the Dellastatious opinion is inapposite and does not contradict the grounds for Plaintiff's motion to strike.  Moreover, McFarland's Opposition does not explain why the federal case law cited by Plaintiff regarding the reliance on counsel defense is not analogous to reliance on other third parties.  In sum, if Plaintiff has otherwise met its burden of proof regarding the

---

[7] McFarland misstates the holding of S.E.C. v. Autocorp Equities, Inc., 292 F. Supp. 2d 1310, 1324-25 (D. Utah 2003).  Contrary to his assertion, the Autocorp Equities court did not "grant[] summary judgment to a CEO," McFarland Opp. at 6, but rather initially denied the SEC's motion for summary judgment against the company's president for securities fraud, see id. at 1325; which it subsequently ***granted***.  SEC v. Autocorp Equities, Inc., 2004 WL 1771608, at *4 (D. Utah Aug. 4, 2004)

7

Plaintiff's Reply In Support of Its Motion to Strike Affirmative Defenses
Case No. 06-CV-06384 CRB

elements of its claims (including scienter), reliance on others will not provide a viable affirmative defense to McFarland and it should thus be stricken.

## CONCLUSION

For the reasons set forth above and in Plaintiff's original motion to strike [Docket No. 26], the Court should strike McFarland's Second, Fourth, and Tenth[8] Affirmative Defenses, and Cornmesser's Third and Fourth Affirmative Defenses.

DATED: February 2, 2007

Respectfully submitted,

s/Leslie J. Hughes
Leslie J. Hughes, Esq. (Colo. 15043)

s/Lee C. Robinson
Lee C. Robinson, Esq. (Colo. 32734)

Attorneys for Plaintiff SEC

---

[8] McFarland does not oppose Plaintiff's motion as it relates to his Tenth Affirmative Defense.

# CERTIFICATE OF SERVICE

I, Leslie J. Hughes, declare under penalty of perjury under the laws of the State of Colorado that on February 2, 2007, I electronically filed the Plaintiff's Motion to Strike Affirmative Defenses of Defendants Kern, McFarland and Cornmesser and a Proposed Order with the Electronic Case Filing system which will send notification of such filing to the following attorneys for the parties at the email addresses listed below:

David Banie   david.banie@dlapiper.com, trina.walker@dlapiper.com

Angela Lucille Dunning   adunning@cooley.com,

Kara L. Erdodi   kara.erdodi@berliner.com, jwillson@berliner.com

William S. Freeman   freemanws@cooley.com, galancr@cooley.com

Rachael E. Meny   rem@kvn.com, efiling@kvn.com; pal@kvn.com

Nicolas Morgan   nicolas.morgan@dlapiper.com, jette.brasher@dlapiper.com

Elliot R. Peters   erp@kvn.com, efiling@kvn.com; aap@kvn.com

David Priebe   david.priebe@dlapiper.com, stacy.murray@dlapiper.com

Lee Conan Robinson   robinsonlc@sec.gov

David J. Schindler   david.schindler@lw.com, terri.lilley@lw.com, and
    kathryn.bowman@lw.com

Shana N. Stanton   sns@kvn.com, efiling@kvn.com; lhl@kvn.com; bdl@kvn.com

Neal J. Stephens   nstephens@cooley.com

Quyen Le Ta   qta@kvn.com

Frank R. Ubhaus   fru@berliner.com, cep@berliner.com

DATED: February 2, 2007

                                               s/ Leslie J. Hughes
                                               Leslie J. Hughes, Esq. (Colo. 15043)