Westlaw.

315 F.Supp.2d 1046                                                                          Page 1

315 F.Supp.2d 1046
**(Cite as: 315 F.Supp.2d 1046)**

**c**
Briefs and Other Related Documents
Qarbon.com Inc. v. eHelp Corp.N.D.Cal.,2004.
United States District Court,N.D. California.
San Jose Division.
QARBON.COM INCORPORATED, Plaintiff,
v.
EHELP CORPORATION, Defendant.
**No. C 03-04319 JW.**

Feb. 26, 2004.

**Background:** Owner of patent for system to create media presentations of computer software sued competitor for infringement. Owner moved to dismiss or strike competitor's affirmative defenses and counterclaims.

**Holdings:** The District Court, Ware, J., held that:

(1) defendant's conclusory affirmative defenses would be stricken, with leave to amend, for failure to provide plaintiff with fair notice, and

(2) its conclusory counterclaims would be dismissed, with leave to amend, for failure to provide factual bases.

Motion granted.
West Headnotes
**[1] Federal Civil Procedure 170A ☞673**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(B) Complaint
            170AVII(B)1 In General
                170Ak673 k. Claim for Relief in General. Most Cited Cases
Plaintiff need not set out in detail facts upon which claim is based; rather, all that is required is short and plain statement of claim that will give

defendant fair notice of what plaintiff's claim is and grounds upon which it rests. Fed.Rules Civ.Proc.Rule 8(b), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ☞1838**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
            170AXI(B)5 Proceedings
                170Ak1837 Effect
                    170Ak1838 k. Pleading Over. Most Cited Cases
In event pleading is dismissed for failure to state claim, leave to amend must be granted unless court determines that allegation of other facts could not cure deficiency. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[3] Federal Civil Procedure 170A ☞1150**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1149 Effect of Determination
                170Ak1150 k. Pleading Over. Most Cited Cases
If court chooses to strike deficient or otherwise improper defense, leave to amend should be freely given so long as there is no prejudice to opposing party. Fed.Rules Civ.Proc.Rule 12(f), 28 U.S.C.A.

**[4] Patents 291 ☞310.7(4)**

291 Patents
    291XII Infringement
        291XII(C) Suits in Equity
            291k309 Pleading
                291k310.7 Plea and Answer
                    291k310.7(4) k. Answer in General. Most Cited Cases
Patent infringement defendant's conclusory affirmative defenses of waiver, estoppel, and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit
A

315 F.Supp.2d 1046                                                                                      Page 2

315 F.Supp.2d 1046
**(Cite as: 315 F.Supp.2d 1046)**

unclean hands would be stricken, with leave to amend, for failure to provide plaintiff with fair notice; defendant merely referred to doctrines, without setting forth their elements or any factual basis for their application. Fed.Rules Civ.Proc.Rule 12(f), 28 U.S.C.A.

**[5] Patents 291 ☞310.7(5)**

291 Patents
    291XII Infringement
        291XII(C) Suits in Equity
            291k309 Pleading
                291k310.7 Plea and Answer
                    291k310.7(5) k. Counterclaim in Answer. Most Cited Cases
Patent infringement defendant's conclusory counterclaim for declaration of patent's invalidity would be dismissed, with leave to amend, for failure to state claim; although actual controversy existed, given existence of underlying infringement claim, counterclaim failed to provide any factual basis for invalidating patent. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[6] Federal Civil Procedure 170A ☞636**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(A) Pleadings in General
            170Ak633 Certainty, Definiteness and Particularity
                170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Patent infringement defendant's counterclaim for unfair competition under California law, alleging " unlawful, unfair or fraudulent business practices," was not grounded in fraud, and thus did not have to meet fraud pleading particularity requirements; factual allegations underlying claim, which was based on knowingly false representations about patent, did not include any intent to defraud or justifiable reliance. West's Ann.Cal.Bus. & Prof.Code § 17200; Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[7] Patents 291 ☞310.7(5)**

291 Patents

291XII Infringement
    291XII(C) Suits in Equity
        291k309 Pleading
            291k310.7 Plea and Answer
                291k310.7(5) k. Counterclaim in Answer. Most Cited Cases
Patent infringement defendant's conclusory counterclaim for unfair competition would be dismissed, with leave to amend, for failure to allege claim with reasonable particularity; counterclaim did not provide factual basis for its allegation that plaintiff knew or should have known that patent was invalid or not infringed when it filed infringement action. Fed.Rules Civ.Proc.Rules 8(b), 12(b)(6), 28 U.S.C.A.

**Patents 291 ☞328(2)**

291 Patents
    291XIII Decisions on the Validity, Construction, and Infringement of Particular Patents
        291k328 Patents Enumerated
            291k328(2) k. Original Utility. Most Cited Cases
6,404,441. Cited.

**\*1047** Charles John Kulas, John Wade Carpenter, Carpenter & Kulas, LLP, Palo Alto, CA, for Plaintiff.
Ann M. Heimberger, Quinn Emanuel Urquhart Oliver & Hedges L., San Francisco, CA, Claude M. Stern, Quinn Emanuel et al, Redwood City, CA, Kent M. Walker, Cooley Godward LLP, San Diego, CA, for Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND**
WARE, District Judge.

**I. INTRODUCTION**

In this patent infringement case, the Court considers whether affirmative defenses and counterclaims stated in conclusory terms provide sufficient notice under Rule 8 of the Federal Rules of Civil Procedure . Plaintiff Qarbon.com Incorporated ("Qarbon")

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

315 F.Supp.2d 1046
**(Cite as: 315 F.Supp.2d 1046)**

filed a motion to dismiss Defendant eHelp Corporation's ("eHelp") three affirmative defenses and two counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. In the alternative, Qarbon moved to strike eHelp's affirmative defenses under Rule 12(f). The motions were heard on February 2, 2004. For reasons stated below, the Court grants Qarbon's motion to strike affirmative defenses, with leave to amend and grants Qarbon's motion to dismiss the two counterclaims, also with leave to amend.

## II. BACKGROUND

Qarbon is a Delaware corporation with its principal place of business in San Jose, California. Qarbon is allegedly the owner of United States Patent No. 6,404,441 B1 ("the '411 patent") issued on June 11, 2002. The '411 patent was issued to Alexandre Chailleux and assigned to JET Software, Inc. Qarbon claims that prior to a name change, Qarbon was formerly known as JET Software, Inc. The '411 patent teaches, among other things, a system for generating media presentations of software application programs.

In its complaint for patent infringement, Qarbon claims that eHelp is infringing or has infringed the '411 patent by manufacturing, selling, offering for sale, importing, and/or using embodiments of the patented invention. Qarbon also alleges that eHelp has rejected Qarbon's offer for a license under the '411 patent. As count II of its complaint, Qarbon alleges that eHelp is actively inducing infringement by knowingly providing documentation and personnel support to assist in the operation of the embodiments of the patented invention. As count III of its complaint, Qarbon alleges that eHelp is contributorily infringing the '411 patent by knowingly manufacturing and selling embodiments of the patented invention that are especially made or adapted for infringing use and are incapable of substantial noninfringing use.

*1048 In response, eHelp filed an answer and counterclaim for declaratory judgment and unfair competition. eHelp is a Delaware Corporation with a principal place of business in San Diego,

California. In its answer, eHelp denies that it infringes directly, contributorily, or through inducement, any valid or enforceable patent claim. Specifically, eHelp denies the allegation that Qarbon is the owner of the '411 patent or that it has any right to license it. As its affirmative defenses, eHelp asserts that the '411 patent is invalid for failure to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112 and that Qarbon is barred from recovery under the doctrines of waiver, estoppel and unclean hands as well as for failing to notice or mark as is statutorily required under 35 U.S.C. § 287.

As its first counterclaim, eHelp seeks declaratory judgment that the '411 patent is invalid and void under 35 U.S.C. §§ 100 *et seq.* and specifically invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112. As its second counterclaim, eHelp alleges unfair competition pursuant to California Business & Professional Code 35 U.S.C. §§ 17200 *et seq.* eHelp claims that Qarbon and eHelp are competitors and that Qarbon is asserting its rights under the '411 patent in bad faith when Qarbon knows or should have known about the invalidity of the '411 patent or the noninfringing nature of eHelp's conduct. eHelp further alleges that Qarbon is making misleading statements regarding the scope, enforceability, and noninfringement of the '411 patent.

Presently before the Court is Qarbon's motion to strike eHelp's three affirmative defenses pursuant to Rule 12(f) and to dismiss eHelp's two counterclaims for declaratory judgment and unfair competition under Rule 12(b)(6). During oral arguments, Qarbon conceded that Rule 12(b)(6) motion is inappropriate to dismiss affirmative defenses and the Court will therefore not address this issue any further.

## III. STANDARDS

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "A claim may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

315 F.Supp.2d 1046                                                                                          Page 4

315 F.Supp.2d 1046
**(Cite as: 315 F.Supp.2d 1046)**

under a cognizable legal claim." *Robertson v. Dean Witter Reynolds Inc.,* 749 F.2d 530, 534 (9th Cir.1984). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987).

[1][2] A claimant need not set out in detail the facts upon which the claim is based. *Gibson,* 355 U.S. at 47, 78 S.Ct. 99. "To the contrary, all the [Federal Rules of Civil Procedure] require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* In the event a pleading is dismissed for failure to state a claim, leave to amend must be granted unless the court determines that allegations of other facts could not cure the deficiency. *Bonanno v. Thomas,* 309 F.2d 320, 322 (9th Cir.1962).

[3] Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be struck if it fails to provide "fair notice" of the basis of the defense. *1049Advanced Cardiovascular Sys. v. Scimed Sys., Inc.,* No. C-96-0950 DLJ, 1996 WL 467277, at *2, 40 U.S.P.Q.2d (BNA) 1291 (N.D.Cal. July 24, 1996), 1996 U.S. Dist. LEXIS 11702, at *7-*8. If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979).

**IV. DISCUSSION**

**A. eHelp's Affirmative Defenses Do Not Provide "Fair Notice" to Qarbon**

[4]  Qarbon  contends  that  eHelp's  affirmative

defenses of waiver, estoppel, and unclean hands must be stricken because the defenses are insufficient and contain immaterial, impertinent and scandalous information. Qarbon further argues that eHelp has not pled with sufficient particularity to give Qarbon "fair notice" of the defenses. Specifically, Qarbon maintains that it does not know what is being waived, or the type of estoppel, whether prosecution or collateral, that is being pled, or for that matter, the grounds for unclean hands. eHelp, however, contends that the appropriate standard for a Rule 12(f) motion is not whether the affirmative defenses provide fair notice but whether the defenses are sufficient as a matter of law. Arguing that its affirmative defenses are sufficient as a matter of law and contain no "scandalous" matter, i.e., matter that is exceptionally prejudicial and irrelevant, eHelp urges the Court to deny Qarbon's Rule 12(f) motion.

Affirmative defenses are governed by the same pleading standard as complaints. Rule 8(b) provides, "[a] party shall state in short and plain terms the party's defenses to each claim asserted..." Like complaints, affirmative defenses must give plaintiff "fair notice" of the defense being advanced. *Wyshak,* 607 F.2d at 827.

In the present case, eHelp's affirmative defenses fail to provide "fair notice" of what the defense is and the grounds upon which it rests. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99. eHelp alleges, based on information and belief, that Qarbon must be "barred from recovery in whole or in part" by the doctrines of waiver, estoppel, and unclean hands. eHelp does not specify what the defense is-whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, eHelp does not provide fair notice of its affirmative defenses.

eHelp's general allegations also do not provide Qarbon with fair notice of the grounds for the defenses. A reference to a doctrine, like a reference to statutory provisions, is insufficient notice. *See Scimed Sys.,* 1996 WL 467277, at *3, 1996 U.S. Dist. LEXIS 11702, at *7-*8 (" Defendant's general reference to a series of statutory

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

315 F.Supp.2d 1046
**(Cite as: 315 F.Supp.2d 1046)**

provisions [35 U.S.C. § 1 *et seq.*] does not provide plaintiff with fair notice of the basis of this defense" ). Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense. *See Sun Microsystems, Inc. v. Datram Corp.,* No. CIV. 96-20708 SW, 1997 WL 50272, at *4 (N.D.Cal. Feb.4, 1997) (finding that defendant has provided plaintiff with "fair notice" by sufficiently setting forth the elements of the estoppel defense); *Advanced Cardiovascular Sys. v. Medtronic, Inc.,* No. C-95-3577 DLJ, 36 Fed. R. Serv.3d (Callaghan) 648, at *29, 1996 WL 467293 (N.D.Cal. July 24, 1996), 1996 U.S. Dist. LEXIS 11696 ("To plead equitable estoppel, a party must allege [the] three essential elements."). Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice" of its defenses.

**\*1050** eHelp also fails to allege the factual basis for its affirmative defenses. In *Medtronic,* 1996 WL 467293, at *9-10, 1996 U.S. Dist. LEXIS 11696, at *29-*30, the court struck Medtronic's affirmative defense of equitable estoppel on the ground that the factual basis for the defense-the allegations that the plaintiff had misled the PTO and the public regarding their patents-did not support an equitable estoppel defense, but rather supported an inequitable conduct defense. The court also struck the defense of unclean hands to the extent that the defense rested on allegations of inequitable conduct, which the court had previously found to be insufficiently pled. *Id.* at *13, 1996 U.S. Dist. LEXIS 11696, at *40. Similarly, in *Datram,* 1997 WL 50272, at *4, the court struck Datram's affirmative defense of implied license/estoppel to the extent that Datram had failed to provide factual allegations in support of its defense. Given that eHelp does not provide any factual basis for its three affirmative defenses, the Court grants Qarbon's motion to strike eHelp's affirmative defenses of waiver, estoppel and unclean hands with leave to amend.

### B. Qarbon's Motion to Dismiss eHelp's Counterclaims Under Rule 12(b)(6)

Pursuant to Rule 12(b)(6), Qarbon moves the Court

to dismiss eHelp's counterclaims for declaratory judgment and unfair competition for failure to state a claim.

### 1. eHelp Does Not Adequately Plead its Counterclaim for Declaratory Judgment

[5] Qarbon contends that eHelp's counterclaim for declaratory judgment must be dismissed because it fails to provide any factual basis for the existence of an actual, substantial controversy or the grounds for invalidating and voiding the '411 patent. According to Qarbon, a conclusory statement asserting invalidity under all relevant sections of the patent law is not "fair notice." eHelp, however, argues that it has pled an actual controversy as demonstrated by Qarbon's filing of a complaint of patent infringement and eHelp's denials of infringement and contention of invalidity. eHelp further contends Qarbon has "fair notice" given that eHelp has alleged invalidity under the several patent statutes.

To maintain a counterclaim for declaratory judgment, there must be "a case of actual controversy." 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction ...., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested parties....").

eHelp's pleadings demonstrate the presence of actual controversy. Where a party has actually been charged with patent infringement, "there is, *necessarily,* a case or controversy adequate to support jurisdiction of a complaint, or a counterclaim, under the Act." *Cardinal Chem. Co. v. Morton Int'l,* 508 U.S. 83, 96, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993) (emphasis in original). Given that Qarbon has filed a complaint for patent infringement and eHelp has answered that it does not infringe the '411 patent and that the '411 patent is invalid, there is an actual controversy in this case.

eHelp, however, does not adequately plead its counterclaim for declaratory judgement. In alleging patent invalidity, eHelp simply pleads the citation. eHelp alleges that "the '441 patent is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

315 F.Supp.2d 1046

315 F.Supp.2d 1046
(Cite as: 315 F.Supp.2d 1046)

Page 6

invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.,* and specifically, §§ 101, 102, 103, and/or 112 ...." Counterclaim ¶ 6. Such a pleading is "radically insufficient." *Grid Sys. Corp. v. Texas Instruments, Inc.,* 771 F.Supp. 1033, 1042 (N.D.Cal.1991). The Court will not accept wholly conclusory allegations. ***1051** Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir.1976); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

By making general allegations, eHelp fails to give " fair notice" to Qarbon. "Effective notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer." *Grid Sys. Corp. v. Texas Instruments, Inc.,* 771 F.Supp. 1033, 1037 (N.D.Cal.1991). eHelp, by alleging several grounds for invalidating and voiding the '411 patent, does not provide Qarbon with a basis for assessing the strength of eHelp's counterclaim. Because the invalidity counterclaim does not provide "a more specific statement of the basis" of the counterclaim, *Medtronic,* 1996 WL 467293, at *13, 1996 U.S. Dist. LEXIS 11696, at *39, the Court grants Qarbon's motion to dismiss eHelp's counterclaim for declaratory judgment with leave to amend.

### 2. eHelp Fails to Plead its Counterclaim for Unfair Competition With Reasonable Particularity

[6] Qarbon argues that eHelp must plead its counterclaim for unfair competition under the heightened pleading standard set forth in Rule 9(b), Fed.R.Civ.P., because the counterclaim is " grounded in fraud." Qarbon further argues that to the extent the counterclaim is not completely grounded in fraud, eHelp's averments of fraud must be disregarded and eHelp's non-fraud allegations must provide "fair notice" and be examined under the "reasonable particularity" standard espoused in *Khoury v. Maly's of California,* 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993). eHelp, however, contends that its counterclaim does not have to meet the *Khoury* standard or the Rule 9(b)

standard. eHelp also maintains that it has put Qarbon on notice about its counterclaim by alleging that Qarbon has pursued the '411 patent in bad faith and has misrepresented about the '411 patent.

Cal. Bus. & Prof.Code § 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice ..." and establishes three types of unfair competition-unlawful, unfair, or fraudulent acts or practices. *Schnall v. Hertz Corp.,* 78 Cal.App.4th 1144, 1153, 93 Cal.Rptr.2d 439 (2000). "Unlawful" practices are those practices that are prohibited by law, whether "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court,* 27 Cal.App.4th 832, 839, 33 Cal.Rptr.2d 438 (citing *People v. McKale,* 25 Cal.3d 626, 632, 159 Cal.Rptr. 811, 602 P.2d 731 (1979)). "Unfair" practices are those practices "whose harm to the victim outweighs its benefits." *Id.* (citing *Motors, Inc. v. Times Mirror Co.,* 102 Cal.App.3d 735, 740, 162 Cal.Rptr. 543 (1980)). "Fraudulent" practices are those practices that are likely to deceive the public and do not refer to the tort of fraud. *Id.; Heighley v. J.C.Penney Life Ins. Co.,* 257 F.Supp.2d 1241, 1259 (C.D.Cal.2003) (citing *Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 211, 197 Cal.Rptr. 783, 673 P.2d 660 (1983)).

Fraud is not an essential element of Cal. Bus. & Prof.Code § 17200. *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1103 (9th Cir.2003). In cases where fraud is not an essential element of a claim but the defendant chooses to allege fraudulent practices by the plaintiff, the court's determination of whether the claim must meet the particularity requirement of Rule 9(b) depends on whether the claim is said to be "grounded in fraud." *Id.* at 1103-04. A claim is said to be "grounded in fraud" if the defendant " allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that ***1052** course of conduct as the basis of a claim." *Id.* at 1103. By contrast, if the defendant chooses to allege some fraudulent and some non-fraudulent conduct, rather than a unified course of fraudulent conduct, "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id.* at 1104.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

315 F.Supp.2d 1046

315 F.Supp.2d 1046
**(Cite as: 315 F.Supp.2d 1046)**

In the present case, eHelp alleges that Qarbon "has engaged in unfair, unlawful, or fraudulent business practices by asserting and pursuing purported rights and claims under the '411 Patent in bad faith when [Qarbon] knew or should have known that the patent is invalid or not infringed and making misleading statements about the scope, enforceability or infringement of the '411 Patent." Counterclaim, ¶ 12.

To the extent that eHelp asserts unfair or unlawful business activities, it does not allege fraudulent conduct because the assertions neither contain the word fraud nor do they allege facts that would necessarily constitute fraud. *See Vess,* 317 F.3d at 1105 ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used)."). "Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, *intent to defraud, justifiable reliance,* and damages." *Id.* (emphasis added). eHelp does not allege Qarbon's intent to fraud or the public's justifiable reliance on Qarbon's misrepresentation. Rather, eHelp alleges that Qarbon is knowingly making false representations about the '411 patent and seeks " injunctive relief and restitution." Counterclaim, ¶ 14. As such, eHelp's counterclaim for unfair and unlawful activities is not grounded in fraud.

Insofar as eHelp alleges that Qarbon is engaged in " fraudulent business practices," eHelp does not have to plead with Rule 9(b) specificity. eHelp is neither averring fraud nor is it alleging facts that necessarily constitute fraud. eHelp is not averring fraud because the term "fraudulent" in Cal. Bus. & Prof.Code § 17200 does not refer to the common law tort of fraud. "A violation [of the fraud] prong can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage." *Heighley,* 257 F.Supp.2d at 1259 (citing *Committee on Children's Television,* 35 Cal.3d at 211, 197 Cal.Rptr. 783, 673 P.2d 660). eHelp merely paraphrases Cal. Bus. & Prof.Code § 17200 's definition of unfair competition as "any unlawful, unfair or fraudulent business act or practice ..." when it counterclaims that Qarbon has engaged in " unlawful, unfair or fraudulent business practices."

As such, eHelp is not averring fraud. eHelp is also not alleging facts that necessarily constitute fraud because the factual basis for the fraudulent practices allegation is the same as that for unfair and unlawful practices and the Court has previously found the factual allegations to not constitute fraud.

Because eHelp has not averred fraud in its unfair competition counterclaim, eHelp need only plead its counterclaim under the *Khoury* Rule 8 "reasonable particularity" standard. *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F.Supp. 1303, 1316 (N.D.Cal.1997) (stating that parties alleging unfair business practices "must state with reasonable particularity the facts supporting the statutory elements of the violation.") (quoting *Khoury,* 14 Cal.App.4th at 619, 17 Cal.Rptr.2d 708); *GlobeSpan, Inc. v. John O'Neill,* 151 F.Supp.2d 1229, 1236 (C.D.Cal.2001) (same); *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 167 F.Supp.2d 1114, 1125 (C.D.Cal.2001) (same).

[7] eHelp, however, does not allege the unfair competition counterclaim with "reasonable particularity." eHelp does not provide factual basis for the allegation that **\*1053** Qarbon knows or should have known that the '411 patent was invalid or not infringed when Qarbon filed the present action. In *Raines v. Switch Mfg.,* No. C-96-2648 DLJ, 44 U.S.P.Q.2d (BNA) 1195, at \*15, 1997 WL 578547 (N.D.Cal. July 28, 1997), 1997 U.S. Dist. LEXIS 13621, the court dismissed defendant's counterclaim for unfair competition on the ground that defendant had failed to establish a factual basis for the allegations of bad faith. The court stated, "a defendant must provide some factual basis for the allegation that plaintiff knew the patent was invalid or unenforceable when plaintiff filed the present action." *Id.* 1997 WL 578547, at \*4, 1997 U.S. Dist. LEXIS 13621 at \*12 (citing *Scimed Sys.,* 1996 WL 467277 at \*4, 1996 U.S. Dist. LEXIS 11702, at \*10). Because eHelp does not allege its counterclaim for unfair competition with " reasonable particularity," the Court grants Qarbon's motion to dismiss the unfair competition counterclaim with leave to amend.

**V. CONCLUSION**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

315 F.Supp.2d 1046                                                                    Page 8

315 F.Supp.2d 1046
**(Cite as: 315 F.Supp.2d 1046)**

The Court grants Qarbon's motion to strike the subject affirmative defenses, with leave to amend within 20 days from the date of this Order. The Court also grants Qarbon's motion to dismiss the subject counterclaims, with leave to amend within 20 days of the date of this Order.

N.D.Cal.,2004.
Qarbon.com Inc. v. eHelp Corp.
315 F.Supp.2d 1046

Briefs and Other Related Documents (Back to top)

• 2004 WL 2159562 (Trial Motion, Memorandum and Affidavit) Qarbon's Reply to Ehelp Corporation's Memorandum of Points and Authorities of Defendant and Counterclaimant Ehelp Corp. in Opposition to Qarbon's Motion to Dismiss and Alternative Motion to Strike (Feb. 2, 2004) Original Image of this Document (PDF)
• 2004 WL 2159764 (Trial Motion, Memorandum and Affidavit) Memorandum of Points and Authorities of Defendant and Counterclaimant Ehelp Corp. in Opposition to Plaintiff and Counterclaim Defendant Qarbon's Motion to Dismiss and Alternative Motion to Strike (Feb. 2, 2004) Original Image of this Document (PDF)
• 2003 WL 23794427 (Trial Pleading) Answer and Counterclaim for Declaratory Judgment and Unfair Competition (Nov. 24, 2003) Original Image of this Document (PDF)
• 2003 WL 23794413 (Trial Pleading) Complaint for Patent Infringement (Sep. 23, 2003) Original Image of this Document (PDF)
• 5:03cv04319 (Docket) (Sep. 23, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.