| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | KEKER & VAN NEST, LLP<br>ELLIOT R. PETERS - #158708<br>RACHAEL E. MENY - #178514<br>QUYEN L. TA - #229956<br>710 Sansome Street<br>San Francisco, CA 94111-1704<br>Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188<br><br>Attorneys for Defendants<br>ROMULUS S. PEREIRA and ROBERT B. STANTON |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. MCFARLAND, LORI H. CORNMESSER,<br><br>　　　　　　　　　　Defendants. | Case No. C 06-06384 CRB<br><br>**DEFENDANTS ROMULUS S. PEREIRA'S AND ROBERT B. STANTON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND STRIKE**<br><br>Date: February 16, 2007<br>Time: 10:00 a.m.<br>Dept: Courtroom 8<br>Judge: The Honorable Charles R. Breyer<br><br>Date Compl. Filed: October 12, 2006 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................................1

II. SUMMARY OF ARGUMENT .....................................................................................1

III. ARGUMENT ..................................................................................................................2

    A. The First Cause of Action Fails Because the SEC Has Not Pled with Specificity the Alleged Misrepresentations ............................................................2

        1. The "Group Published Information" Doctrine Does Not Excuse the SEC from Pleading its Securities Fraud Claim With Particularity ..................................................................................................3

        2. The Allegations Characterizing the Vnetek and World Wide Technology Transactions Do Not Create A Fraud Claim ............................4

            a. The SEC Does Not Allege Specific Facts as to the Vnetek Transaction .................................................................................4

            b. The World Wide Technology Transaction Contains Vague Allegations Against Mr. Pereira and Mr. Stanton ...............5

    B. The Second Through Sixth Claims Sound in Fraud and Must be Pled with Specificity ......................................................................................................7

        1. Claims Two Through Six Sound in Fraud ....................................................7

        2. The SEC Has Not Adequately Pled Claims Two Through Six ..................9

            a. The Second, Fourth, and Fifth Causes of Action Fail Because the SEC Does Not Allege with Particularity that Mr. Pereira or Mr. Stanton Aided or Abetted Any Riverstone Violation .......................................................................9

            b. The Third Cause of Action Fails Because the SEC Has Not Established That Mr. Pereira or Mr. Stanton Circumvented Riverstone's Internal Accounting Controls or Knowingly Falsified Its Books and Records ..............10

            c. The Sixth Cause of Action Fails Because the SEC Has Not Adequately Pled that Mr. Pereira or Mr. Stanton Deceived Accountants ...............................................................11

IV. CONCLUSION............................................................................................................11

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |
| 2 | **Page(s)** |
| 3 | **FEDERAL CASES** |

*Cooper v. Picket*,
   137 F.3d 616 (9th Cir. 1997) ..................................................................................................2

*In re Daou System, Inc.*,
   411 F.3d 1006 (9th Cir. 2005) ..................................................................................2, 7, 8, 9

*Fecht v. Price Co.*,
   70 F.3d 1078 (9th Cir. 1995) ..................................................................................................2

*In re GlenFed, Inc., Securities Litigation*,
   42 F.3d 1541 (9th Cir. 1994) ..................................................................................................6

*In re Gupta Corp. Sec. Litigation*,
   900 F. Supp.1217 (N.D. Cal. 1994) ........................................................................................4

*Lubin v. Sybedon Corp.*,
   688 F. Supp.1425 (S.D.Cal. 1998) ........................................................................................10

*In re Network Equip. Techs.*,
   762 F. Supp.1359 (N.D.Cal. 1991) .........................................................................................6

*Ponce v. SEC*,
   345 F.3d 722 (9th Cir. 2003) ..................................................................................................9

*SEC v. Lucent Techs.*,
   363 F. Supp. 2d 708 (D.N.J. 2005) .........................................................................................7

*SEC v. McNulty*,
   137 F.3d 732 (2d Cir. 1998).....................................................................................................7

*SEC v. Yuen*,
   221 F.R.D. 631 (C.D. Cal. 2004) ........................................................................................3, 4

*In re Silicon Graphics*,
   970 F. Supp. 746 (N.D.Cal. 1997) ..................................................................................3, 4, 5

*Simpson v. AOL Time Warner, Inc.*,
   452 F.3d 1040 (9th Cir. 2006) ................................................................................................1

*Wool v. Tandem Computers Inc.*,
   818 F.2d 1433 (9th Cir. 1987) ................................................................................................3

**FEDERAL STATUTES**

Fed. R. Civ. P. 9(b) ........................................................................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1

Fed. R. Civ. P. 12(f).......................................................................................................................2

## I. INTRODUCTION

The Securities and Exchange Commission's ("SEC") Opposition Brief is revealing in what it fails to address. The SEC cannot deny that its Complaint lacks sufficient particularity as to Defendants Romulus S. Pereira and Robert B. Stanton. Rather than addressing *how*, *when,* or *why* Mr. Pereira or Mr. Stanton engaged in an alleged "scheme" that "defrauded investors," Compl. ¶ 1, the SEC makes unavailing legal arguments to draw the Court's attention away from its deficient Complaint. The Court should grant Mr. Pereira's and Mr. Stanton's Motions to Dismiss and Strike because the instant Complaint alleges next to nothing about either as to 17 transactions that form the basis for the SEC's fraud claims. The SEC's Complaint fails under both Fed. R. Civ. P. 12(b)(6) and 9(b).

## II. SUMMARY OF ARGUMENT

As to its First Claim under Section 10(b), the SEC argues that it has met its pleading burden under the "group published information" doctrine. (Opp'n Br. at 7.) Where, as here, the SEC has utilized its subpoena power to obtain millions of documents and questioned dozens of witnesses under oath over 4 years regarding the accounting and disclosure practices of Riverstone Networks, Inc. ("Riverstone"), it cannot rely on a disfavored doctrine that allows ordinary plaintiffs the benefit of the doubt before they are able to conduct discovery. This doctrine is inapplicable and does not excuse the SEC from alleging particularized facts showing an intent to mislead and defraud.

As to Claims Two through Six, the SEC now takes the incredible position that these claims "are not fraud claims," even though the gravamen of its Complaint is that Defendants "engaged in a scheme that defrauded investors," and even though each claim relies upon the same set of facts as its securities fraud claim. (Opp'n Br. at 13, Compl. ¶¶ 1, 101, 107, 111, 114, 118, 122.) The SEC argues that it has met its pleading burden and that Rule 9(b) does not apply because these claims do not require scienter. The SEC ignores Ninth Circuit authority cited in Mr. Pereira's and Mr. Stanton's Motion to Dismiss, which states that even where a provision of the securities law does not contain an element of fraud, a plaintiff may nevertheless be subject to Rule 9(b) if his Complaint sounds in fraud. *See* Mot. to Dismiss at 12, 14 (citing *Simpson v.*

*AOL Time Warner, Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006); *In re Daou Sys., Inc.,* 411 F.3d 1006, 1027 (9th Cir. 2005)). The SEC's entire Complaint sounds in fraud, and accordingly, it must plead Claims Two through Six with particularity.

The SEC's flawed legal arguments cannot obscure what is clear – that its Complaint does not comply with the particularity requirements of Rule 9(b). Because the SEC has failed to properly allege that Mr. Pereira or Mr. Stanton committed securities fraud, this Court should dismiss all claims against them.[1]

## III. ARGUMENT

### A. The First Cause of Action Fails Because the SEC Has Not Pled with Specificity the Alleged Misrepresentations

In opposition, the SEC can do no more than continue to lodge vague accusations against Mr. Pereira and Mr. Stanton. The SEC contends that Mr. Pereira and Mr. Stanton are liable for fraud under Section 10(b) simply because each was Riverstone's senior officer and signed quarterly and annual reports which contain alleged misrepresentations. (Opp'n Br. at 3.) Even though the SEC alleges that fraud or misrepresentation occurred with respect to 17 transactions,[2] it fails to specify facts that "identif[y] the circumstances of the alleged fraud so that the defendant[s] can prepare an adequate answer." *Fecht v. Price Co.,* 70 F.3d 1078, 1082 (9th Cir. 1995) (citation omitted). Instead, the SEC devotes five pages of its Opposition Brief to describing dates and large revenue losses. (Opp'n Br. at 3-7.) Without pleading basic facts that link Mr. Pereira or Mr. Stanton to the 17 transactions at issue, the SEC's sweeping Section 10(b) claim cannot stand.[3]

---

[1] In the alternative, if not all claims are dismissed, Messrs. Pereira and Stanton request that the Court strike allegations which concern transactions for which Mr. Pereira and Mr. Stanton are not alleged to have a role, or for which their roles have not been specifically pled. *See* Fed. R. Civ. P. 12(f); Compl. ¶¶ 57-91.

[2] *See* Compl. ¶¶ 38-56 ("The World Wide Technology Side Agreement"), 57-64 ("The Vnetek Side Agreement"), 65-80 ("The Technica Side Agreement"), 81-90 ("The TM Telecom Side Agreement"), 91 (13 "Additional Contingent Sales Improperly Recorded as Revenue").

[3] The SEC cites *Cooper v. Picket,* 137 F.3d 616, 627-28 (9th Cir. 1997), for the proposition that it is not required to "identify specific transactions which make up the amount of improperly recognized revenue." (Opp'n Br. at 7.) *Cooper* is distinguishable from the instant case because the improper revenue recognition allegations were made against Merisel, Inc., the corporation, and not against individual defendants. *Id.* at 627. In the case at bar, where the SEC alleges fraud based on improper revenue recognition against Mr. Pereira and Mr. Stanton, individual

### 1. The "Group Published Information" Doctrine Does Not Excuse the SEC from Pleading its Securities Fraud Claim With Particularity

Not until page 7 of its Opposition Brief does the SEC reveal that it relies on the "group-published information" doctrine in order to "fulfill[ ] the particularity requirements of Rule 9(b)…"[4] (Opp'n Br. at 7.) According to the SEC, Mr. Pereira and Mr. Stanton are liable for fraud under Section 10(b) because they "were the chief executive officer and chief financial officer responsible for Riverstone's accounting department and accounting policies." (Opp'n Br. at 7.) The "group published information" doctrine is only appropriate in "instances where no discovery has yet been conducted" by plaintiffs. *SEC v. Yuen,* 221 F.R.D. at 634 (citing *In re Lockheed Martin Corp. Secs. Litig.,* 272 F.Supp.2d 928, 935 (C.D. Cal. 2002)). Here, given the SEC's "substantial pre-filing investigatory powers and the significant discovery already conducted," "the SEC's reliance upon the 'group published information' doctrine is misplaced and inappropriate." *Id.* at 637.

The SEC began actively investigating Riverstone's revenue recognition policies and disclosure practices in 2002 – obtaining millions of documents from Riverstone and its employees, and taking via subpoena the sworn testimony of numerous witnesses (some for multiple days). (Compl. ¶ 10.) Under these circumstances, reliance on this group pleading presumption and on allegations of "job title, purported general involvement with day-to-day activities, and alleged participation in disclosure of public statements" is unreasonable. *Id.*

---

defendants, the SEC must allege facts as to *each* defendant, and must "enlighten *each* defendant as to his or her part in the alleged fraud." *In re Silicon Graphics,* 970 F.Supp. 746, 752 (N.D.Cal. 1997) (internal quotation and citation omitted, emphasis supplied).

[4] Before the passage of the PSLRA, plaintiffs were excused from the particularity requirements of Rule 9(b) because of a presumption that corporate officers who participate in the day-to-day business of the company are responsible for allegedly false and misleading statements contained in group-published information such as SEC filings. *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1440 (9th Cir. 1987). It is questionable, however, whether this doctrine survived the PSLRA, even in actions brought by the SEC that are not subject to the PSLRA. *See SEC v. Yuen,* 221 F.R.D. 631, 637 (C.D. Cal. 2004) (explaining the "disfavored nature of the group published information doctrine" in SEC enforcement actions and collecting cases). In the instant case, the Court need only decide that it is unreasonable to apply this doctrine to the facts of this SEC enforcement action given the SEC's extensive pre-filing discovery and investigation.

(explaining that the "group published information presumption is grounded in reasonableness").[5] The SEC cannot be excused from its pleading burden under Rule 9(b) and must state the precise "time, place, and nature" of each misleading statement relating to the 17 transactions. *In re Gupta Corp. Sec. Litig.,* 900 F.Supp.1217, 1228 (N.D. Cal. 1994). Particularly, the SEC must plead "with sufficient particularity attribution of the alleged misrepresentations or omissions as to *each* defendant." *In re Silicon Graphics,* 970 F.Supp. at 752. The SEC's Complaint falls far short.

### 2. The Allegations Characterizing the Vnetek and World Wide Technology Transactions Do Not Create A Fraud Claim

The SEC's Section 10(b) fraud claim depends on allegations that Riverstone's revenue was overstated based on "seventeen transactions."[6] Even though its Complaint names 17 transactions, the SEC refers to only 2 transactions in its Opposition to assert that Mr. Pereira and Mr. Stanton engaged in a fraud - the Vnetek and World Wide Technology transactions. (Opp'n Br. at 4: 16-17, 22, 24; 5: 3, 7, 12-13, 6: 4, 15.). Apparently, the SEC concedes that with respect to the other 15, they lack a scintilla of evidence connecting Mr. Pereira or Mr. Stanton to the wrongdoing. Moreover, as to those transactions, Mr. Pereira and Mr. Stanton have already made clear that the allegations relating to them are vague and conclusory and do not support a Section 10(b) claim against them.[7] (Mot. to Dismiss at 8-9.)

#### a. The SEC Does Not Allege Specific Facts as to the Vnetek Transaction

The SEC argues in opposition that Mr. Pereira and Mr. Stanton "knew about sales contingencies in the Vnetek transaction," but the only allegations against Mr. Pereira and Mr. Stanton are that defendants "approved" the "contingencies" at issue and that they "caused Riverstone to recognize $1.5 million of revenues for the third quarter." (Opp'n Br. at 5; Compl.

---

[5] In *SEC v. Yuen,* 221 F.R.D. at 637, the court found it "objectionable" for the SEC to rely on the "group published information" doctrine where the SEC had been "engaged in discovery for *several months* before asserting claims against the Defendants" (emphasis supplied). Where, as here, the SEC has been actively engaged in discovery for over *4 years*, *See* Compl. ¶ 10, the SEC's reliance on this doctrine is unquestionably "misplaced and inappropriate." 221 F.R.D. at 637.

[6] *See supra,* footnote 2.

[7] This Reply brief only addresses the Vnetek and World Wide Technology transactions as these were the only transactions that the SEC refers to in opposition. Mr. Pereira's and Mr. Stanton's Motion to Dismiss, however, discusses the SEC's insufficient allegations with respect to all 17 transactions. *See* Mot. to Dismiss at 1-9.

¶¶ 62-63.) The SEC's Complaint contains not one more fact regarding this transaction as to Mr. Pereira or Mr. Stanton. The Complaint is silent as to necessary details: How did *each* defendant "approve" this transaction? How and why did Mr. Pereira or Mr. Stanton "cause RS to recognize $1.5 million of revenues for the third quarter?" What did they know when doing so? Such bare allegations fail to distinguish among the defendants and to "enlighten *each* . . . as to his or her part in the alleged fraud." *In re Silicon Graphics,* 970 F.Supp. at 752 (citation omitted). The Vnetek transaction cannot form the basis for a Section 10(b) claim against Mr. Pereira or Mr. Stanton.

### b. The World Wide Technology Transaction Contains Vague Allegations Against Mr. Pereira and Mr. Stanton

Nor can the World Wide Technology transaction form the basis for the SEC's Section 10(b) claim against Mr. Pereira and Mr. Stanton. In their Opposition Brief, the SEC contends that "Pereira and Stanton knew about the sell-through payment terms in the World Wide Technology (WWT) transaction, but took no action to reverse the improper revenue recognition." (Opp'n Br. at 4.). The SEC's Complaint, however, contains only vague and conclusory allegations about Mr. Pereira and Mr. Stanton that fail to meet Rule 9(b)'s particularity requirements.

The Complaint alleges that "Pereira and Stanton" were informed about WWT's "sell-through payment term prior to agreeing to it," and that "Pereira specifically approved the term," but the SEC does not allege when this occurred, how they were "informed" about the "sell-through payment term, or what Pereira actually did to approve it. (Compl. ¶ 40.) In addition, the World Wide Technology allegations involve an e-mail dated October 11, 2001, but the SEC fails to provide sufficient details as to this e-mail. The SEC alleges that a Riverstone employee sent an e-mail to Mr. Pereira and Mr. Stanton (among others) "stating that Riverstone gave WWT a sell-through payment term" (quoting from the Complaint, not from the e-mail), and then selectively quotes a portion of the e-mail which does not support the SEC's description. Notably missing is the actual text of that e-mail, any reference to the term "sell through" or anything

close, or the allegation that Mr. Pereira or Mr. Stanton received this e-mail and were made aware of its contents.[8]

Nor does the SEC provide sufficient details when it alleges that a Riverstone employee "informed" Mr. Stanton that an "inability to collect the amount owed by WWT" would "have a major impact on the aging of Riverstone's receivables." *Id.* at ¶ 45. On its face, this allegation appears to be a no-brainer, and not evidence of fraud. The facts alleged fail to demonstrate that this "inability to collect" was related to a fraudulent "side agreement," or even imminent. Furthermore, although the SEC alleges that "Pereira and Stanton were told" about a "sell-through payment term given to WWT," and that "they acknowledged that the WWT transaction was a problem," the Complaint fails to allege facts showing that the "problem" was related to an undisclosed contingency as opposed to simply a bad business deal. *Id.* at ¶ 48. Uncollectable large receivables are always a problem, but often unrelated to fraud. Without pleading such basic facts, the SEC fails to plead – as they must- "why the disputed statement[s] w[ere] untrue or misleading *when made." In re GlenFed, Inc., Secs. Litig.,* 42 F.3d 1541, 1548-49 (9th Cir. 1994) (emphasis in original). Indeed, the SEC's allegations fail to give rise to "an inference that each defendant actually knew of the alleged fraudulent conduct." *In re Network Equip. Techs.,* 762 F.Supp.1359, 1362 (N.D.Cal. 1991). The SEC's facts about the World Wide Technology transaction do not create a Section 10(b) claim against Mr. Pereira or Stanton.

In sum, the SEC contends that Mr. Stanton and Mr. Pereira committed fraud by signing four quarterly and annual reports that overstated Riverstone's revenues based on "seventeen transactions that contained payment terms, rights of return, exchange or cancellation." (Opp'n Br. at 3.) With respect to fifteen of those transactions, the SEC has failed to mention Mr. Pereira and Mr. Stanton at all. With respect to the other two transactions (Vnetek and World Wide Technology), the allegations are so conclusory it is difficult to identify how either one was

---

[8] The SEC alleges that "Alvendia sent an e-mail to Pereira, Stanton, Kern, Feldman, and McFarland stating that Riverstone gave WWT a sell-through payment term 'as part of shipping $3M in revenue for the qtr.'" (Compl. ¶ 47.) Significantly, the only text actually quoted from this e-mail is the last part of that sentence, "as part of shipping $3M in revenue for the qtr." *Id.* Those ten words fail to even suggest that Riverstone gave WWT a "sell-through payment term." Although the Court will have the opportunity to examine this e-mail at a later point in this litigation, it is worth noting that had that e-mail's text actually suggested any fraud on the part of Mr. Pereira or Mr. Stanton, the SEC would certainly have included such text in its Complaint.

involved in the alleged fraud.  Finally, because the "group published doctrine" does not apply to the facts of this case, the SEC's First Cause of Action should be dismissed.

**B.     The Second Through Sixth Claims Sound in Fraud and Must be Pled with Specificity**

Mr. Pereira and Mr. Stanton moved to dismiss Claims Two through Six because the SEC's allegations are too vague to comply with Rule 9(b).  Because the SEC recognizes that its allegations are deficient, it now takes the implausible position that its Second through Sixth Claims "are not fraud claims and do not need to comply with the particularity requirements of Rule 9(b)."  (Opp'n Br. at 13.)  The SEC's argument is without merit.  Claims Two Through Six sound in fraud and, accordingly, the SEC must comply with Rule 9(b).  Because the SEC has failed to plead these fraud claims with particularity, the Court should dismiss Claims Two through Six.

**1.     Claims Two Through Six Sound in Fraud**

The SEC argues that it need not plead its four Section 13 claims and its Rule 13b2-2 claim with particularity.[9]  It argues that these violations do not require scienter, and thus, are not subject to the particularized pleading requirements of Rule 9(b).  (Opp'n Br. at 8-13.)  Whether or not scienter is an element of a Section 13 violation is not dispositive of the issue, particularly where the SEC's claims sound in fraud and rely on the same set of facts for its Section 10(b) fraud claim.

The SEC conveniently ignores Ninth Circuit authority cited by Mr. Pereira and Stanton, which states that even where a securities claim does not contain an element of fraud, "a plaintiff may nonetheless be subject to Rule 9(b)'s particularity mandate if his complaint 'sounds in fraud.'"  *See* Mot. to Dismiss 12, 14 (citing *In re Daou Sys., Inc.,* 411 F.3d at 1027 (holding that even where securities provision does not require scienter but claim is grounded in fraud, Rule 9(b) applies)).[10]  In *In re Daou,* the Ninth Circuit explained that although a securities claim "does

---

[9] In particular, the SEC alleges that Mr. Pereira and Mr. Stanton aided and abetted Riverstone's Section 13(a) violations, (Second, Fourth and Fifth Claims), circumvented Internal Controls and Books and Records under Section 13(b)(5) (Third Claim), and deceived Riverstone's Accountants under Rule 13b2-2 (Sixth Claim).

[10] *See also SEC v. Lucent Techs.,* 363 F.Supp.2d 708, 727 (D.N.J. 2005), which is particularly instructive.  The

not contain an element of fraud," a plaintiff is subject to Rule 9(b) if the complaint "sounds in fraud," particularly where a plaintiff has alleged a "unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." 411 F.3d at 1028 (citation omitted).[11] In the case at bar, the SEC's alleges a "unified course of fraudulent conduct" and that "course of conduct" forms the basis for each one of its claims. The SEC cannot credibly deny that its entire complaint "sound[s] in fraud."

The first sentence of the Complaint introduces the action as one whereby Defendants "*engaged in a scheme that defrauded investors* by making materially false and misleading statements regarding the net revenues of Riverstone's Networks." (Compl. ¶ 1 (emphasis supplied)). *See In re Daou,* 411 F.3d at 1028 (noting that first sentence of Complaint introduces action as one based on "fraudulent scheme."). Thereafter, the SEC goes on to allege myriad misrepresentations relating to 17 transactions which purportedly led to the overstatement of Riverstone's net revenues and artificially inflated Riverstone's stocks. In various paragraphs of its Complaint, the SEC alleges that Defendants engaged in a "unified course of fraudulent conduct" by falsely reporting revenue, circumventing internal accounting controls, falsifying Riverstone's books, records or accounts, failing to devise, implement, and maintain an adequate system of controls, and making misstatements or omissions to Riverstone's accountants. *See, e.g.,* ¶¶ 3, 5-7-32-37. Importantly, the SEC "fully incorporates all allegations previously averred in the Complaint for purposes of all their claims." *In re Daou,* 411 F.3d at 1028. Put differently, each of the six causes of action realleges paragraphs 1 through 100 and relies on these paragraphs to form a factual basis for each claim. (See Compl. ¶¶ 101, 107, 111, 114, 118, 122). Because the Complaint makes a "wholesale adoption" of the Section 10(b) fraud allegations for purposes of every other claim in the Complaint, "all of plaintiffs' claims, whether including an

---

parties in that case disagreed as to whether aiding and abetting claims under Section 13 must be pled with particularity. As the SEC does in this case, the SEC relied upon *SEC v. McNulty,* 137 F.3d 732, 741 (2d Cir. 1998), to argue that because scienter is not required to prove a violation of Section 13, the heightened pleading requirement of Rule 9(b) does not apply to such claims. The court rejected that argument because the factual allegations of the SEC's complaint sounded in fraud and because the Complaint "does not allege any facts to support this claim other than those that support the Section 10(b) claims."

[11] The court held that claims brought under Section 11 of the Securities Act, a provision that does not require

element of fraud or not, must satisfy the heightened pleading standard set out in Rule 9(b)."[12] *In re Daou,* 411 F.3d at 1028.

The SEC cannot get around the weaknesses of its Complaint by arguing that Claims Two through Six are not fraud claims. As explained further below, Claims Two through Six fail Rule 9(b)'s heightened pleading requirement and should be dismissed.

### 2. The SEC Has Not Adequately Pled Claims Two Through Six

The SEC is required to plead Claims Two through Six – all fraud-based claims – with particularity as to Mr. Pereira and Mr. Stanton. The SEC has failed to do so, and therefore, these claims cannot survive Mr. Pereira's and Mr. Stanton's Motion to Dismiss.

#### a. The Second, Fourth, and Fifth Causes of Action Fail Because the SEC Does Not Allege with Particularity that Mr. Pereira or Mr. Stanton Aided or Abetted Any Riverstone Violation

The SEC' Second, Fourth, and Fifth Claims allege that Mr. Pereira and Mr. Stanton aided and abetted Riverstone in: 1) falsely filing SEC documents, 2) falsely maintaining books and records, and 3) failing to maintain appropriate internal controls sufficient to assure that the company's transactions are properly recorded.[13] (Compl. ¶¶ 109, 116, 120.) Aiding and abetting, however, requires Mr. Pereira or Mr. Stanton to have knowingly "provided substantial assistance" to Riverstone in committing these underlying violations. *Ponce v. SEC,* 345 F.3d 722, 737 (9th Cir. 2003). Nowhere does the SEC plead facts detailing how, when, and why Mr. Pereira or Mr. Stanton provided "substantial assistance" to Riverstone in committing the

---

scienter, must meet Rule 9(b)'s particularity requirements if plaintiff's allegations "sound in fraud."

[12] The SEC contends that it has "alleged fraud claims and non-fraud claims in one complaint" and that this "does not change the elements of proof for the non-fraud claims." (Opp'n Br. at 9 n. 7.) The SEC's arguments cannot stand, particularly where, as here, it has adopted its "securities fraud allegations for purposes of the Securities Act Claims" by referring to ¶¶ 1-100 for each cause of action. In this instance, the Ninth Circuit has made clear that in such cases, "a district court is not required to sift through allegations of fraud in search of some lesser included claim of strict liability. It may dismiss." *In re Daou,* 411 F.3d at 1028 (citation omitted.) In accordance with Ninth Circuit authority, the Court should dismiss the entire complaint because it sounds in fraud and because the SEC has not properly pled its fraud claims.
Even the manner in which the SEC names claims two through six reflects that each claim sounds in fraud: (2) False SEC Filings, (3) False Books and Records, (4) False Books and Records, (5) False Books and Records, (6) Deceit of Accountants. (Compl. at 16-19.)

[13] The SEC brings its aiding and abetting claims under § 13(a), § 13(b)(2)(A), and § 13(b)(2)(B)(ii), as well as Rules 12b-20, 13a-1, 13a-13. (Compl. §§ 109, 116, 120.) For a more detailed description of these claims, as well as the behavior each claim proscribes, *see* Mot. to Dismiss at 10 n. 7.

underlying securities violations. The SEC vaguely argues that it has alleged facts to establish that Mr. Pereira and Mr. Stanton committed underlying securities violations because it alleged facts with respect to "a sales transaction with WWT," "sales transactions for which revenues were improperly recognized," "improper revenue recognition" and "fraudulent revenues." (Opp'n Br. at 9.) The SEC can do no more than point to a series non-particularized facts that lump all defendants into one mass of alleged wrongdoing. *Id.* citing Compl. ¶¶ 2, 32, 33, 36, 37, 40, 44, 47-50, 52-55, 62-63, 91, 93, 94, 97. The SEC must set forth with particularity how *each* Defendant knowingly participated in the alleged wrong, rather than merely restate the cause of action and grouping Mr. Pereira and Mr. Stanton and other Defendants together as "one wrongdoing monolith." *Lubin v. Sybedon Corp.,* 688 F.Supp.1425, 1443 (S.D.Cal. 1998). The SEC's aiding and abetting claim fails to meet the pleading requirements of Rule 9(b). The Court should dismiss Claims Two, Four, and Five.

### b. The Third Cause of Action Fails Because the SEC Has Not Established That Mr. Pereira or Mr. Stanton Circumvented Riverstone's Internal Accounting Controls or Knowingly Falsified Its Books and Records

Because the SEC's Third Claim alleges fraud on the part of Mr. Pereira and Mr. Stanton, it must plead this claim with particularity. Plaintiff avers in its Third Cause of Action that Mr. Pereira and Mr. Stanton violated Section 13(b)(5) of the Exchange Act by "knowingly circumvent[ing] Riverstone's system of internal accounting controls" and Rule 12b2-1 by "knowingly falsif[ying]…or caus[ing] to be falsified, [Riverstone's] books and records." (Compl. ¶ 112.) This Claim should be dismissed because the SEC does not specify how, when, or why Mr. Pereira or Mr. Stanton allegedly circumvented the control system and what controls were circumvented. (Compl. ¶ 5, 7, 112.) Mr. Pereira and Mr. Stanton argued in their Mot. to Dismiss that *every* allegation against Mr. Pereira and Mr. Stanton as to this Claim "indiscriminately group[s] all individual defendants into one wrongdoing monolith," thereby violating the specificity requirements of Rule 9(b). *Lubin,* 688 F.Supp. at 1443. (Mot. to Dismiss at 12-13, citing Compl. ¶¶ 5, 7, 94, 97, 112.) In its Opposition Brief, the SEC continues to make vague accusations about both defendants without any reference to its Complaint. (*See*

1  Opp'n Br. at 11.) Apparently, because the SEC recognizes that its allegations are vague, it fails
2  to direct the Court to a single fact alleged in its Complaint which gives adequate notice to Mr.
3  Pereira or Mr. Stanton of his individual wrongdoing. *Id.* No wonder, then, that the SEC argues
4  that it need only meet the more lax pleading requirement of Rule 8(e). *Id.* The Court should
5  dismiss the SEC's Third Claim for failing to satisfy Rule 9(b).

### c. The Sixth Cause of Action Fails Because the SEC Has Not Adequately Pled that Mr. Pereira or Mr. Stanton Deceived Accountants

The SEC's Sixth Claim alleges that Mr. Pereira and Mr. Stanton violated SEC Rule 13b2-2, which forbids officers and directors of issuing companies from making material misstatements or omissions to accountants in connection with audits or review or other documents required to be filed with the SEC. Even though this claim sounds in fraud, the SEC fails to assert necessary details to support its claim. The SEC contends in its Opposition Brief that it has alleged that Mr. Pereira "signed three, and [Mr.] Stanton…signed two letters to the accountants that made false statements," thereby establishing that each violated the securities law. (Opp'n Br. at 12.) The SEC, however, has not directed the Court to any allegations that do not "round up the usual suspects," and fails to allege facts pertaining to *each* Defendant. (Mot. to Dismiss at 14, citing Compl. ¶¶ 6, 52-54, 123.) By failing to point to facts in its Complaint which establish that the SEC has complied with Rule 9(b), including how Mr. Pereira or Mr. Stanton *each* allegedly made misstatements to Riverstone's accountants, and when or why this occurred, Plaintiff cannot convincingly deny that its Complaint is deficient. The SEC's Sixth Claim fails Rule 9(b)'s heightened pleading standard and should be dismissed.

### IV. CONCLUSION

In its Opposition Brief, the SEC presents flawed legal arguments to mask its deficient pleadings and to circumvent Rule 9(b). At bottom, its lengthy investigation has failed to unearth specific facts that can be alleged against Mr. Pereira or Mr. Stanton. The Court should disregard the SEC's legal arguments and dismiss all causes of action against Mr. Pereira and Mr. Stanton. In the event that the Court does not dismiss the Complaint, Mr. Pereira and Mr. Stanton request

that the Court strike the allegations regarding each of the transactions that fail to plead any of the required facts as to them. (Compl. ¶¶ 57-91.)

Respectfully submitted,

Dated: February 2, 2007

By: /s/ Elliot R. Peters
ELLIOT R. PETERS
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

Attorney for Defendants
ROMULUS S. PEREIRA and
ROBERT B. STANTON

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I hereby certify that on February 2, 2007, I electronically filed the foregoing |
| 3 | DEFENDANTS ROMULUS S. PEREIRA'S AND ROBERT B. STANTON'S REPLY |
| 4 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO |
| 5 | DISMISS AND STRIKE with the Clerk of the Court using the CM/ECF system which will send |
| 6 | notification of such filing to the following individuals at their e-mail addresses: |
| 7 | David Banie    david.banie@dlapiper.com, trina.walker@dlapiper.com |
| 8 | Angela Lucille Dunning    adunning@cooley.com, |
| 9 | Kara L. Erdodi    kara.erdodi@berliner.com, jwillson@berliner.com |
| 10 | William S. Freeman    freemanws@cooley.com, galancr@cooley.com |
| 11 | Leslie Hendrickson Hughes    hugheslj@sec.gov, pinkstonm@sec.gov |
| 12 | Terri Lea Lilley    terri.lilley@lw.com, kathryn.bowman@lw.com |
| 13 | Rachael E. Meny    rem@kvn.com, efiling@kvn.com; pal@kvn.com |
| 14 | Nicolas Morgan    nicolas.morgan@dlapiper.com, jette.brasher@dlapiper.com |
| 15 | Robert Ward Perrin    robert.perrin@lw.com, kathryn.bowman@lw.com |
| 16 | Elliot R. Peters    epeters@kvn.com, efiling@kvn.com; aap@kvn.com |
| 17 | David Priebe    david.priebe@dlapiper.com, stacy.murray@dlapiper.com |
| 18 | Lee Conan Robinson    robinsonlc@sec.gov |
| 19 | David J. Schindler    david.schindler@lw.com, terri.lilley@lw.com; |
| 20 | kathryn.bowman@lw.com |
| 21 | Shana N. Stanton    sns@kvn.com, efiling@kvn.com; lhl@kvn.com; bdl@kvn.com |
| 22 | Neal J. Stephens    nstephens@cooley.com |
| 23 | Quyen Le Ta    qta@kvn.com, llind@kvn.com; efiling@kvn.com |
| 24 | Frank R. Ubhaus    fru@berliner.com, cep@berliner.com |
| 25 | |
| 26 | Dated: February 2, 2007                              /s/ Laura Lind                        |
|    |                                                                    Laura Lind |
| 27 | |
| 28 | |