**EXHIBIT A**

1  DAVID PRIEBE (State Bar No. 148679)
   david.priebe@dlapiper.com
2  DAVID BANIE (State Bar No. 217924)
   david.banie@dlapiper.com
3  **DLA PIPER US LLP**
   2000 University Avenue
4  East Palo Alto, CA 94303-2215
   Tel: 650.833.2000
5  Fax: 650.833.2001

6  NICOLAS MORGAN (State Bar No. 166441)
   nicolas.morgan@dlapiper.com
7  **DLA PIPER US LLP**
   1999 Avenue of the Stars, Suite 400
8  Los Angeles, CA 90067-6022
   Tel: 310.595.3000
9  Fax: 310.595.3300

10 Attorneys for Defendant WILLIAM F. McFARLAND

11                    UNITED STATES DISTRICT COURT
12                    NORTHERN DISTRICT OF CALIFORNIA
13                          SAN JOSE DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. C 06-6384 CRB |
|---|---|
| Plaintiff, | **FIRST AMENDED ANSWER OF WILLIAM McFARLAND** |
| v. | |
| ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. McFARLAND, LORI H. CORNMESSER, | |
| Defendants. | |

Defendant William F. McFarland ("McFarland") hereby answers the Complaint as follows. Paragraph numbers in this document correspond to the paragraph numbers of the Complaint and respond to the allegations of that paragraph, up to the Affirmative Defenses section of this document.

For each paragraph, if an allegation is not explicitly admitted, it is denied.

1. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland admits that from August 2001 through June 2002, he served as a vice president of finance for Riverstone Networks, Inc. ("Riverstone"). McFarland admits that Riverstone was a public company whose securities were traded on the NASDAQ national market. McFarland denies the remaining allegations of this paragraph.

2. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

3. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

4. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

5. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

6. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

/////

DLA PIPER US LLP  EM\7214789.1  FIRST AMENDED ANSWER OF WILLIAM McFARLAND  C 06-6384 CRB

7. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

8. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland admits that he did not realize any profits from stock sales, bonuses, and other forms of compensation arising out of any alleged artificial inflation to Riverstone's stock price due to any alleged overstatement of revenues. McFarland denies the remaining allegations of this paragraph.

9. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

10. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

11. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

12. McFarland admits that on August 27, 2003, Riverstone filed with the Securities and Exchange Commission ("SEC" or "Plaintiff") an amended Current Report on Form 8-K/A, which speaks for itself. McFarland lacks information and belief as to the remaining allegations of this paragraph, and on that basis denies them.

13. McFarland admits that Plaintiff purports to base its Complaint on the statutes cited in this paragraph. McFarland denies the remaining allegations of this paragraph.

14. McFarland admits that the Court presently has jurisdiction over this action pursuant to the cited statutes. McFarland denies the remaining allegations of this paragraph.

15. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies

DLA PIPER US LLP    EM\7214789.1    FIRST AMENDED ANSWER OF WILLIAM McFARLAND    C 06-6384 CRB

them. McFarland denies the remaining allegations of this paragraph.

16. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland admits that this district is appropriate for venue under the cited statute. McFarland admits that he previously worked in Riverstone's principal office in Santa Clara, California. McFarland admits that he resides within this district in Santa Clara County. McFarland denies the remaining allegations of this paragraph

17. McFarland admits that intra-district assignment to the San Jose Division is proper. McFarland denies the remaining allegations of this paragraph.

18. McFarland admits that, according to Riverstone's public filings, Romulus S. Pereira served as chief executive officer, president, and as a director of Riverstone. McFarland lacks information and belief as to the remaining allegations of this paragraph, and on that basis denies them.

19. McFarland admits that, according to Riverstone's public filings, Robert B. Stanton served as Riverstone's chief financial officer and executive vice president of finance. McFarland lacks information and belief as to the remaining allegations of this paragraph, and on that basis denies them.

20. McFarland admits that, according to Riverstone's public filings, L. John Kern served as Riverstone's executive vice president of worldwide sales and service. McFarland lacks information and belief as to the remaining allegations of this paragraph, and on that basis denies them.

21. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

22. McFarland admits that as of the date of the filing of the Complaint, he was 54 years old and a resident of Campbell, California. McFarland admits that he served as a vice president of finance at Riverstone from August 2001 until June 2003, at which time he had certain responsibilities with respect with respect to Riverstone's accounting function. McFarland denies

the remaining allegations of this paragraph.

23. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

24. McFarland admits that Riverstone Networks, Inc. was a Delaware corporation with its principal office in Santa Clara, California. McFarland admits that during the relevant period, Riverstone's stock was registered with the SEC pursuant to the cited statute.

25. Admitted.

26. This paragraph states a legal conclusion to which no response is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.

27. This paragraph states a legal conclusion to which no response is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.

28. This paragraph states a legal conclusion to which no response is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them.

29. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

30. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

31. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

32. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

33. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

34. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

35. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

36. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

37. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

38. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

39. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

40. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

DLA PIPER US LLP
EM\7214789.1
FIRST AMENDED ANSWER OF WILLIAM McFARLAND    C 06-6384 CRB

41. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

42. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

43. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

44. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

45. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

46. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

47. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

48. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

49. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

50. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

51. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

52. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

53. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

54. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

55. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

56. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

57. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

58. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

59. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

60. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

61. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

62. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

63. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed

DLA PIPER US LLP
EM\7214789.1

necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

64. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

65. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

66. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

67. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

68. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

69. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

70. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

71. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

72. Denied.

73. Denied.

74. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

75. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

76. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

77. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

78. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

79. Denied.

80. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

81. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

82. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

83. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

84. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

85. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

86. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

87. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

/////

DLA PIPER US LLP
EM\7214789.1

88. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

89. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

90. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

91. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

92. Denied.

93. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

94. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

95. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

96. McFarland lacks information and belief as to the allegations of this paragraph, and on that basis denies them.

97. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

/////

98. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

99. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland admits that he did not sell Riverstone stock at artificially inflated prices, nor did he receive additional compensation as a result of any illegal conduct. McFarland denies the remaining allegations of this paragraph.

100. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

101. McFarland incorporates by reference his responses to paragraphs 1 through 100 above.

102. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

103. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

104. McFarland lacks information and belief as to the allegations of paragraph 104, and on that basis denies them.

105. McFarland lacks information and belief as to the allegations of paragraph 105, and on that basis denies them.

DLA PIPER US LLP
EM\7214789.1

106. McFarland lacks information and belief as to the allegations of paragraph 106, and on that basis denies them.

107. McFarland incorporates by reference his responses to paragraphs 1 through 100 above.

108. McFarland lacks information and belief as to the allegations of paragraph 108, and on that basis denies them.

109. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

110. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

111. McFarland incorporates by reference his responses to paragraphs 1 through 100 above.

112. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

113. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

114. McFarland incorporates by reference his responses to paragraphs 1 through 100 above.

115. McFarland lacks information and belief as to the allegations of paragraph 115, and on that basis denies them.

116. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

117. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

118. McFarland incorporates by reference his responses to paragraphs 1 through 100 above.

119. McFarland lacks information and belief as to the allegations of paragraph 119, and on that basis denies them.

120. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

121. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

122. McFarland incorporates by reference his responses to paragraphs 1 through 100 above.

123. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

124. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed

DLA PIPER US LLP

necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

125. To the extent the allegations of this paragraph are directed to parties other than McFarland, no response from McFarland is required; to the extent a response is deemed necessary, McFarland lacks information and belief as to these allegations, and on that basis denies them. McFarland denies the remaining allegations of this paragraph.

126. McFarland lacks information and belief as to the allegations of paragraph 126, and on that basis denies them.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses, McFarland alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Good Faith)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because McFarland at all times acted in good faith and with good cause.

### THIRD AFFIRMATIVE DEFENSE

(Injunctive Relief Not Warranted)

Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit of an injunction.

### FOURTH AFFIRMATIVE DEFENSE

(Penalties Not Warranted)

Plaintiff's claim for penalties is barred because any alleged violation was isolated and/or unintentional.

DLA PIPER US LLP
EM\7214789.1

## FIFTH AFFIRMATIVE DEFENSE

(No Knowledge of Any Misrepresentation or Material Omission)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because McFarland did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentation or the fact of any material omission.

## SIXTH AFFIRMATIVE DEFENSE

(Compliance with the Rules of the SEC)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because McFarland acted at all times in good faith and in conformity with the rules, regulations, orders, and/or interpretations of the SEC applicable at the relevant time.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

(No Liability for Violations of Others)

Plaintiff is barred from obtaining any relief sought against McFarland in the Complaint because, to the extent that any of the acts, omissions, or violations of law alleged in the Complaint occurred, such acts, omissions, or violations were not committed by McFarland but were committed by others.

## PRAYER FOR RELIEF

WHEREFORE, McFarland prays for relief and judgment as set forth below.

1. For judgment in his favor;
2. That Plaintiff takes nothing by means of its Complaint; and
3. For such other further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February ___, 2007      DLA PIPER US LLP

By /s/ David Priebe
DAVID PRIEBE
Attorneys for Defendant
William F. McFarland

## JURY DEMAND

Mr. McFarland demands a trial by jury.

Respectfully submitted,

Dated: February ___, 2007      DLA PIPER US LLP

By /s/ David Priebe
DAVID PRIEBE
Attorneys for Defendant
William F. McFarland