1  DAVID PRIEBE (State Bar No. 148679)
   david.priebe@dlapiper.com
2  DAVID BANIE (State Bar No. 217924)
   david.banie@dlapiper.com
3  **DLA PIPER US LLP**
   2000 University Avenue
4  East Palo Alto, CA 94303-2215
   Tel: 650.833.2000
5  Fax: 650.833.2001

6  NICOLAS MORGAN (State Bar No. 166441)
   nicolas.morgan@dlapiper.com
7  **DLA PIPER US LLP**
   1999 Avenue of the Stars, Suite 400
8  Los Angeles, CA 90067-6022
   Tel: 310.595.3000
9  Fax: 310.595.3300

10 Attorneys for Defendant WILLIAM F. McFARLAND

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. MCFARLAND, LORI H. CORNMESSER,<br><br>Defendants. | CASE NO. C 06-6384 CRB<br><br>**STIPULATION AND (PROPOSED) ORDER PERMITTING THE FILING OF THE FIRST AMENDED ANSWER OF WILLIAM MCFARLAND AND WITHDRAWING PLAINTIFF'S MOTION TO STRIKE** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Civil Local Rules 7-7 and 10.1 counsel, for plaintiff Securities and Exchange Commission ("SEC") and counsel for defendant William McFarland ("Mr. McFarland") jointly submit the following stipulation ("Stipulation") permitting Mr. McFarland to file the First Amended Answer of William McFarland attached hereto as Exhibit A ("First Amended Answer") and withdrawing the SEC's motion to strike certain affirmative defenses.

DLA PIPER US LLP

EM\7214841

-1-
STIPULATION AND PROPOSED ORDER PERMITTING THE FILING OF THE FIRST
AMENDED ANSWER OF WILLIAM MCFARLAND   -   C 06-6384 MHP

1  WHEREAS, Mr. McFarland filed his Answer to the SEC's Complaint on December 11, 2006;

3  WHEREAS, the parties thereafter commenced to meet and confer regarding the propriety of certain affirmative defenses set forth in the Answer;

5  WHEREAS, on December 20, 2006, the SEC filed its Motion to Strike Affirmative Defenses of Defendants Kern, McFarland, and Cornmesser ("Motion to Strike");

7  WHEREAS, the Motion to Strike is scheduled to be heard by the Court on March 2, 2007, at 10:00 a.m.;

9  WHEREAS, in the interest of judicial economy and avoiding the burden and expense of further argument on the Motion to Strike, and without admitting that any affirmative defense included in the answer is improper or otherwise lacks merit in any way, Mr. McFarland is prepared to amend his Answer by filing the First Amended Answer attached hereto as Exhibit A; and

14  WHEREAS, the SEC stipulates and agrees that Mr. McFarland should be permitted to file the First Amended Answer, and that the Motion to Strike should therefore be withdrawn as to McFarland upon filing of the First Amended Answer; and

17  WHEREAS, the parties stipulate that notwithstanding the non-inclusion in Amended Answer of the affirmative defense previously asserted as the Second Affirmative Defense (Reliance On Others),

- Mr. McFarland shall not be precluded from conducting discovery as to whether he acted with scienter based on the representations or actions of others in connection with the matters in this lawsuit, and arguing to the Court that his lack of scienter precludes the SEC from prevailing (in whole or in part) against him on the issues of liability and/or relief; and

- The SEC shall not be precluded from arguing to the Court that Mr. McFarland's reliance does not negate his scienter and/or that it is irrelevant (in whole or in part) to it prevailing against Mr. McFarland on the issues of liability and/or relief;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties hereto through their respective attorneys of record that:

1. Mr. McFarland shall file the First Amended Answer upon the Court's approval of this Stipulation And Order;
2. Upon the filing of the First Amended Answer, the SEC's Motion to Strike shall be deemed withdrawn as to Mr. McFarland.
3. Mr. McFarland shall not be precluded from conducting discovery as to whether he acted with scienter based on the representations or actions of others in connection with the matters in this lawsuit, and arguing to the Court that his lack of scienter precludes the SEC from prevailing (in whole or in part) against him on the issues of liability and/or relief. The SEC shall not be precluded from arguing to the Court that Mr. McFarland's reliance does not negate scienter and/or that it is irrelevant (in whole or in part) to it prevailing against Mr. McFarland on the issues of liability and/or relief.

Respectfully submitted,

Dated: February 15, 2007

SECURITIES EXCHANGE COMMISSION

By /s/ Leslie J. Hughes
LESLIE J. HUGHES
LEE C. ROBINSON

Attorneys for Plaintiff

\\\
\\\
\\\
\\\
\\\

| | | |
|---|---|---|
| 1 | Dated: February 15, 2007 | DLA PIPER US LLP |
| 2 | | By /s/ David Priebe |
| 3 | | DAVID PRIEBE |
| 4 | | Attorneys for Defendant William McFarland |

**ORDER**

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: February 26, 2007         By _____
                                                    HONORABLE CHARLES R. BREYER
                                                    United States District Judge

*IT IS SO ORDERED*
*Judge Charles R. Breyer*