# EXHIBIT 2

| | |
|---|---|
| **From:** | Hughes, L J. [HughesLJ@SEC.GOV] |
| **Sent:** | Monday, May 07, 2007 2:38 PM |
| **To:** | Quyen Ta; Robinson, Lee C. |
| **Cc:** | Elliot Peters; Rachael Meny; Benjamin Au |
| **Subject:** | RE: Stipulation enlarging time to file a responsive pleading |

Dear Quyen:

This is to confirm that I do not agree to an additional five weeks until June 21 for you or the other defendants to answer or respond to the first amended complaint. I think that amount of time is unreasonable. The current schedule allows all the parties to respond to the complaint before our mediation session. The amended complaint adds no new transactions, so you have had since October 2006 to discuss these issues with your clients. The current schedule allows us to resolve any motions prior to August 1 when we agreed that witness discovery would start. Extending your time to answer creates scheduling issues for me in other cases. I understand that you may file a motion for an extension, but I do not believe under the rules that an ex parte motion is appropriate.

Leslie J. Hughes
SEC Trial Counsel
303-844-1086

---

**From:** Quyen Ta [mailto:QTa@kvn.com]
**Sent:** Friday, May 04, 2007 6:16 PM
**To:** Hughes, L J.; Robinson, Lee C.
**Cc:** Elliot Peters; Rachael Meny; Benjamin Au
**Subject:** Re: Stipulation enlarging time to file a responsive pleading

Dear Leslie:

I am writing this email to confirm your position, refusing to grant us more time in responding to your 83-page, 487-paragraph first amended complaint. Based on our calculation, a responsive pleading would need to be filed with the court by May 17, 2007, which we believe does not provide us with enough time to either file a motion to dismiss or to file two answers on behalf of our clients.

We believe that our modest request for several more weeks to file our responsive pleading is reasonable, given that you will suffer no substantial harm or prejudice, and given that this modest request will have no effect on the schedule for the case. I believe we were also reasonable in trying to stipulate to a briefing schedule - should we decide to file a motion to dismiss - that would accommodate your next vacation.

As I noted to you today, it is unfortunate that you cannot extend us this courtesy -- particularly given that on December 20, 2006, we signed a stipulation providing you several more weeks to oppose our motion to dismiss because your opposition brief would be due "during a week when plaintiff's counsel will be on vacation." For your convenience, I attached this stipulation below.

Given your refusal to provide us with this modest extension to file a responsive pleading to your lengthy complaint, we are left with no other choice than to file an ex parte motion with Judge Breyer to enlarge our time. If you would like to change your position -- which would obviate the need for us to get the Court involved -- please contact me by close of business on Monday. If I do not hear from you by COB on Monday, I will assume that your position has not changed.

5/8/2007

Thank you in advance.

Sincerely,

Quyen L. Ta
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111
(415) 391-5400
qta@kvn.com

<<December Stipulation.pdf>>

This message is intended only for the use of the individual or entity to whom it is addressed. The message is confidential and may contain attorney-client information, attorney work product or other privileged information. If you are not the intended recipient, you are hereby notified that any use or dissemination of this message is strictly prohibited. If you received this message in error, please notify the sender by replying to the message. When complete, please delete the original message. Thank you.

5/8/2007