LESLIE J. HUGHES (CO Bar No. 15043) (hugheslj@sec.gov )
LEE C. ROBINSON (CO Bar No. 32734) (robinsonlc@sec.gov )
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, Colorado 80202-2656
Telephone:  (303) 844-1000
Fax: (303) 844-1068

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>PEREIRA, et al.<br><br>　　　　　　　　Defendants. | Case No. 06-CV-6384 CRB<br><br>**PLAINTIFF'S OPPOSITION TO MOTIONS OF PEREIRA, STANTON, KERN, CORNMESSER AND FELDMAN TO ENLARGE TIME TO ANSWER OR RESPOND TO AMENDED COMPLAINT**<br><br>Answers Due: May 17, 2007<br>Courtroom 8<br>Judge:  Honorable Charles R. Breyer |

Plaintiff Securities and Exchange Commission opposes the motions of defendants Pereira, Stanton, Kern, and Cornmesser to enlarge the time to answer the first amended complaint from May 17, to June 15, 2007.[1] Plaintiff similarly opposes the motion of defendant Feldman seeking an extension to June 15, 2007 to respond to the first amended complaint by filing a motion to dismiss. The defendants have not shown good cause why they are unable to answer the complaint or file a responsive pleading within the thirteen business days allowed by the Federal Rules of Civil Procedure, and the plaintiff will be prejudiced by the delay. No prior extensions have been granted to allow the defendants to answer the first amended complaint. Granting the extension will prejudice the plaintiff and delay the start of witness discovery. This opposition is supported by the Declaration of Leslie J. Hughes.

I.   Defendants have not shown good cause why an extension is warranted.

Requiring the defendants to file answers by May 17 will not prejudice them, because they have had access to the materials that form the basis for the SEC's complaint since December 20, 2006. Plaintiff filed its original complaint on October 12, 2006, which identified seventeen transactions which formed the basis for the defendants' false statements about revenues recognized by their employer, Riverstone Networks Inc. All the defendants waived service of the summons and complaint, which allowed them until December 19, 2006 to answer or respond to the original complaint. On December 19, 2006, Pereira and Stanton jointly, and Feldman separately filed motions to dismiss. The other three defendants filed answers. While defendants' motions were pending, plaintiff produced electronic copies of the 41 transcripts of investigative testimony and 611 investigative exhibits on December 20, 2006. Moreover, on March 12, 2006, plaintiff made an additional 76 boxes of accountants' records and third-party documents available to defendants in the SEC's San Francisco office for inspection and copying.

---

[1] Defendants Pereira and Stanton represent that other defendants will be joining in their motion for additional time to answer. At the time of the filing of this opposition, defendants Kern and Cornmesser had filed such motions. Defendant Feldman has filed a separate motion to extend the time to answer or file a motion to dismiss. Defendant McFarland has not yet joined in either motion. If McFarland joins in either motion, plaintiff opposes his request also.

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

1

Additionally, plaintiff made all the documents it obtained from Riverstone Networks, Inc. available to the defendants electronically, which materials were sent to defendants Pereira, Stanton, and Feldman on April 11, 2007 (although their motions to dismiss had been granted and the preparation of the amended complaint was pending), and to defendant Kern on May 7, 2007.

The three defendants' motions to dismiss were granted on March 16, 2007, in part, on the basis that the complaint did not provide sufficient detail about Pereira's and Stanton's role in, and knowledge of, thirteen transactions listed in paragraph 91 of the original complaint, or Feldman's role in providing inaccurate or misleading information to Riverstone's accountants. On April 30, 2007, plaintiff filed its first amended complaint. Although the first amend complaint is longer, contains more detail and more allegations, it addresses in essence the same transactions that were identified in the original complaint. Counsel for defendants[2] have had since October 12, 2006 to discuss these transactions with their clients, review the investigative materials, and determine whether they either admit or deny the allegations, which is all that is necessary to answer the amended complaint. In light of all the materials supplied by the Plaintiff since December 20, 2006, defendants have had ample time to understand the SEC claims against them, identify affirmative defenses, and prepare to answer the allegations. The thirteen business days provided by the Federal Rules of Civil Procedure are sufficient time within which to either admit or deny the allegations in the First Amended Complaint, or to prepare a second motion to dismiss.

Although counsel for Pereira and Stanton represents to the Court that "Both intend to Answer this lengthy Complaint and have requested several more weeks to file Answers," defense counsel's discussions with plaintiff were not limited to additional time to answer, but instead contemplated filing motions to dismiss.[3] On May 4, 2007, counsel for Pereira and Stanton telephoned plaintiff's counsel and requested an additional five weeks until June 21, 2007 to file an answer or renewed motions to dismiss. Defendants' counsel gave no reason why she was

---

[2] Defendant Kern obtained new counsel on April 2, 2007. His prior counsel had access to the materials supplied to all counsel since December 20, 2006.

[3] In a telephone conversation on May 8, 2007, counsel for defendant Kern represented that she is limiting the request to additional time to answer.

2

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

unable to meet the May 17 deadline other than the length of the amended complaint. She did not state that she is in trial or depositions during the intervening period, that she had briefs due in another case, or that she or her clients had previously scheduled appointments that required them to be out of town and made them unavailable to respond to the amended complaint. Defendants Pereira and Stanton are represented by three attorneys of record. Plaintiff's counsel objected to extending the date to June 21, 2007 because it would prejudice the plaintiff for several reasons including that the current schedule requires the defendants to answer the complaint before mediation which is set for June 8, 2007, plaintiff's counsel is scheduled to respond on June 29 to several motions to dismiss in a separate case which will make it difficult to respond to motions to dismiss filed by defendants Pereira and Stanton on June 21, and plaintiff's counsel is scheduled to be out of the office on vacation beginning June 30 and therefore would not be able to respond to a motion to dismiss by July 5. At no point during the discussions or in Ms. Ta's later email, did defendants' counsel state that she waived the defendants' right to file motions to dismiss and simply needed a modest few weeks to complete the Answer. See Friday email sent after the close of business on May 4, 2007 by Quyen Ta contained in Exhibit 2 to Defendant's Motion to Enlarge Time. Stanton and Pereira's counsel was unwilling to accept a modest extension of a week or ten days, which would have still allowed the plaintiff to see the defendants' answers before the mediation session.

By email on May 2, 2007, defendant Feldman requests an additional four weeks to submit a motion to dismiss or an answer by June 15, 2007. Feldman's counsel did not articulate any reason to justify her requested extension other than not wanting to file the response prior to the mediation. Plaintiff opposed this request for the same the reasons discussed above. See Exhibit 2 to Feldman's Motion. Plaintiff will be prejudiced in the mediation by not seeing Feldman's response to the first amended complaint prior to the mediation, the dates proposed by Feldman conflict with deadlines in other cases, and plaintiff's counsel plans to be out of the office from June 30 to July 14, 2007. The defendants have not established good cause to extend the time to answer or respond to the first amended complaint to June 15, 2007.

II.   Plaintiff will be prejudiced by granting the defendants additional time to answer.

The parties are set for mediation on June 8, 2007, which it the last day of the period set by the Stipulation and Order Selecting ADR Process, and a date selected by counsel for Pereira and Stanton. Plaintiff will be substantially prejudiced in the mediation process by negotiating a settlement when the defendants have not yet filed answers to the amended complaint. The plaintiff agreed to the current date for mediation to allow it the benefit of seeing the defendants' responses before the session. Plaintiff will also be prejudiced by an extension of time for the defendants to file a motion to dismiss, because its counsel is set to respond to several motions to dismiss in another case which are due on June 29, 2007, on the same date that plaintiff's response would be due to Feldman's motion to dismiss if the extension is granted to June 15. Pereira and Stanton's initial verbal request of an extension to June 21 would have made plaintiff's response due on July 5, a date when both of plaintiff's attorneys will be out of the office on vacation. No other attorney in the office is familiar with the facts to be able to respond to such a motion in our absence. Moving responsive date into July creates scheduling problems in other cases; plaintiff's counsel has discovery obligations in another case in July and August which will be compromised by the defendants' further delay in this case.

III.   Conclusion

For the foregoing reasons, the plaintiff respectfully requests that the Court deny the defendants request to enlarge the time to Answer the first amended complaint, or in the alternative grant a limited extension to May 31, 2007, which will mitigate some of the prejudice to the plaintiff.

DATED:  May 9, 2007

Respectfully submitted,

s/Leslie J. Hughes_____

Leslie J. Hughes Esq. (Colo. 15043)
Attorney for Plaintiff
Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, CO  80202-2656
Phone (303) 844-1000   Fax (303) 844-1068

4

SEC's Opposition to Pereira and Stanton's Motion to Dismiss
Case No. 06-CV-06384 CRB

## DECLARATION OF LESLIE J. HUGHES

1. I am an attorney at law licensed to practice in the State of Colorado and employed as an attorney for the United States Securities and Exchange Commission. I represent the SEC in the current action.

2. I have personal knowledge of the facts contained in this declaration.

3. On May 2, 2007, I received an e-mail from Terri L. Lilley, counsel for Defendant Andrew Feldman, in which she requested an extension of time to June 15, 2007 to file an answer or motion to dismiss in response to the SEC's first amended complaint. On May 4, 2007, I responded to the email and denied the request for the reasons stated in the email. A correct copy Ms. Lilley's email with my email response was attached as Exhibit 2 to Feldman Ex Parte Application for An Order Enlarging Time to Respond to Plaintiff's First Amended Complaint.

4. On May 4, 2007, I responded to a telephone call from Quyen Ta, counsel for Defendants Romulus Pereira and Robert Stanton, requesting an extension to June 21, 2007 to file answers or motion to dismiss to the SEC's first amended complaint. Ms. Ta was not interested in an extension of a week or ten days because she did not want to prepare a response prior to the mediation set for June 8. I did not agree to an extension to June 21, because that date was after the date set for mediation; it made the deadline for the SEC's response on July 6, a date when I and my co-counsel are scheduled to be out of the office on vacation; and it conflicted with dates when I have several oppositions to motion to dismiss in another case due on June 29. Although Ms. Ta offered to set the hearing date for the motion to dismiss on August 17 to allow the plaintiff additional briefing time, moving the hearing date into August conflicts with the start of witness discovery in this case, and creates discovery scheduling problems in another case which has a discovery cut off on August 24, 2007.

5. The SEC will be prejudiced by extending the date to answer or file responsive pleading to June 15, 2007, because it will not have the benefit of knowing the defendants' answers to the allegations in the complaint or their position on why a motion to dismiss is warranted prior to the mediation which is set for June 8, 2007. Plaintiff's counsel will be prejudiced in responding to motions to dismiss filed on June 15, 2007, because she has entered

into a briefing schedule with defendants in another case, which will make responses to ten motions to dismiss due on June 29, 2007. Plaintiff will be prejudiced by moving the briefing into July and August because Plaintiff counsel has a discovery deadline of August 24, 2007 in another case.

6. The parties have sought no other extensions to answer or respond to the first amended complaint. An extension interferes with the current date set for mediation and will delay the beginning of fact witness discovery which the parties agreed would start on August 1, 2007.

I declare under the penalty of perjury and under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 9, 2007 in Denver, Colorado.

Dated: May 9, 2007

s/Leslie J. Hughes<br>Leslie J. Hughes

### ORDER DENYING MOTIONS TO ENLARGE TIME TO ANSWER OR RESPOND TO AMENDED COMPLAINT

The Court having considered the Defendants Romulus S. Pereira's and Robert B. Stanton's Motion to Enlarge Time to File Answers to Plaintiff's Amended Complaint, which was joined by Defendants L. John Kern and Lori H. Cornmesser, and Defendant Andrew Feldman's Ex Parte Application for An Order Enlarging Time to Respond to Plaintiff's First Amended Complaint, and the Plaintiff's Opposition to the motions, the Court finds that the defendants have not shown good cause to extend the time to answer or respond to the first amended complaint and that the plaintiff will be prejudiced by further delay.

IT IS ORDERED that Defendants' Motions are DENIED. Defendants shall move to dismiss, answer or otherwise respond to Plaintiff's First Amended Complaint on or before May 17, 2007.

DATED:

By:_____
CHARLES R. BREYER
United States District Judge

# CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2007, I electronically filed the foregoing Plaintiff's Opposition To Motions Of Pereira, Stanton, Kern, Cornmesser And Feldman To Enlarge Time To Answer Or Respond To Amended Complaint, Declaration of Leslie J. Hughes, and proposed Order Denying Motions To Enlarge Time To Answer Or Respond To Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following individuals at their e-mail addresses:

David Banie    david.banie@dlapiper.com

Nanci L. Clarence    nclarence@clarencedyer.com

Kate Dyer    kdyer@clarencedyer.com

Kara L. Erdodi    kara.erdodi@berliner.com,

Rachael E. Meny    rem@kvn.com,

Nicolas Morgan    nicolas.morgan@dlapiper.com,

Robert Ward Perrin    robert.perrin@lw.com

Elliot R. Peters    erp@kvn.com,

David Priebe    david.priebe@dlapiper.com

Lee Conan Robinson    robinsonlc@sec.gov

David J. Schindler    david.schindler@lw.com, terri.lilley@lw.com,

Quyen Le Ta    qta@kvn.com

Frank R. Ubhaus    fru@berliner.com, cep@berliner.com

DATED: May 9, 2007

                                            s/Leslie J. Hughes
                                            Leslie J. Hughes