UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROMULUS S. PEREIRA,<br>ROBERT B. STANTON,<br>L. JOHN KERN,<br>ANDREW D. FELDMAN,<br>WILLIAM F. McFARLAND,<br>LORI H. CORNMESSER,<br><br>Defendants. | Case No. C 06-6384 CRB |

### CONSENT OF ROBERT B. STANTON

1. Defendant Robert B. Stanton waives service of a summons and acknowledges having been served with the First Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the First Amended Complaint (except as to personal and subject matter jurisdiction, which Mr. Stanton admits), Mr. Stanton hereby consents to the entry of the Order for Permanent Injunction and Other Relief Against Robert B. Stanton in the form attached hereto (the "Order for Permanent Injunction") and incorporated by reference herein, which, among other things:

   (a) Permanently restrains and enjoins Mr. Stanton from violating Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rules 10b-5, 13b2-1 and 13b2-2 thereunder [17 C.F.R. §§ 240.10b-5, 13b2-1,

Stanton Consent To Permanent Injunction                Case No. C 06-6384

399895.01

and 13b2-2], and from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B)(ii) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)(ii)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13];

(b) Orders Mr. Stanton to pay disgorgement in the amount of $175,000 (one hundred and seventy-five thousand dollars);

(c) Orders Mr. Stanton to pay a civil penalty in the amount of $75,000 (seventy-five thousand dollars) under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

(d) Orders Robert B. Stanton to be barred for a period of five years from acting as an officer and director of a public company pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)]; and

(e) Orders Defendant to pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3. Mr. Stanton agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Order of Permanent Injunction, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Mr. Stanton further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Order of Permanent Injunction, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Mr. Stanton waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Mr. Stanton waives the right, if any, to a jury trial and to appeal from the entry of the Order for Permanent Injunction.

6. Mr. Stanton enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange

2

Stanton Consent to Permanent Injunction     Case No. C 06-6384

399895.01

Commission or any member, officer, employee, agent, or representative of the Securities and Exchange Commission to induce Mr. Stanton to enter into this Consent.

7. Mr. Stanton agrees that this Consent shall be incorporated into the Order for Permanent Injunction with the same force and effect as if fully set forth therein.

8. Mr. Stanton will not oppose the enforcement of the Order for Permanent Injunction on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Mr. Stanton waives service of the Order for Permanent Injunction and agrees that entry of the Order for Permanent Injunction by the Court and filing with the Clerk of the Court will constitute notice to Mr. Stanton of its terms and conditions. Mr. Stanton further agrees to provide counsel for the Commission, within thirty days after the Order for Permanent Injunction is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Order for Permanent Injunction.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Robert B. Stanton in this civil proceeding. Mr. Stanton acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Mr. Stanton waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Mr. Stanton further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the

399895.01

injunction in this action, Mr. Stanton understands that he shall not be permitted to contest the factual allegations of the First Amended Complaint in this action.

11. Mr. Stanton understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Mr. Stanton agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Mr. Stanton hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Mr. Stanton breaches this agreement, the Commission may petition the Court to vacate the Order for Permanent Injunction and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Mr. Stanton hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Mr. Stanton to defend against this action. For these purposes, Mr. Stanton agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Mr. Stanton (a) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (b) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (c) with respect to such notices and subpoenas, waives the territorial limits on service contained in

4

399895.01

Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Mr. Stanton's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (d) consents to personal jurisdiction over Mr. Stanton in any United States District Court for purposes of enforcing any such subpoena.

14. Mr. Stanton agrees that the Commission may present the Order for Permanent Injunction to the Court for signature and entry without further notice.

15. Mr. Stanton agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Order for Permanent Injunction.

Dated: August 3 2007

_____
Robert B. Stanton

On August 3, 2007, Robert B. Stanton, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.



_____
Notary Public
Commission expires: 10/6/09

Approved as to form:

By: _____

Elliot R. Peters
Quyen L. Ta
KEKER & VAN NEST
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Attorneys for Defendants
ROBERT B. STANTON

5

Stanton Consent to Permanent Injunction                               Case No. C 06-6384

399895.01