UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C 06-6384 CRB |
| Plaintiff, | |
| v. | |
| ROMULUS S. PEREIRA, ROBERT B. STANTON, L. JOHN KERN, ANDREW D. FELDMAN, WILLIAM F. McFARLAND, LORI H. CORNMESSER, | |
| Defendants. | |

### CONSENT OF LORI H. CORNMESSER

1. Defendant Lori H. Cornmesser waives service of a summons and acknowledges having been served with the First Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over her and over the subject matter of this action.

2. Without admitting or denying the allegations of the First Amended Complaint (except as to personal and subject matter jurisdiction, which Ms. Cornmesser admits), Ms. Cornmesser hereby consents to the entry of the Order for Permanent Injunction and Other Relief Against Lori H. Cornmesser in the form attached hereto (the "Order for Permanent Injunction") and incorporated by reference herein, which, among other things:

   (a) Permanently restrains and enjoins Ms. Cornmesser from violating Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1], and from aiding and abetting

any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A), and Rule 13b2-2 thereunder [17 C.F.R. §§ 240.13b2-2];

    (b)    Orders Ms. Cornmesser to pay disgorgement and prejudgment interest totaling $23,179 (twenty-three thousand one hundred seventy-nine dollars), but does not impose a civil penalty; and

    (c)    Orders Ms. Cornmesser to pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

    3.    Ms. Cornmesser waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

    4.    Ms. Cornmesser waives the right, if any, to a jury trial and to appeal from the entry of the Order for Permanent Injunction.

    5.    Ms. Cornmesser enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission or any member, officer, employee, agent, or representative of the Securities and Exchange Commission to induce Ms. Cornmesser to enter into this Consent.

    6.    Ms. Cornmesser agrees that this Consent shall be incorporated into the Order for Permanent Injunction with the same force and effect as if fully set forth therein.

    7.    Ms. Cornmesser will not oppose the enforcement of the Order for Permanent Injunction on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

    8.    Ms. Cornmesser waives service of the Order for Permanent Injunction and agrees that entry of the Order for Permanent Injunction by the Court and filing with the Clerk of the Court will constitute notice to Ms. Cornmesser of its terms and conditions. Ms. Cornmesser further agrees to provide counsel for the Commission, within thirty days after the Order for Permanent Injunction is filed with the Clerk of the Court, with an affidavit or declaration stating that she has received and read a copy of the Order for Permanent Injunction.

    9.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Lori H. Cornmesser in this civil proceeding. Ms. Cornmesser acknowledges that

no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Ms. Cornmesser waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Ms. Cornmesser further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Ms. Cornmesser understands that she shall not be permitted to contest the factual allegations of the First Amended Complaint in this action.

10. Ms. Cornmesser understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Ms. Cornmesser agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Ms. Cornmesser hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Ms. Cornmesser breaches this agreement, the Commission may petition the Court to vacate the Order for Permanent Injunction and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Ms. Cornmesser hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law

3
Cornmesser Consent to Permanent Injunction                              Case No. C 06-6384

to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Ms. Cornmesser to defend against this action. For these purposes, Ms. Cornmesser agrees that she is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Ms. Cornmesser (a) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (b) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (c) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (d) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Ms. Cornmesser's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (e) consents to personal jurisdiction over Ms. Cornmesser in any United States District Court for purposes of enforcing any such subpoena.

13. Ms. Cornmesser agrees that the Commission may present the Order for Permanent Injunction to the Court for signature and entry without further notice.

14. Ms. Cornmesser agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Order for Permanent Injunction.

Dated: 1-24-08

Lori H. Cornmesser

On JANUARY 24, 2008, Lori H. Cornmesser, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:



Approved as to form:

By: _____

BERLINER COHEN
FRANK R. UBHAUS (CA Bar No. 46085)
KARA L. ERDODI (CA Bar No. 221093)
Ten Almaden Boulevard, Eleventh Floor
San Jose, CA 95113-2233
Telephone: (408) 286-5800
Fax: (408) 998-5388
Attorneys for Defendant
LORI H. CORNMESSER