1

UNITED STATES DISTRICT COURT

2

NORTHERN DISTRICT OF CALIFORNIA

3

SAN FRANCISCO DIVISION

4

5

SECURITIES AND EXCHANGE                         Case No. C 06-6384 CRB
COMMISSION,

6

Plaintiff,

7

v.

8

9
ROMULUS S. PEREIRA,
ROBERT B. STANTON,
10
L. JOHN KERN,
ANDREW D. FELDMAN,
11
WILLIAM F. McFARLAND,
LORI H. CORNMESSER,
12

13

Defendants.

14

15

**ORDER OF PERMANENT INJUNCTION**

16

**AND OTHER RELIEF AGAINST ANDREW D. FELDMAN**

17

The Court finds that Plaintiff, Securities and Exchange Commission ("Commission"), has

18

filed a First Amended Complaint; and Defendant Andrew D. Feldman has entered a general

19

appearance, consented to the Court's jurisdiction over him personally and over the subject matter

20

of this action, consented to the entry of this Order of Permanent Injunction and Other Relief

21

against Andrew D. Feldman (referred to as "Order of Permanent Injunction") without admitting

22

or denying the allegations of the First Amended Complaint (except as to jurisdiction), waived

23

findings of fact and conclusions of law, and waived any right to appeal from this Order of

24

Permanent Injunction.

25

I.

26

IT IS ORDERED, ADJUDGED AND DECREED, that Andrew D. Feldman and his

27

agents, servants, employees, attorneys, and all persons in active concert or participation with him

28

who receive actual notice of this Order of Permanent Injunction by personal service or otherwise

are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Andrew D. Feldman and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] by:

    (a)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

    (b)    directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; or

    (c)    directly or indirectly making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact, to an accountant in connection with any audit, review or examination of the financial statements of an issuer or company, or the

2

1   preparation or filing of any document or report required to be filed with the

2   Commission; or

3   (d)    directly or indirectly taking any action to coerce, manipulate, mislead, or

4          fraudulently influence any independent public or certified public accountant

5          engaged in the performance of an audit or review of financial statements of an

6          issuer that are required to be filed with the Commission where that person knew

7          or should have known that such action, if successful, could result in rendering the

8          issuer's financial statements materially misleading.

9                                            III.

10      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Andrew D. Feldman

11  and his agents, servants, employees, attorneys, and all persons in active concert or participation

12  with him who receive actual notice of this Order of Permanent Injunction by personal service or

13  otherwise are permanently restrained and enjoined from aiding and abetting any violation of

14  Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and

15  78m(b)(2)(B)(ii)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20,

16  240.13a-1, and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

17  (a)    fails to file with the Commission such information, documents, or annual,

18         quarterly or periodic reports that the Commission may require or prescribe

19         pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or

20         forms promulgated thereunder; or

21  (b)    files with the Commission any information, document, or report, that contains any

22         untrue statement of a material fact, omits any material information, or otherwise

23         fails to comply with the provisions of Section 13(a) of the Exchange Act or any of

24         the rules, regulations or forms thereunder; or

25  (c)    fails to add or include, in addition to the information expressly required to be

26         included in a statement or report, such further material information as may be

27         necessary to make the required statements, in the light of the circumstances under

28         which they were made, not misleading; or

Feldman Permanent Injunction                                    Case No. C 06-6384

(d)     fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Andrew D. Feldman is liable for disgorgement of $289,507 (two hundred and eighty-nine thousand, five hundred and seven dollars), representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $106,589 (one hundred and six thousand, five hundred and eighty-nine dollars), for a total of $396,096 (three hundred and ninety-six thousand, ninety-six dollars). Andrew D. Feldman shall satisfy this obligation by paying a total of $396,096 (three hundred and ninety-six thousand, ninety-six dollars) within ten (10) business days after the date of entry of this Order of Permanent Injunction by certified check, bank cashier's check, United States postal money order or check drawn upon the trust account of Latham & Watkins, LLP payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, together with a cover letter identifying Andrew D. Feldman as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Order of Permanent Injunction. Andrew D. Feldman shall simultaneously transmit photocopies of such payment and the transmittal letter to the Securities and Exchange Commission's attorney in this action. The Securities and Exchange Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Andrew D. Feldman shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

//
//
//

4

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Andrew D. Feldman is incorporated herein with the same force and effect as if fully set forth herein, and that Andrew D. Feldman shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order for Permanent Injunction and Other Relief.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a final judgment forth with and without further notice.

Dated: _____, 2008


_____
Charles R. Breyer
UNITED STATES DISTRICT JUDGE