UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

ROMULUS S. PEREIRA,
ROBERT B. STANTON,
L. JOHN KERN,
ANDREW D. FELDMAN,
WILLIAM F. McFARLAND,
LORI H. CORNMESSER,

          Defendants.

Case No. C 06-6384 CRB

---

**ORDER OF PERMANENT INJUNCTION**

**AND OTHER RELIEF AGAINST LORI H. CORNMESSER**

The Court finds that Plaintiff, Securities and Exchange Commission ("Commission"), has filed a First Amended Complaint; and Defendant Lori H. Cornmesser has entered a general appearance, consented to the Court's jurisdiction over her personally and over the subject matter of this action, consented to the entry of this Order of Permanent Injunction and Other Relief against Lori H. Cornmesser (referred to as "Order of Permanent Injunction") without admitting or denying the allegations of the First Amended Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Order of Permanent Injunction.

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Lori H. Cornmesser and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by:

    (a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

    (b) directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lori H. Cornmesser and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by knowingly providing substantial assistance to an officer or director that:

    (a) directly or indirectly is making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact, to an accountant in connection with any audit, review or examination of the financial statements of an issuer or company, or the preparation or filing of any document or report required to be filed with the Commission; or

    (b) directly or indirectly taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of financial statements of an issuer that are required to be filed with the Commission where that person knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

2

Cornmesser Permanent Injunction                Case No. C 06-6384

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lori H. Cornmesser and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lori H. Cornmesser is liable for disgorgement of $17,054 (seventeen thousand and fifty-four dollars), representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,125 (six thousand one hundred twenty-five dollars), for a total of $23,179 (twenty-three thousand one hundred seventy-nine dollars). The Court is not ordering Ms. Cornmesser to pay a civil penalty. Lori H. Cornmesser shall satisfy her obligation by paying a total of $23,179 (twenty-three thousand one hundred seventy-nine dollars) within ten (10) business days after the date of entry of this Order of Permanent Injunction by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, together with a cover letter identifying Lori H. Cornmesser as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Order of Permanent Injunction. Lori H. Cornmesser shall simultaneously transmit photocopies of such payment and the transmittal letter to the Securities and Exchange Commission's attorney in this action. The Securities and Exchange Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lori H. Cornmesser shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Lori H. Cornmesser is incorporated herein with the same force and effect as if fully set forth herein, and that Lori H. Cornmesser shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order for Permanent Injunction and Other Relief.

VIII

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a final judgment forth with and without further notice.

Dated: _____, 2008

_____
Charles R. Breyer
UNITED STATES DISTRICT JUDGE