UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

ROMULUS S. PEREIRA,
ROBERT B. STANTON,
L. JOHN KERN,
ANDREW D. FELDMAN,
WILLIAM F. McFARLAND,
LORI H. CORNMESSER,

       Defendants.

---

Case No. C 06-6384 CRB

**ORDER OF PERMANENT INJUNCTION**

**AND OTHER RELIEF AGAINST WILLIAM F. MCFARLAND**

The Court finds that Plaintiff, Securities and Exchange Commission ("Commission"), has filed a Complaint and First Amended Complaint; and Defendant William F. McFarland has entered a general appearance, consented to the Court's jurisdiction over him personally and over the subject matter of this action, consented to the entry of this Order of Permanent Injunction and Other Relief against William F. McFarland (referred to as "Order of Permanent Injunction") without admitting or denying the allegations of the Complaint and First Amended Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Order of Permanent Injunction.

I.

IT IS ORDERED, ADJUDGED AND DECREED, that William F. McFarland and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that William F. McFarland and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] by:

    (a)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

    (b)    directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; or

    (c)    directly or indirectly making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact, to an accountant in connection with any audit, review or examination of the financial statements of an issuer or company, or the

|   |   |   |
|---|---|---|
| 1 |   | preparation or filing of any document or report required to be filed with the |
| 2 |   | Commission; or |
| 3 | (d) | directly or indirectly taking any action to coerce, manipulate, mislead, or |
| 4 |   | fraudulently influence any independent public or certified public accountant |
| 5 |   | engaged in the performance of an audit or review of financial statements of an |
| 6 |   | issuer that are required to be filed with the Commission where that person knew |
| 7 |   | or should have known that such action, if successful, could result in rendering the |
| 8 |   | issuer's financial statements materially misleading. |

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that William F. McFarland and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B)(ii) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)(ii)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

(a) fails to file with the Commission such information, documents, or annual, quarterly or periodic reports that the Commission may require or prescribe pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b) files with the Commission any information, document, or report, that contains any untrue statement of a material fact, omits any material information, or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c) fails to add or include, in addition to the information expressly required to be included in a statement or report, such further material information as may be

3

|  |     | necessary to make the required statements, in the light of the circumstances under which they were made, not misleading; or |
|  | (d) | fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or |
|  | (e) | fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and to maintain accountability of assets. |

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that William F. McFarland is liable for a civil penalty in the amount of $40,000 (forty thousand dollars) pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. William F. McFarland shall satisfy this obligation by paying a total of $40,000 (forty thousand dollars) within sixty (60) business days after the date of entry of this Order of Permanent Injunction by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, together with a cover letter identifying William F. McFarland as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Order of Permanent Injunction. William F. McFarland shall simultaneously transmit photocopies of such payment and the transmittal letter to the Securities and Exchange Commission's attorney in this action. The Securities and Exchange Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that William F. McFarland shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of William F. McFarland is incorporated herein with the same force and effect as if fully set forth herein, and that William F. McFarland shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order for Permanent Injunction and Other Relief.

## VIII

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a final judgment forth with and without further notice.

Dated: __March 24_____, 2008



_____
Charles R. Breyer
UNITED STATES DISTRICT JUDGE